1  John J.E. Markham, II (CA Bar No. 69623)
2  Email: jmarkham@markhamread.com
   Elizabeth L. Read (CA Bar No. 87618)
3  Email: eread@markhamread.com
4  MARKHAM & READ
   One Commercial Wharf West
5  Boston, Massachusetts 02110
6  Tel: (617) 523-6329
7  Fax: (617) 742-8604

8  Attorneys for Counterclaim Defendants Brent
9  Cahill, Leslie Harold Wood, Ludwig Jan
   Weimann, Mark John Erfurt, Erton Aydinol,
10 Kira Lindsay Cahill, Karen Jane Grobba-Cahill,
11 Life Tech Global, LLC, Kira Investments, LLC,
   Cahill Family Trust, and Cahill Bruce E. Trust
12

13            IN THE UNITED STATES DISTRICT COURT

14           FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                      SOUTHERN DIVISION

16

| | |
|---|---|
| 17 BRUCE CAHILL, an individual, et al., | CASE NO: 8:16-cv-00686-AG-DFM |
| 18       Plaintiffs, | **MEMORANDUM IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOCKET #44)** |
| 19 | |
| 20       -- vs. -- | |
| 21 PAUL PEJMAN EDALAT, an individual, et al., | |
| 22 | |
| 23       Defendants. | Date:   August 15, 2016 |
| 24 | Time:   10:00 a.m. |
|  | Place:  Courtroom 10D |
| 25 AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. | Honorable Andrew J. Guilford |
| 26 | United States Courthouse |
| 27 | 411 West Fourth Street |
|  | Santa Ana, CA 92701-4516 |

28

**MEMORANDUM IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOCKET #44) CASE NO: 8:16-cv-00686-AG-DFM**

1

# TABLE OF CONTENTS

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES........................3

This Motion................................................................................................4

Waiver of Service by Some of the Counterclaim Defendants...............................4

Procedural History.....................................................................................5

These Additional Counterclaim Defendants Join the Original Plaintiffs'
    Motion To Dismiss Edalat's Counterclaim........................................................7

These Counterclaim Defendants Are Remote from Any RICO or Other
    Alleged Misconduct…………….....................................................................8

CONCLUSION..........................................................................................16


# TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

**CASES**                                                     **PAGES**

Anderson v. Deloitte & Touche, 56 Cal.App.4th 1468,
    66 Cal.Rptr.2d 512 (1997) ..........................................................................9

Moore v. Kayport Package Express, Inc., 885 F.2d 531 (9th Cir.1989) ................11

Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097 (9th Cir.2003) ...........................10

**RULES**

Local Rule 8-1.......................................................................................................7

Rule 9, Fed. R. Civ. P. ......................................................................................9, 10

Rule 12(b)(1), Fed. R. Civ. P. .......................................................................4, 7, 16

Rule 12(b)(6), Fed. R. Civ. P. .......................................................................4, 8, 16

## This Motion

Counterclaim Defendants Brent Cahill, Leslie Harold Wood, Ludwig Jan Weimann, Mark John Erfurt, Erton Aydinol, Kira Lindsay Cahill, Karen Jane Grobba-Cahill, Life Tech Global, LLC, Kira Investments, LLC, Cahill Family Trust, and Cahill Bruce E. Trust (herein referred to collectively as "Counterclaim Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Counterclaim of Defendant Paul Edalat (herein "Edalat") pursuant to Rule 12(b)(1) and (6). Edalat's Counterclaim, which he calls a "Counter-Claim and Cross-Complaint" is found at Docket No. 44.

## Waiver of Service by Some of the Counterclaim Defendants

Not all Counterclaim Defendants joining in this motion have been served with the summons and the counterclaim that is the subject of this motion. However, all the Counterclaim Defendants who join in this motion and who have not been served hereby waive service of both the summons and the counterclaim and accept service, as of July 18, 2016, by having obtained a copy of both from the Pacer Docket through their undersigned counsel who has now appeared for all of them, so that they may make this motion in time for it to be heard along with similar motions (described next below) now noticed for August 15, 2016 along with the Scheduling Conference set on that date by this Court.

## Procedural History

The original Plaintiffs are Bruce Cahill, Gregory Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. (collectively, "Plaintiffs," or the "Original Plaintiffs") filed their RICO and fraud case against Paul Edalat on April 12, 2016. They amended that Compliant by a First Amended Complaint (Docket No. 14), filed on May 16, 2016, before any responsive pleading had been filed. That First Amended Complaint specifically sets forth allegations of fraud committed by defendants Edalat, Karpinski and the other Defendants in relation to obtaining and misusing investments funds relating to the funding and operation of Plaintiff Pharma Pak and in relation to certain other investment opportunities offered by Edalat and the other defendants to plaintiffs.

Defendant Karpinski answered the Plaintiffs' First Amended Complaint on June 18, 2016 (Docket No. 29) and filed a counterclaim against all the Plaintiffs (Docket No. 30) alleging "sex harassment," wrongful termination and other matters relating to her prior employment with Pharma Pak.  Plaintiffs (Counterclaim Defendants on that counterclaim) have moved to dismiss that Karpinski counterclaim for its failure to plead a jurisdictional basis and its failure to state claims upon which relief can be granted (Docket No. 52). That motion has

been noticed to be heard on Monday, August 15, 2016, the same day as the Scheduling Conference in this case has been set.

Defendant Edalat, against whom this motion to dismiss is now being made by these additional Counterclaim Defendants, filed his Answer to Plaintiffs' First Amended Complaint on June 21, 2016 (Docket No. 43). Along with his answer, Edalat filed the counterclaim (Docket No. 44). In it, he makes a failed attempt to echo the RICO claim brought by the Plaintiffs against him and his co-defendants. He names in his counterclaim the Original Plaintiffs and these additional Counterclaim Defendants. The Original Plaintiffs have already filed their motion to dismiss Edalat's counterclaims as against them (Docket No. 53) for failure to state a jurisdictional basis and to state any claim upon which relief can be granted, and their motion is noticed to be heard on August 15, 2016, the day of the Scheduling Conference and the date on which the motion to dismiss Karpinski's counterclaim is noticed to be heard.

These additional Counterclaim Defendants now make this motion to dismiss Edalat's counterclaims against them.[1] As this Court will see from the description of the Edalat counterclaims described below, Edalat has named these additional

---

[1] The above-stated recitation accounts for all the Plaintiffs, Defendants, and Counterclaim defendants except for one counterclaim defendant, the Foundation Bank, a party who is separately represented and which has not yet appeared.

Counterclaim Defendants as supposedly participating in the activities giving rise to this litigation. These should all be dismissed because the allegations against them are even more inadequate than are his counterclaim allegations against the Original Plaintiffs.

### These Additional Counterclaim Defendants Join the Original Plaintiffs' Motion To Dismiss Edalat's Counterclaim

These additional Counterclaim Defendants join in and adopt by reference the arguments of the Original Plaintiffs made in their Memorandum of Law in support of Plaintiffs' motion to dismiss Edalat's counterclaims (at Docket No. 53-1) (herein referred to as "Plaintiffs' Memo.")  As shown in Plaintiffs' Memo, Edalat's counterclaims lack the jurisdictional statement required by Local Rule 8-1, and do not make any mention of a jurisdictional basis whatsoever anywhere in the pleading. While Edalat mentions a federal "RICO" claim (Title 18 U.S.C. § 1961, *et seq*.), he fails to allege any federal jurisdictional basis and, more importantly, makes no mention of a jurisdictional basis for any of the six state claims that follow the RICO allegations.  This is grounds to dismiss these claims under Rule 12(b)(1). *See*, Plaintiffs' Memo, at section (A) of each of Parts I to VII.

Moreover, and even if Edalat could amend his counterclaim to cure the absence of any jurisdictional allegations, all the Edalat claims fail against all the

Counterclaim Defendants, pursuant to Rule 12(b)(6), for failure to state a claim. *See*, Plaintiffs' Memo at Parts I through VII.

Therefore, on the basis of the reasons set forth in the Plaintiffs' Motion alone, Edalat's claims against these additional Counterclaim Defendants should be dismissed. Moreover, immediately below, these additional Counterclaim Defendants specifically address the additional reasons why the claims should all be dismissed as against them.

## These Counterclaim Defendants Are Remote from Any RICO or Other Alleged Misconduct

Each of the allegations (and they are few indeed) against each of these moving Counterclaim Defendants is addressed separately below and they all add up to a completely insufficient pleading with respect to all of these Counterclaim Defendants.

**Brent Cahill:** the son of Plaintiff Bruce Cahill, is alleged to have "created projections relied upon by investors, created and maintained the website for Pharma Pak, Inc. (PharmaPakCA.com), earned illegitimate wages, and was directly involved in the conspiracy to defraud Pharma Pak, Inc. and investors." (Doc. 44, Counterclaim, ¶ 2). This shows no specificity nor does it suggest any damages to Edalat personally. This is equally true with Edalat's allegation (*Id.*, ¶

38c) that "Cahill, and his son Brent (employed by Pharma Pak, Inc. as a financial analyst) used the cover of Company funded meetings in Las Vegas as unauthorized, *Company funded*, vacations."

Edalat next alleges that Brent Cahill "also conspired to defraud Edalat, and fraudulently induce Edalat's further investment into the Company with the presentation of falsified accounting, along with falsified business projections." (*Id*., ¶¶ 49 and 49a) Such supposed falsifications are nowhere detailed, nor are they assigned any date, nor how they induced any reliance, even if they were true.

**Leslie Harold Wood**: Edalat alleges that "Wood earned illegitimate wages, and was directly involved in the conspiracy to defraud Pharma Pak, Inc. and investors." (*Id*., ¶3) This is too vague to mean anything nor to show any damages for which Edalat could recover. Edalat further alleges: that Wood "[w]ithout Shareholder approval, and unbeknownst to Edalat and the other Shareholders," filed a Statement of Information with the California Secretary of State on April 1, 2015, "removing Edalat as Secretary, and placing Wood as both Secretary of Pharma Pak, Inc., and Chief Financial Officer." (*Id*., ¶36(b)) This allegation fails to state any false statements by Wood on which Edalat relied or was damaged as required to plead fraud under California law and Rule 9(b).  *See, Anderson v. Deloitte & Touche*, 56 Cal.App.4th 1468, 1474, 66 Cal.Rptr.2d 512 (1997); *see*

*also*, *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir.2003)("Rule 9(b)'s particularity requirement applies to state-law causes of action.")

Edalat's additional allegations against Wood similarly fail to plead the elements of fraud and to specify "the who, what, when, where, and how" of the misconduct charged as required. *See*, Doc. 44, Counterclaim:

- At paragraphs 40; 40(e); 40(f); 47(d)(i)): Edalat alleges that Wood "conspired" with plaintiff Bruce Cahill "to defraud" the lessor of the manufacturing facility (Olen Corporation) and utility companies, and embezzled from the Pharma Pak corporate bank account without further specific allegations required to establish fraud.

- At paragraph 45, he alleges "On March 3, 2016, Cahill, Wood, and the unnamed "private investigator" told Defendant Karpinski that a "majority shareholder's vote" had dissolved the corporation. No such vote had taken place." Edalat fails to state how this was false or how this statement, made to Karpinski and not Edalat, was relied on by Edalat to his detriment. Nor was any date provided on which this alleged statement was made.

- At paragraph 48(x), he alleges that Wood "conspired" with others to make non-Pharma Pak payments through the Pharma Pak bank account

without approval. This is a "mere conclusory" allegation of fraud insufficient to state a claim of fraud. *See, Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989)

- All of the allegations against Wood taken together and viewed in the light most favorable to Edalat insufficiently state a claim of fraud as addressed at Plaintiffs' Memo, pp. 21-22.

**Ludwig Jan Weimann**: Edalat makes the conclusory allegations of fraud that Weimann "earned illegitimate wages, and was directly involved in the conspiracy to defraud Pharma Pak, Inc. and investors" (Doc. 44, Counterclaim, ¶4)  At paragraph 47 (ii) to (iv), Edalat alleges that on or about June 2015, Weimann falsely stated that he "owned" a "series of patents for among other things, transdermal patches," which he was produce to Pharma Pak and that it "was the promise of these certain Pharma Pak, Inc. patents that caused Edalat and other investors to continue funding Pharma Pak, Inc. operations."  This description is too vague to identify what patents are being discussed, it fails to state how Weimann's statements were false, insufficiently identifies the "funding" provided as a result of this alleged misrepresentation, and makes no reference to an inducement to enter any contract or transaction.

**Mark John Erfurt**: Edalat alleges that Erfurt "defrauded Pharma Pak, Inc. through illicit reimbursements and other such payments" (*Id.*, ¶5) but never identifies the specific reimbursements by dates, amounts, or how they were fraudulent. Moreover, any such "fraud" would not give rise to any claim by Edalat. Edalat also claims that Erfurt failed to disclose an alleged criminal history prior to his hiring, presumably claiming that Erfurt would not have been hired or paid by Pharma Pak if Edalat and other shareholders knew this information, but does not specifically allege that is the case. (*Id.*, ¶47(b))  Edalat fails to specify dates or other specifics demonstrating that Erfurt was requested to disclose such information and either made a misrepresentation or material omission to Edalat, that he intended to defraud Edalat, that Edalat justifiably relied on the misrepresentation or omission and was thereby damaged. Edalat also alleges that Erfurt destroyed company records and computers (*id.*) and received "grossly exaggerated compensation" (*Id.*, ¶48(g)) but gives no details to connect this to fraud or any other claim. All of these supposed wrongdoings, even if sufficiently well pleaded to withstand a motion to dismiss on their substance, and Counterclaim Defendants submit that they are not, would not give rise to any claim by Edalat, but rather by the company involved, Pharma Pak, who is a plaintiff suing Edalat.

**Ertan Aydinol**: Edalat alleges Aydinol "conspired to defraud Pharma Pak, Inc. and its investors, and further embezzled cash from the Company. Aydinol earned illegitimate wages, and further conspired to defraud Pharma Pak, Inc. and its investors" (*Id*., ¶6) At paragraph 47 (c), Edalat alleges that counterclaim defendant Aydinol had "stated to Cahill that he had been making "over $10,000 a month" at his former employer; however, Cahill never did his due diligence, and it came to light that Aydinol's actual previous salary was a fraction thereof, and Aydinol's statements were purposefully fraudulent and misleading." Edalat makes no allegation that this alleged misrepresentation was made to Edalat or that it induced Edalat to enter any contract or transaction with Aydinol that caused Edalat damage. Again, any damage, assuming the truth of any of these allegations, would vest in Pharma Pak.

**Karen Jane Grobba-Cahill**: Edalat only alleges that Mrs. Cahill " is a beneficiary of the Cahill Family Trust and Cahill Bruce E. Trust, and conspired with [plaintiff] Cahill to produce a fraudulent loan application" (*Id*., ¶7) and that she "conspired with her husband to lull Edalat into further investments of monies and resources into Pharma Pak, Inc. for her own benefit." (*Id*., ¶38(c)(1)) These two conclusory allegations on their face fail to plead the specifics of the alleged fraud as required, much less for any RICO claim, nor do they remotely complete

MEMORANDUM IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOCKET #44)
CASE NO: 8:16-cv-00686-AG-DFM

13

an adequately pleaded claim for any of the other "claims" Edalat has attempted to state.

**Kira Lindsay Cahill:** Edalat only alleges Kira Cahill, who is Plaintiff Bruce Cahill's daughter to be a beneficiary of alleged fraud and forgery (*Id.*, ¶¶ 8, 40(b)(vi)) and nothing more, clearly failing to plead any claim, much less a fraud claim against her.

**Cahill Family Trust**: Edalat alleges that this trust "is directly involved in the forgery and fraudulent loan application submitted to First Foundation Bank. (*Id.*, ¶9) As to the **Cahill Bruce E. Trust**, Edalat alleges it was "directly involved in the forgery and fraudulent loan application submitted to First Foundation Bank." (*Id.*, ¶10) Against both Trusts, Edalat then alleges that they used an allegedly forged lease to obtain a loan (*Id.*, ¶40(a)(ii)). These are conclusory allegations lacking required specification as to "who, what, when, where, and how." Moreover, there is no allegation that, even if a bank was defrauded by a false loan application (which all deny), this would create any cause of action for Edalat.

The same is true for the allegations made against counterclaim defendant **Kira Investments, LLC** against which Edalat alleges it was "involved in the forgery and recipient of illicit gains via fraudulent rent payments" connected to the alleged forged lease (¶¶11, 40(a), 40(a)(iv)(2 – 4), 40(a)(vi), 48(g)(viii), 65), but

makes no specific allegations of when Kira Investments made any misrepresentations, what they were, who they were made to, how they were fraudulent, and how Edalat relied on them to his detriment.

Finally, as to **Life Tech Global, LLC**, Edalat alleges this company "has stolen Pharma Pak, Inc. assets, cash, and intellectual property, and is the vehicle through which cross-defendants are hiding their illicit activities" (*Id.*, ¶13), without providing any specifics as to how Life Tech Global perpetrated fraud against Edalat. Edalat makes some allegations that Life Tech Global's website makes fraudulent statements (addressed at p. 23 of Plaintiffs' Memo), and otherwise makes no other fraud allegations against Life Tech Global.

As just described, Edalat's allegations against all Counterclaim Defendants fail to sufficiently state a claim of fraud to survive a motion to dismiss. While these additional Counterclaim Defendants are named in the other purported claims for relief simply as part of all "cross-defendants" there is even less of an attempt to state a claim against any of them than was the inadequate attempt in the fraud allegations applicable to either the RICO claim or the state fraud claims.

## CONCLUSION

Based on the foregoing, all of Edalat's claims against Counterclaim Defendants should be dismissed pursuant to Rule 12(b)(6), or dismissed pursuant to Rule 12(b)(1), *Fed. R. Civ. P.*

Dated:   July 18, 2016                    Respectfully submitted,

                                          MARKHAM & READ

                                          By: */s/ John J.E. Markham, II*
                                              John J.E. Markham, II
                                              Attorney for Counterclaim Defendants

# CERTIFICATE OF SERVICE

Commonwealth of Massachusetts, County of Suffolk.

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action. My business address is One Commercial Wharf West, Boston MA 02110

On July 18, 2016, I served the foregoing document described as:

**MEMORANDUM IN SUPPORT OF COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOCKET #44)**

[X] **BY ELECTRONIC MAIL via the ECF filing system on**:

Larry Rothman, Esq.
Larry Rothman and Associates
City Plaza
One City Boulevard West Suite 850
Orange, CA 92868
714-363-0220
Fax: 714-363-0229
Email: tocollect@aol.com

Lee H Durst, Esq.
The Durst Firm
220 Newport Center Drive, Suite 11285
Newport Beach, CA 92660
949-400-5068
Fax: 714-242-2096
Email: lee.durst@gmail.com

*Attorneys for Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi, Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc., LIWA, N.A., Inc., and Sentus Land Management, LLC*

Executed on July 18, 2016, in Boston, Massachusetts.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

                                           */s/ John J.E. Markham, II*
                                             John J.E. Markham, II