John J.E. Markham, II (CA Bar No. 69623)
Email: jmarkham@markhamread.com
Elizabeth L. Read (CA Bar No. 87618)
Email: eread@markhamread.com
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604

Attorneys for Plaintiffs BRUCE CAHILL, GREG CULLEN,
SHANE SCOTT, RON FRANCO, and PHARMA PAK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al.,<br><br>   Plaintiffs,<br><br>   -- vs. --<br><br>PAUL PEJMAN EDALAT, an individual, et al.,<br><br>   Defendants.<br><br>AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. | **CASE NO: 8:16-cv-00686-AG-DFM**<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)**<br><br>Date:  September 19, 2016<br>Time:  10:00 a.m.<br>Place:  Courtroom 10D<br><br>Honorable Andrew J. Guilford<br>United States Courthouse<br>411 West Fourth Street<br>Santa Ana, CA 92701-4516 |

i
**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE FIRST
AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

Plaintiffs/Counterclaim Defendants Bruce Cahill, Gregory Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. (herein referred to collectively as "Plaintiffs") respectfully submit this Memorandum of Law in support of their Motion to Strike the First Amended Counterclaim of Defendant Paul Edalat (herein "Edalat "), pursuant to Rule 12(f), *Fed. R. Civ. P*. Edalat's First Amended Counterclaim which he calls a "First Amended Counter-Claim and Cross-Complaint for Damages" in the caption of his pleading[1] is found at Docket No. 70. It is hereinafter referred to as "Edalat's new counterclaims."

## Procedural History

Plaintiffs filed their First Amended Complaint on Paul Edalat, Olivia Karpinski and others on May 16, 2016 (Doc. 14), doing so without the need for this Court's leave because, as of that date, no responsive pleading had been filed to the initial Complaint filed earlier. *See*, Fed. R. Civ. Pro. Rule 15(a)(1)(b). Edalat filed a counterclaim against Plaintiffs on June 21, 2016. (Doc. 44)  Plaintiffs filed a

---

[1] Despite Edalat's labels, the counterclaim defendants understand that Edalat, a Defendant in this action, is actually a counterclaimant making counterclaims against the Plaintiffs. Therefore, Plaintiffs treat his pleading as a counterclaim since defendants in a federal action may only make counterclaims (not crossclaims) against the plaintiffs. *See*, Rule 13, *Fed. R. Civ. P*. Thus this Memorandum refers to Edalat as a counterclaimant and the Plaintiffs as counterclaim defendants as appropriate, other than when quoting Edalat's pleading.

timely motion to dismiss his counterclaim, pursuant to Rule 12(b), *Fed. R. Civ. P.*, on July 14, 2016. (Doc. 53) On July 27, 2016, Edalat filed an "Opposition" to Plaintiffs' motion to dismiss. (Doc. 59) However, this opposition did not make any legal arguments against Plaintiffs' motion, but stated in its entirety:

> Olivia Karpinski and Paul Edalat will file First Amended Complaints in the present litigation in lieu of wasting the court time in explaining their respective positions. The new First Amended Complaints will be on file before the August 15, 2016 motions and Rule 26f Scheduling Conference.

(Doc. 59)  Thereafter, on August 9, 2016, Edalat filed his first amended counterclaim (at Doc. 70) which Plaintiffs now seek to strike.

### I. Edalat's First Amended Counterclaim Should Be Stricken Pursuant to Rule 12(f) as Untimely Under Rule 15(a)(1)

Rule 15 (a)(1) provides as follows:

> **(a) Amendments Before Trial.**
>
> (1) Amending as a Matter of Course. A party may amend its pleadings once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The court should freely give leave when justice so requires.

Under the express provisions of Rule 15(a), Edalat had 21 days after the date Plaintiffs served their motion to dismiss his counterclaim (July 14, 2016) within which to amend his pleading as a matter of course without obtaining either leave of court or the consent of other parties. That 21–day period (along with the 3 days added pursuant to Rule 6(d)) expired on August 8, 2016, however, Edalat filed his First Amended Counterclaim on August 9, 2016, after the deadline, and neither leave of court nor the consent of Plaintiffs was obtained before Edalat's amended pleading was filed. Thus, under the unequivocal terms of Rule 15(a), as set forth above, Edalat's purported First Amended Counterclaim against Plaintiffs was untimely filed.

Rule 12(f) generally is seen as the vehicle for raising this Rule 15(a)(1) untimeliness issue. *See, Larry O. Crother, Inc. v. Lexington Ins. Co*., No. 2:11-CV-00138-MCE, 2011 WL 1084201, at *1–2 (E.D. Cal. Mar. 21, 2011)(first amended complaint stricken under 12(f) as untimely under 15(a)(1)); *Fagorala v. Nationstar Mortgage*, LLC, No. C 10-1528 PJH, 2010 WL 2278722, at *1 (N.D. Cal. June 7, 2010)(plaintiff's first amended complained stricken as untimely.); *see also*, Alan Wright, 6 Federal Practice & Procedure: Civil 3d, § 1484, p. 685 (West 2010)

(" . . . if an amendment cannot be made as of right it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.")

## I.  Edalat's New Counterclaims Should Not Be Allowed Because They Would be Futile

### A. Futile Amendments Should Not Be Allowed

Plaintiffs concede that normally, this early in litigation and on a proper showing, Edalat would be "freely" allowed leave to amend under a meritorious motion to amend. Rule 15(a)(2). That is not so where they would be "futile."

It is within the Court's sound discretion whether to allow an amended pleading. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) citing *Vincent v. Trend W. Technical Corp.,* 828 F.2d 563, 570–71 (9th Cir.1987).  The Court should not grant leave to amend where the proposed pleading would be futile. *See*, *Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995). Futility alone can justify the denial of a motion for leave to amend. *Id.*

### B. Edalat's New Counterclaims Are Futile

Edalat's new counterclaims are literally a mess as even a quick read would show, and they certainly will not withstand the futility test on a motion seeking leave to amend.  These new counterclaims largely repeat what was said in his

4
**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

initial counterclaims (Doc. 44) which he withdrew after Plaintiffs' motion to dismiss them was filed at Doc. No. 53. Apart from some additional but non-curative adornments, Edalat's new counterclaims are a rehash of the old ones (at Doc. 44) and should not be allowed without insisting on a showing that they are not futile because:

(1) as with the predecessor counterclaims, these new counterclaims fail to state claims upon which relief can be granted under Rule 12(b)(6) and this is for the same reasons as stated in Plaintiffs' initial Motion to Dismiss (Doc. 53);

(2) one claim seeks to add new parties as counterclaim plaintiffs and to do so on a completely unrelated matter, which is an alleged "break-in" to a laboratory owned by an unrelated party in order to supposedly manufacture certain transdermal skin patches that can be used to medicate. These new parties are not simply free to jump in to an existing case but must seek leave on a strict showing. *See*, Rule 24(a), Fed. R. Civ. Pro.;

(3) they include state claims over which there is no federal jurisdiction because these state claims do not so relate to the federal claims that they form part of the same case or controversy within the meaning of 28

5
**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

U.S.C. §1367, thereby allowing supplemental jurisdiction for those state claims;

(4) certain of the claims seek relief by Edalat for causes of action which, if they existed, they would belong to Plaintiff Pharma Pak, not to Edalat. For example , Edalat alleges that Plaintiffs stole money from Plaintiff Pharma Pak (which is denied and will be shown to be false) and any such theft *if* it occurred would not allow any claim on behalf of Edalat; and

(5) they make a claim that one Plaintiff made a fraudulent bank loan application to a local bank even though any such fraud would, if true (which Plaintiffs deny), belong as a claim to that bank, not to Edalat.

Edalat should thus at a minimum be required to move for leave to amend to try to overcome the above-stated defects which, Plaintiffs contend, render his claims futile and thus they should not be allowed.

Plaintiffs note that another motion to dismiss Edalat's initially-filed counterclaim was filed by the eleven non-plaintiff counterclaim defendants[2] who were named by Edalat as additional parties in his initial counterclaim. That motion

---

[2] Counterclaim Defendants Brent Cahill, Leslie Harold Wood, Ludwig Jan Weimann, Mark John Erfurt, Erton Aydinol, Kira Lindsay Cahill, Karen Jane Grobba-Cahill, Life Tech Global, LLC, Kira Investments, LLC, Cahill Family Trust, and Cahill Bruce E. Trust.

6
**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

was filed on July 18, 2016 (at Doc. 55) rather than on July 14, 2016 as was the motion made by the Plaintiffs who now move to strike the new counterclaims because they are untimely filed as to them. Edalat's new counterclaims are thus timely as to those counterclaim defendants because the 21 days, plus the extra 3 for e-filing allowed under Rule 15 and Rule 6(d) and counting from July 18, 2016, would allow a filing without leave of court up until August 12, 2016. So Edalat's new counterclaims are timely as to those additional counterclaim defendants. This does not extend the time under Rule 15(a) within which these new counterclaims may be filed against Plaintiffs and therefore, the amended counterclaim should be stricken as to Plaintiffs.

As to the additionally named counterclaim defendants as to which Edalat's new counterclaims are timely filed, those parties will move to dismiss those claims under Rules 12(b)(1) and (6) and will set that motion to be heard along with this motion to strike.

## CONCLUSION

Based on the foregoing, Edalat's First Amended Counterclaim should be stricken under Rule 12(f) and Rule 15(a) and his original counterclaims should be dismissed pursuant to Rule 12(b)(1) or dismissed pursuant to Rule 12(b)(6) as set

out in Plaintiffs' Motion to Dismiss (at Doc. 53) and counterclaim defendants' Motion to Dismiss (at Doc. 55).

Dated:     August 11, 2016                    Respectfully submitted,

                                                  MARKHAM & READ

                                     By: */s/ John J.E. Markham, II*
                                         John J.E. Markham, II
                                         Attorney for Plaintiffs
                                         *Attorney for all Plaintiffs*

# CERTIFICATE OF SERVICE

Commonwealth of Massachusetts, County of Suffolk.

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action.  My business address is One Commercial Wharf West, Boston MA 02110

On August 11, 2016, I served the foregoing document described as:

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)**

[**X**] **BY ELECTRONIC MAIL via the ECF filing system on**:

Larry Rothman, Esq.
Larry Rothman and Associates
City Plaza
One City Boulevard West Suite 850
Orange, CA 92868
714-363-0220
Fax: 714-363-0229
Email: tocollect@aol.com

Lee H Durst, Esq.
The Durst Firm
220 Newport Center Drive, Suite 11285
Newport Beach, CA 92660
949-400-5068
Fax: 714-242-2096
Email: lee.durst@gmail.com

*Attorneys for Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi, Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc., LIWA, N.A., Inc., and Sentus Land Management, LLC*

Executed on August 11, 2016, in Boston, Massachusetts.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

*/s/ John J.E. Markham, II*
John J.E. Markham, II