John J.E. Markham, II (CA Bar No. 69623)
Email: jmarkham@markhamread.com
Elizabeth L. Read (CA Bar No. 87618)
Email: eread@markhamread.com
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604

Attorneys for Plaintiffs BRUCE CAHILL, GREG CULLEN,
SHANE SCOTT, RON FRANCO, and PHARMA PAK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al., ) | **CASE NO: 8:16-cv-00686-AG-DFM** |
| ) | |
| Plaintiffs, ) | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNDERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)** |
| ) | |
| -- vs. -- ) | |
| ) | |
| PAUL PEJMAN EDALAT, an individual, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | **Date:   September 19, 2016** |
| ) | **Time:   10:00 a.m.** |
| _____ ) | **Place:   Courtroom 10D** |
| ) | **Honorable Andrew J. Guilford** |
| AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. ) | **United States Courthouse** |
| ) | **411 West Fourth Street** |
| _____ ) | **Santa Ana, CA 92701-4516** |

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>**TABLE OF CONTENTS**</u>

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES......................iii

Procedural History...................................................................................1

ARGUMENT............................................................................................2

I.    The Well-Accepted Requirements for Stating a Claim.................................2

II.   Edalat's First Claim "For RICO" Fails
     (Found at Counterclaim Paras. 1-70) .........................................................2

      (A)    The General RICO Requirements Are Not Even Mentioned...........2

      (B)    Edalat's Fraud Allegations Fail to Meet Rule 9(b) Requirements......6

      (C)    The Interstate Commerce Requirement............................................10

III.  Edalat's Second Claim for "Embezzlement" Fails Under
     Rule 12(b)(6) (Found at Paras. 1-60 and 71-75) .........................................10

IV.  Edalat's Third Claim for "Breach of Contract" Fails Under Rule 12(b)(6)
     (Found at Paras. 1-60 and 76-80) .............................................................12

V.   Edalat's Fourth Claim for "Breach of Fiduciary Duties" Fails Under 12(b)(6)
     (Found at Paras. 1-60 and 81-84) .............................................................13

VI.  Edalat's Fifth Claim for "Breach of the Covenant of Good Faith and Fair
     Dealings" Fails Under Rule 12(b)(6)(Found at Paras. 1-60 and 85-88)......14

VII. Edalat's Sixth Claim for "Breach of Fiduciary Duties" Fails Under Rule
     12(b)(6) (Found at Paras. 1-60 and 89-92) .................................................15

VIII. Edalat's Seventh Claim for "Fraud" Fails Under Rule 12(b)(6)
     (Found at Paras. 1-60 and 93-97) .............................................................16

IX.   The Eighth Claim (Trespass and Theft) Fails As Asserted By an Impermissibly Joined New Party (at Paras. 1-60 and 99-101) ...................18

X.    The Eleven Newly-Added Counterclaim Defendants Should Be Dismissed For Another Reason – Their Non-Involvement..........................19

iii

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

**CASES**                                                     **PAGES**

Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010 (9th Cir.2000) ......12, 13

Anderson v. Deloitte & Touche, 56 Cal.App.4th 1468,
      66 Cal.Rptr.2d 512 (1997) .................................................................16

Ashcroft v. Iqbal, 556 U.S. 662(2009) ...................................................2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ........................................2

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336 (9th Cir. 1996)..................................2

Careau & Co. v. Security Pac. Bus. Credit, Inc., 222 Cal.App.3d 1371,
      272 Cal.Rptr. 387 (1990) ..............................................................15

Cooper v. Pickett, 137 F.3d 616 (9th Cir.1997) ...........................................17

Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541
      (9th Cir.1994)..........................................................................17

Desoto v. Condon, 371 F. App'x 822 (9th Cir. 2010) ........................................5

Donnelly v. Glickman, 159 F.3d 405 (9th Cir.1998) ........................................19

Edwards v. Marin Park, Inc., 356 F.3d 1058 (9th Cir. 2004) .............................6

Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997) ......................................3

Gautier v. General Tel. Co. 234 Cal.App.3d 302, 44 Cal. Rptr. 404 (1965)  .....12

In re Gilead Scis. Secs. Litig., 536 F.3d 1049 (9th Cir. 2008) ..............................2

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

In re WellPoint, Inc. Out-of-Network UCR Rates Litig., 865 F. Supp. 2d 1002,
        (C.D. Cal. 2011)(Gutierrez, J.) ........................................................4

Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193
        (C.D. Cal. 2008)(Morrow, J.) .........................................................3

Keel v. Schwarzenegger, CV 08–7591 RMT (VBK), 2009 WL 1444644
        (C.D.Cal. May 19, 2009)(Kenton, J.) ............................................5

Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590 (9th Cir.2010) ..........................11

Moore v. Kayport Package Express, Inc., 885 F.2d 531 (9th Cir.1989) ..............17

Mostowfi v. I2 Telecon Int'l, Inc., 269 Fed. Appx. 621 (9th Cir.2008) .................6

Musick v. Burke, 913 F.2d 1390 (9th Cir.1990) ...............................................10

Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.,
        319 F. Supp. 2d 1094 (C.D. Cal. 2003) (Baird, J) .....................................19

Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd., 790 F. Supp. 2d 1134
        (C.D. Cal. 2011) ........................................................................3

Oculus Innovative Sci., Inc. v. Nofil Corp., 2007 WL 2600746
        (N.D.Cal. 2007) .....................................................................6,15

Patent Scaffolding Co. v. William Simpson Const. Co., 256 Cal.App.2d 506,
        64 Cal.Rptr. 187 (1967) .................................................................12

Pellegrini v. Weiss, 165 Cal.App.4th 515, 81 Cal.Rptr.3d 387
        (Cal.Ct.App.2008) ........................................................................14

Reves v. Ernst & Young, 507 U.S. 170 (1993) ................................................4

Ruiz v. Gap, Inc., 622 F.Supp.2d 908 (N.D. Cal. 2008) ...…………………….13

Sogecable, SA v. NDS Grp. PLC, No. 04-56990, 2006 WL 3698713

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

(9th Cir. Dec. 13, 2006) .............................................................................4

Sparling v. Hoffman Constr. Co., 864 F.2d 635 (9th Cir.1988) ...........................5

United States v. Persico, 832 F.2d 705 (2d Cir.1987), cert. denied,
 486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988) ..........................5

United States v. Stonehill, 83 F.3d 1156 (9th Cir. 1996) ......................................6

Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097 (9th Cir.2003) ..........................17

Yourish v. Cal. Amplifier, 191 F.3d 983 (9th Cir.1999) ......................................6

Zinn v. Ex–Cell–O Corp., 148 Cal.App.2d 56, 306 P.2d 1017 (1957) .................17

**STATUTES**

18 United States Code § 1961 ...............................................................................3

18 United States Code § 1962 *et seq.*..............................................................3, 5

28 United States Code § 1347 .............................................................................19

28 United States Code § 1367..........................................................................11, n.4

California Civil Code §1572 ..............................................................................17

California Penal Code §503 ……………………………………………………11

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

**RULES**

Rule 9(b), Fed. R. Civ. P.......................................................................6, 8, 9, 10, 17

Rule 12(b)(1), Fed. R. Civ. P. ...............................................................14, 15, 16

Rule 12(b)(6), Fed. R. Civ. P. ............................................................*passim*

Rule 23.1, Fed. R. Civ. P. ....................................................................6, n. 3

Rule 24, Fed. R. Civ. P. ...........................................................................19

**OTHER AUTHORITIES**

California Civil Jury Instructions, §325 (2011)…...........................................14

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

Plaintiffs/Counterclaim Defendants Bruce Cahill, Gregory Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. (herein sometimes referred to collectively as "Plaintiffs"), along with eleven additionally-named Counterclaim Defendants,[1] respectfully submit this Memorandum in support of their Motion to Dismiss the First Amended Counterclaim (Docket No. 70) of Defendant Paul Edalat (herein "Edalat" "), pursuant to Rule 12(b), Federal Rules of Civil Procedure.

## Procedural History

This Court's Minute Order (Docket 75) summed up the procedural history leading up to the Scheduling Conference held in this case on August 15, 2016. Plaintiffs have now responded to the two Amended Counterclaims filed by Defendants Olivia Karpinski ("Karpinski") and Edalat by filing motions to strike them because they were not, as to Plaintiffs, timely filed. (*See*, Docket Nos. 72 and 73). This present motion challenges Edalat's pleading under Rule 12(b)(6) on behalf of the original Plaintiffs and the newly-added Counterclaim Defendants.

---

[1]     These include: Brent Cahill, Leslie Harold Wood, Ludwig Jan Weimann, Mark John Erfurt, Erton Aydinol, Kira Lindsay Cahill, Karen Jane Grobba-Cahill, Life Tech Global, LLC, Kira Investments, LLC, Cahill Family Trust, and Cahill Bruce E. Trust (herein referred to collectively as "Counterclaim Defendants"). The only counterclaim defendant not joining in this motion is Foundation Bank, which is separately represented.

1

**ARGUMENT**

**I. The Well-Accepted Requirements for Stating a Claim**

On a 12(b)(6) motion to dismiss, all allegations of material fact (no matter how false they are in fact) are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be facially plausible meaning that it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Edalat does not meet even this permissive standard.

**II.     Edalat's First Claim "For RICO" Fails**
**(Found at Counterclaim Paras. 1-70)**

**(A)     The General RICO Requirements Are Not Even Mentioned**

There are several well-accepted pleading requirements for any RICO claim that Edalat does not even attempt. First, Edalat's RICO claim does not specify

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL**
**COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED**
**COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)**
**CASE NO: 8:16-cv-00686-AG-DFM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14

which of the four separate subsections of the RICO statute are allegedly involved, and they are all quite different.  *See*, 18 U.S.C. 1962 §§ (a) – (d). He must do so. *See*, *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1203 (C.D. Cal. 2008)(Morrow, J.) ("[I]t is essential to plead precisely in a RICO case the enterprise alleged and the RICO section allegedly violated.")  Instead, he quotes *verbatim* the entire definition of "racketeering activity" found in 18 U.S.C §1961 and all four subsections of section 1962 (at ¶59 of his Counterclaim)[2] but does not link any part of that quote to the conduct of any counterclaim defendant, much less inform as to whether all four subsections of section 1962 are alleged against all counterclaim defendants in that long (three-page) quote.

15
16
17
18
19
20
21
22
23

In addition, Edalat fails to allege all the required elements applicable to any of the four subsections under section 1962. These are, as this Court has held:

> The elements of a civil RICO claim are simple enough: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property.

24
25
26
27
28

---

[2]   Since each of the eight separate claims alleged in Edalat's counterclaim adopts by reference the "General Allegations" stated in the first 60 paragraphs of that pleading, the "General Allegations" are treated as being a part of each of the claims throughout this Memorandum.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

*Nunag-Tanedo v. E. Baton Rouge Par. Sch. Bd.*, 790 F. Supp. 2d 1134, 1148-51 (C.D. Cal. 2011); *see also, Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1481 (9th Cir.1997) (plaintiff must allege "(1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity"). Edalat meets none of these requirements.

Edalat's RICO counterclaim fails to describe any "pattern" of racketeering activity, and indeed does not use the word "pattern" except in describing an alleged "pattern of extramarital affairs" (Doc. 70, ¶43(c)(i)), which, along with many more of his turgid allegations, has absolutely nothing to do with any RICO violation. Additionally, to allege a RICO conspiracy, as Edalat has attempted, while significant control by each counterclaim defendant is not required, "some part in directing the enterprise's affairs is required." *Sogecable, SA v. NDS Grp. PLC*, No. 04-56990, 2006 WL 3698713, at *2 (9th Cir. Dec. 13, 2006) (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). Edalat fails to allege that each counterclaim defendant had any part in directing the affairs of the alleged "enterprise." Edalat also fails to allege or described the enterprise, nor who was in the enterprise. He does not even use the term outside of quoting the RICO statute.

Edalat also fails to adequately specify any "predicate acts" at all, or even to use that term anywhere in his pleading, outside of quoting the statute. Moreover, where, as here, RICO is asserted against multiple defendants, a plaintiff must

4

allege at least two predicate acts by each defendant. *See*, *In re WellPoint, Inc. Out-of-Network UCR Rates Litig*., 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011)(Gutierrez, J.) (citing *United States v. Persico*, 832 F.2d 705, 714 (2d Cir.1987), cert. denied, 486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988)); *Keel v. Schwarzenegger*, CV 08–7591 RMT (VBK), 2009 WL 1444644, at *6 (C.D.Cal. May 19, 2009)(Kenton, J.). Edalat fails to even attempt to do so.

Finally, Edalat fails to state that he has been injured in his business or property, another RICO requirement. *See,* 18 U.S.C. § 1962. Instead he alleges that Pharma Pak was damaged. *See, e.g.,* Para. 62. Pharma Pak, a corporation, is one of the five plaintiffs suing Edalat. That aside, shareholders and limited partners (such as Edalat alleges that he is) lack standing to assert RICO claims where their harm is derivative of their corporation or partnership's harm. *Desoto v. Condon*, 371 F. App'x 822, 824 (9th Cir. 2010) citing *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640–41 (9th Cir.1988). Well-established principles of corporate law prevent a shareholder from bringing an individual direct cause of action for an injury done to

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

the corporation or its property by a third party. *United States v. Stonehill,* 83 F.3d 1156, 1160 (9th Cir. 1996).[3]

### (B) Edalat's Fraud Allegations Fail to Meet Rule 9(b) Requirements

The basis of Edalat's RICO claim and of his parallel state fraud claim (Seventh Claim) is the supposed fraud engaged in by counterclaim defendants. However, Rule 9(b)'s heightened pleading requirements relating to allegations of fraud apply. *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004). Accordingly, plaintiffs must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Mostowfi v. I2 Telecon Int'l, Inc.,* 269 Fed. Appx. 621, 623 (9th Cir.2008). In addition, a claim "must set forth what is false or misleading about a statement, and . . . an explanation as to why the statement or omission complained of was false or misleading." *Oculus Innovative Sci., Inc. v. Nofil Corp.,* 2007 WL 2600746 at *3 (N.D.Cal.2007) (quoting *Yourish v. Cal. Amplifier,* 191 F.3d 983, 993 n. 10 (9th Cir.1999)).

---

[3]      The one exception is a derivative action brought under Rule 23.1, *Fed. R. Civ. P.*, which sets forth a procedure not even attempted by Edalat.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

Edalat's wire fraud and state fraud allegations fail to allege the time, place, or specific content of any alleged misrepresentation. The allegations are vague and do not come close to defining what each counterclaim defendant is alleged to have fraudulently stated, why it was false, why it was material, when it was stated, and to whom.

The most specific fraudulent conduct alleged by Edalat is that, on January 1, 2015, Cahill allegedly forged Edalat's signature on a lease (Doc. 70, ¶45) between Scilabs Pharma, Inc. and Kira Investments, LLC for a property at 17802 Sky Park Circle, Irvine, California; that "Cahill and the Cahill Family Trust along with Cahill Bruce E. Family Trust used this lease document in or about March 2015 as part of a loan application with First Foundation Bank for $5,000,000 against the property located at 1330 Moorea Way in Laguna Beach, California, APN 641-491-03 and 641-491-02"; that through this lease, Kira Investments wrongfully received over $30,000 in rent payments and security deposits from Pharma Pak; and that [counterclaim defendant] Cullen emailed the lease to another shareholder over a year later on February 20, 2016. (*Id.*, ¶45(a)(i) to (iv).)

Cahill denies all of this, but it all fails in any event.  If any bank was induced to lend money to Cahill or others by some supposed fraudulently-made lease, that does not injure the business or property of Edalat, and he certainly does not allege

7

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

that it does. These allegations fail to state who obtained a loan, what, if any, misrepresentations were made by Cahill, the Cahill Family Trust, or the Cahill Bruce E. Family Trust as part of the loan application, or how the mail or wires were used for this supposedly fraudulent scheme.

There are a handful of other fraud allegations attempted by Edalat but these also fail to satisfy Rule 9(b). Paragraph 31 alleges that plaintiff  Bruce Cahill:

> repeatedly stated to Edalat that Cahill himself did not have the liquidity needed to fund the venture, and that outside investors would need to be sought. However, as will be illustrated further, this was a falsehood designed to fraudulently induce Edalat into diluting himself out of Pharma Pak, Inc., and to reduce Edalat's shareholder status in the Company.

However, Edalat fails anywhere to "illustrate further" how Cahill's statement was a falsehood, to what extent Edalat relied on the alleged falsehood, and was thereby damaged by it, nor how expressing the need to seek outside investors for the Pharma Pak venture was or even could be a falsehood, relied upon or detrimental.

Similarly, at paragraph 54, Edalat alleges that "Cahill and Plaintiffs, including Wood and Brent Cahill, also conspired to defraud Edalat, and fraudulently induce Edalat's further investment into the Company with the presentation of falsified accounting, along with falsified business projections."  He continues with allegations of falsified projections used as a basis for the valuation

8

of Pharma Pak, Inc. by Plaintiff Cullen, and that "Wood presented to Edalat and shareholders falsified accounting records."  (*Id.*) However, Edalat fails to allege how the accounting and projections were false, what further investment was made, what contract was entered into by Edalat in reliance on any fraudulent statement, and how Edalat was consequently damaged.

At paragraph 55(c), Edalat alleges that "Plaintiffs have, and are currently, conspiring to defraud non-plaintiff Shareholders by reassigning certain patents and trademarks as belonging to Pharma Pak, Inc." This lacks sufficient detail to plead fraud.  At paragraph 55(g)(ii), he alleges that Plaintiffs utilize a "stock photograph of a textile manufacturing facility", but absent any particularity to show why the common practice of using stock photos is a fraud that damaged Edalat, this allegation does not show fraud, much less meet the Rule 9(b) particularities. At paragraph 55(h), Edalat alleges that Life Tech Global's website statement is fraudulent because it states that "Medical devices and pharmaceutical[sic] are produced in a cGMP and CFR compliant, FDA licensed manufacturing facility" even though allegedly  "[n]o licensing exists under the Life Tech Global name, not even a business license as illustrated by Exhibit EEE, purporting to show a search of an online business license database for the City of Irvine reflecting no search

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

results." Even assuming the validity of the exhibit, this allegation fails to allege how Edalat justifiably relied on this statement nor how he was damaged by it.

This alleged fraudulent conduct fails under Rule 9(b) to state any claim.

### (C) The Interstate Commerce Requirement

Edalat fails to allege a connection with interstate commerce. *Musick v. Burke,* 913 F.2d 1390, 1398 (9th Cir. 1990) (to state a civil RICO claim, the enterprise engaged in the racketeering activity must have a nexus to interstate commerce). Nor does he allege how the instrumentalities of interstate commerce were used. Finally, Edalat only generally alleges that the counterclaim defendants "have used the wire services, the US mail services, committed bank, wire, and postal fraud in their criminal actions and activities." (*Id*., ¶ 69.) This generalized allegation is insufficient as it does not specify the date, or to whom any such communications were sent, nor that they furthered any fraud, as is required.

### III.   Edalat's Second Claim for "Embezzlement" Fails Under Rule 12(b)(6) (Found at Paras. 1-60 and 71-75)

Edalat alleges that counterclaim defendants "conspired to steal assets from "Pharma Pak." (Doc. 70, ¶71), yet Edalat fails to adequately plead any basis for

this "embezzlement" claim. Under California law,[4] embezzlement is a criminal act. Cal. Penal Code §503 ("Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted.")  There is no civil claim for embezzlement under California law. Plaintiff cites to no statute which suggests any civil cause of action for embezzlement or diversion of funds; rather he cites to the Penal Code. (*Id.*, ¶ 63)  Therefore, Edalat's claim for "embezzlement" against all counterclaim defendants should be dismissed.

Viewing the allegations in the light most favorable to Edalat, the "embezzlement" claim could be construed as one for conversion, for which Edalat must allege three elements: (1) his ownership, or right to possession, of property at the time of the conversion, (2) the counterclaim defendants' conversion, by wrongful act or disposition of property rights, and (3) damages. *See, Mindys Cosmetics, Inc. v. Dakar,* 611 F.3d 590, 601 (9th Cir. 2010).  Edalat fails to allege his ownership or right to possession of the $1,000,000.0 in cash or to any other

---

[4]      Movants assume that this Edalat counterclaim is attempted under state law. No federal embezzlement law is cited. In addition, since this Second Claim, as well as all the remaining six claims, are brought under state law, they all fail to make the supplemental jurisdictional allegations required. They do not even attempt to show that these state claims are so related to the RICO claim brought by Plaintiffs against Edalat, or even related to his defective RICO claim attempted in his First Counterclaim, that they form part of the same case or controversy as these two federal claims. *See,* 28 U.S.C. §1367 – supplemental jurisdiction.

11

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

assets he claims to have been embezzled from Pharma Pak. He specifically alleges the assets were taken from Pharma Pak (*id.*, ¶ 72) and does not explain why he has any claim to this money.

Edalat also fails to allege the basis for his claim that monies transferred from Pharma Pak to Life Tech Global was a wrongful act, why rent payments made from Pharma Pak to Kira Investments, LLC were wrongful, or why he, rather than Pharma Pak, could make a claim for lost assets of Pharma Pak.  In addition, while he complains that Plaintiff Cahill used a fake lease to secure a loan from the Foundation Bank, he offers no hint as to why he has any claim for any supposed loss by that bank from any such fraud.

## IV.    Edalat's Third Claim for "Breach of Contract" Fails Under Rule 12(b)(6) (Found at Paras. 1-60 and 76-80)

Under California law, to state a claim for breach of contract, a plaintiff must plead "the contract, plaintiffs' performance (or excuse for nonperformance), defendant's breach, and damage to plaintiff therefrom." *Gautier v. General Tel. Co.,* 234 Cal.App.2d 302, 305, 44 Cal.Rptr. 404 (1965). To establish contractual damages, a Plaintiff must establish "appreciable and actual damage." *Aguilera v. Pirelli Armstrong Tire Corp.,* 223 F.3d 1010, 1015 (9th Cir. 2000); *Patent Scaffolding Co. v. William Simpson Const. Co.,* 256 Cal.App.2d 506, 511, 64

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

Cal.Rptr. 187 (1967) ("A breach of contract without damage is not actionable."). Nominal damages, speculative harm, or threat of future harm do not suffice to show legally cognizable injury. *See, Aguilera,* 223 F.3d at 1015; *see also Ruiz v. Gap, Inc.,* 622 F.Supp.2d 908, 917 (N.D.Cal. 2009).

Edalat's "Third Claim" alleges a "contract was entered into by Cahill and Edalat to form the new corporation [Pharma Pak]" (Doc. 70, ¶ 79) but fails to identify or to attach a written contract (despite including over 70 other exhibits) and fails to identify the terms of any supposed verbal contract he claims to have been made and breached.  Edalat also fails to allege the specific damages he personally suffered as a direct result of any alleged breach by Cahill.  Moreover, Edalat specifically alleges that this supposed contract was entered between Edalat and Cahill (*id.*) and no other counterclaim defendants.  Therefore, while Edalat fails to sufficiently plead a contract claim against Cahill, he does not even attempt to plead such a claim against the other 15 counterclaim defendants.

## V.    Edalat's Fourth Claim for "Breach of Fiduciary Duties" Fails Under 12(b)(6) (Found at Paras. 1-60 and 81-84)

To state a claim for breach of fiduciary duty, under California law, a plaintiff must show (1) the existence of a fiduciary duty; (2) a breach of the fiduciary duty;

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

and (3) resulting damage. *Pellegrini v. Weiss,* 165 Cal.App.4th 515, 81 Cal.Rptr.3d 387, 397 (Cal.Ct.App. 2008).

Edalat alleges that the counterclaim defendants have breached their duties as shareholders of Pharma Pak "by stealing company assets, attempting to steal Edalat's patents, moving all of the company assets out of the Gillette Avenue office in Irvine, California, and moving operations to two new locations … [and] breached their duties when Cahill improperly sexually harassed Karpinski on numerous occasions, and fired all of the employees in retaliation for their reporting of Cross-Defendant's [sic] illegal behavior." (Doc. 70, ¶ 83)

Edalat fails to allege sufficient facts to support a claim of sexual harassment of Karpinski, or how that could rise to a breach of a fiduciary duty. Similarly, Edalat fails to allege how the alleged firing of an employee breached a duty to Edalat. He also fails to allege who specifically owed him any fiduciary duty, or why. Edalat's allegations here are thus deficient and too vague, and the claim fails.

## VI.    Edalat's Fifth Claim for "Breach of the Covenant of Good Faith and Fair Dealings" Fails Under Rule 12(b)(6) (Found at Paras. 1-60 and 85-88)

A claim for breach of the covenant of good faith and fair dealing requires the plaintiff to first adequately allege that the plaintiff and the defendant entered into a contract.  *See,* Judicial Counsel of California Civil Jury Instructions § 325 (2011);

14

*see also, Oculus Innovative Sciences, Inc., supra.,* 2007 WL 2600746, at *4 (N.D.Cal. Sept. 10, 2007).

The only contract alleged to exist in his counterclaim is the contract entered into "by Cahill and Edalat to form the new corporation [Pharma Pak]." (Doc. 44, ¶ 71.) But again, as explained at pages 11-12 above, Edalat fails to identify or to attach a written contract and fails to identify the terms of any supposed verbal contract that he claims to have been breached by Cahill.  Edalat also fails to allege the specific damages he personally suffered as a direct result of any breach by Cahill, separate and apart from the contract damages claimed earlier under his breach of contract claim. *See, Careau & Co. v. Security Pac. Bus. Credit, Inc.,* 222 Cal.App.3d 1371, 1393-95, 272 Cal.Rptr. 387 (1990)("breach of implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself .... If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded . . . ") Edalat fails in this regard as well.

**VII.   Edalat's Sixth Claim for "Breach of Fiduciary Duties" Fails Under Rule 12(b)(6) (Found at Paras. 1-60 and 89-92)**

MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM

Just like Edalat's first breach of fiduciary duty claim (the "Fourth Claim" addressed at Section V., above), this claim must be dismissed. Edalat alleges that "Cahill and the other board members" owed him a duty and breached that duty "by embezzlement of company assets and contracts and making illegal drugs on the premises without a license" (Doc. 70, ¶ 91), which he claims damaged him in an amount no less than $100,000,000 (the same amount of money he claims throughout the Counterclaim as assets stolen from Pharma Pak). Edalat fails to allege the duty owed to him. As explained above, he fails to sufficiently allege an embezzlement or conversion claim, and thus fails to plead such conduct as grounds for a breach of fiduciary duty. Finally, Edalat fails to sufficiently allege facts showing he was personally damaged by the alleged wrongful conduct.

## VIII.  Edalat's Seventh Claim for "Fraud" Fails Under Rule 12(b)(6) (Found at Paras. 1-60 and 93-97)

Under California law, the elements of fraud, are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (*i.e.,* to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Anderson v. Deloitte & Touche,* 56 Cal.App.4th 1468, 1474, 66 Cal.Rptr.2d 512 (1997). The elements of fraud in inducement of a contract are the

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

same elements as actual fraud. *See*, Cal. Civ.Code § 1572; *Zinn v. Ex–Cell–O
Corp.,* 148 Cal.App.2d 56, 68, 306 P.2d 1017 (1957).

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with
particularity. "Rule 9(b)'s particularity requirement applies to state-law causes of
action." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir.2003).
"Averments of fraud must be accompanied by 'the who, what, when, where, and
how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett,* 137 F.3d
616, 627 (9th Cir.1997)). " '[A] plaintiff must set forth more than the neutral facts
necessary to identify the transaction. The plaintiff must set forth what is false or
misleading about a statement, and why it is false.' " *Id.* at 1106 (quoting *Decker v.
GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir.1994)).
"While statements of the time, place and nature of the alleged fraudulent activities
are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport
Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989).

Like his RICO-based fraud claim (discussed at Section II. B.), Edalat's state
fraud claim fails to set forth allegations with sufficient particularity as required
under Rule 9(b).  The specific allegations asserted under Edalat's Seventh Claim
are that Edalat "entered into a group of contracts with these Cross-Defendants
which the Cross-Defendants broke because they never intended to comply with the

17
**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

terms and conditions of the contract" (Doc. 70, ¶94); that Edalat was fraudulently induced into these contracts so that counterclaim defendants "could gain control of his company, his patents and his contacts so that they could steal the company;" (*Id.*, ¶95) and he has been damaged as a direct result in an amount no less than $100,000,000. (*Id.*, ¶96)

Edalat fails to specifically identify the "group of contracts" and which counterclaim defendants were party to these contracts. He fails to specify any fraudulent statements made to induce him into entering a contract, who made each statement, when any statement was made, and how the statement was fraudulent, either by identifying the misrepresentation or material omission. Edalat repeatedly describes statements or conduct as "fraudulent" without more, which is insufficient.

## IX.   The Eighth Claim (Trespass and Theft) Fails As Asserted By an Impermissibly Joined New Party (at Paras. 1-60 and 99-101)

As if beamed down from the Starship Enterprise, the Eighth Count comes out of nowhere to allege that a newly arrived party, Medipatch, Inc. is seeking damages against all counterclaim defendants because they allegedly "broke into the Medipatch building . . . And then produced and manufactured more than 15,000 patches with a retail value $300,000.00." (Doc. 70, ¶ 99) Apart from

MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM

vaguely worded damage and brief constructive trust allegations that follow, this one paragraph trespass and theft allegation is all there is. There is no date stated, no wrongdoing parties enumerated, nor any location provided. This completely fails.

First, as a matter of jurisdiction, there is no showing, nor can it be remotely inferred, that this "trespass/theft" claim is at all related to the claims or counterclaims brought by the original plaintiffs or those asserted by Karpinski or Edalat.  No attempt was made by this newly-arrived Medipatch, Inc. to allege that its newly-added presence and claim met the test for supplemental jurisdiction under 28 U.S.C. §1347.   Second, and for the same reason, this claim cannot meet the permissive joinder requirement found in Rule 20, *Fed. R. Civ. P.,* that the Medipatch claim "arises out of the same transaction, occurrence, or series of transactions or occurrences," and will present a common question of law or fact" as presented in the other claims. Third, Medipatch did not file a motion to intervene in this action as required under Rule 24, *Fed. R. Civ. P.* nor make a showing that its intervention in this case is appropriate. *See*, *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998); *Nat'l Rural Telecommunications Co-op. v. DIRECTV, Inc.*, 319 F. Supp. 2d 1094, 1098–99 (C.D. Cal. 2003) (Baird, J)

**X.   The Eleven Newly-Added Counterclaim Defendants Should Be Dismissed For Another Reason – Their Non-Involvement**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

If ever there were a group that could be called the "kitchen sink," it is the eleven newly-added counterclaim defendants.  Each one is addressed separately:

**Leslie Harold Wood**: Edalat alleges that "Wood earned illegitimate wages, and was directly involved in the conspiracy to defraud Pharma Pak, Inc. and investors." (Doc. 70, ¶8) He further alleges that Wood "[w]ithout Shareholder approval, and unbeknownst to Edalat and the other Shareholders" filed a Statement of Information with the California Secretary of State on April 1, 2015, "removing Edalat as Secretary, and placing Wood as both Secretary of Pharma Pak, Inc., and Chief Financial Officer." (*Id.*, ¶41(b)) This allegation fails to state any false statements by Wood on which Edalat relied and was damaged, as required to plead fraud under California law and Rule 9(b).

Edalat's additional allegations against Wood similarly fail to plead the elements of fraud and to specify "the who, what, when, where, and how" of the misconduct charged, as required:

- At paragraphs 45; 45(e); 45(f); 52(d)(i)): Edalat alleges that Wood "conspired" with plaintiff Bruce Cahill "to defraud" the lessor of the manufacturing facility (Olen Corporation) and utility companies, and embezzled from the Pharma Pak corporate bank account without further specific allegations required to establish fraud.

20

- At paragraph 50, he alleges "On March 3, 2016, Cahill, Wood, and the unnamed "private investigator" told Defendant Karpinski that a "majority shareholder's vote" had dissolved the corporation. No such vote had taken place." Edalat fails to state how this alleged false statement, made to Karpinski and not Edalat, was relied on by Edalat to his detriment.

- At paragraph 53(x), he alleges that Wood "conspired" with others to make non-Pharma Pak payments through the Pharma Pak bank account without approval. This is a "mere conclusory" allegation of fraud insufficient to state a claim of fraud.

- At paragraph 54, Edalat alleges that Wood was involved in a conspiracy to defraud Edalat and "fraudulently induce Edalat's further investment into the Company with the presentation of falsified accounting, along with falsified business projections," and that "Wood presented to Edalat and shareholders falsified accounting records."  Edalat fails to allege how the accounting and projections were false, what further investment was made or contract was entered into by Edalat on the basis of any particular fraudulent statement, and how Edalat was consequently damaged.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

**Ludwig Jan Weimann**: Edalat makes the following allegations against Weimann which fail to sufficiently plead fraud.

- Edalat first makes the conclusory allegations, without the required particularity, that Weimann "was directly involved in the conspiracy to defraud Pharma Pak, Inc. and investors and sabotage Medipatch facilities." (Doc. 70, ¶9)

- At both paragraphs 35 and 52, Edalat makes allegations that Weimann fraudulently represented he owned patents, fraudulently placed patent applications in Edalat's name, that he presently conspires to reassign Pharma Pak patents to others, that Weimann was to produce a series of patents for Pharma Pak, and that it "was the promise of these certain Pharma Pak, Inc. patents that caused Edalat and other investors to continue funding Pharma Pak, Inc. operations."  The allegations are too vague to identify what patents are being discussed, fails to state how Weimann's statements were false, insufficiently identifies the "funding" provided as a result of this alleged misrepresentation, and makes no reference to an inducement to enter any contract or transaction.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

**Mark John Erfurt**: Edalat alleges that Erfurt "defrauded Pharma Pak, Inc. through illicit reimbursements and other such payments" (*Id*., ¶10) but never identifies the specific reimbursements by dates, amounts, or how they were fraudulent.  Edalat also claims that Erfurt failed to disclose an alleged criminal history prior to his hiring, presumably claiming that Erfurt would not have been hired or paid by Pharma Pak if Edalat and other shareholders knew this information, but does not specifically allege that is the case. (*Id*., ¶52(b))  In any event this would not defraud Edalat individually, nor show Edalat justifiably relied on the misrepresentation or omission and was thereby damaged. Edalat also alleges that Erfurt destroyed company records and computers (*id*.) and received "grossly exaggerated compensation" (*Id*., ¶53(g)) but gives no details to connect this to fraud or any other claim, nor alleges how it damaged him.

**Ertan Aydinol**: In addition to the Medipatch allegations addressed above, Edalat alleges Aydinol "conspired to defraud Pharma Pak, Inc. and its investors, and further embezzled cash from the Company. Aydinol earned illegitimate wages, and further conspired to defraud Pharma Pak, Inc. and its investors" (*Id*., ¶11) without the required particularity. At paragraph 52(c), Edalat alleges that counterclaim defendant Aydinol had "stated to Cahill that he had been making "over $10,000 a month" at his former employer; however, Cahill never did his due

23

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

diligence, and it came to light that Aydinol's actual previous salary was a fraction thereof, and Aydinol's statements were purposefully fraudulent and misleading." Edalat makes no allegation that this alleged misrepresentation was made to Edalat nor that it induced Edalat to enter any contract or transaction with Aydinol, causing damage.

**Karen Jane Grobba-Cahill**: Edalat only alleges that Mrs. Cahill "is a beneficiary of the Cahill Family Trust and Cahill Bruce E. Trust," "conspired with [plaintiff] Cahill to produce a fraudulent loan application" and "conspired…to lull Edalat into further investments of monies and resources into Pharma Pak, Inc. for her own benefit." (*Id*., ¶¶ 12, 43(c)(1)) These two conclusory allegations on their face fail to plead the specifics of the alleged fraud as required, much less implicate her in a RICO conspiracy.

**Kira Lindsay Cahill:** Edalat only alleges Kira Cahill was a beneficiary of alleged fraud and forgery (*Id*., ¶¶ 13, 45(a)(vi)) and nothing more, clearly failing to plead a fraud claim against her (and it appears this allegation was included only to embarrass and attack the Cahill family).

**Cahill Family Trust and the Cahill Bruce E. Trust**: Edalat alleges that these trusts are "directly involved in the forgery and fraudulent loan application submitted to First Foundation bank." (*Id*., ¶¶14, 15) Against both Trusts, Edalat

MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM

then alleges that they used an allegedly forged lease to obtain a loan (*Id*., ¶45(a)(ii)). These are merely conclusory allegations lacking required specification as to "who, what, when, where, and how."

The same is true for **Kira Investments, LLC**, which Edalat alleges was "involved in the forgery and recipient of illicit gains via fraudulent rent payments" connected to the alleged forged lease (¶¶16, 45(a), 45(a)(iv)(2 – 4), 45(a)(vi), 53(g)(viii), 73), but makes no specific allegations of when Kira Investments made any misrepresentations, what they were, who they were made to, how they were fraudulent, and how Edalat relied on them to his detriment.

Finally, as to **Life Tech Global, LLC**, Edalat alleges this company "has stolen Pharma Pak, Inc. assets, cash, and intellectual property, and is the vehicle through which cross-defendants are hiding their illicit activities" (*Id*., ¶18), without providing any specifics as to how Life Tech Global perpetrated fraud against Edalat. Edalat makes some allegations that Life Tech Global's website makes fraudulent statements (*see* Section II. B.), and otherwise makes no other fraud allegations against Life Tech Global.

For reasons stated above, Edalat's First Amended Counterclaim should be dismissed.

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

Dated:        August 22, 2016                    Respectfully submitted,

                                                 MARKHAM & READ

                                           By: */s/ John J.E. Markham, II*
                                                 John J.E. Markham, II
                                                 Attorney for Plaintiffs
                                                 *Attorney for all Plaintiffs*

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL
COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED
COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)
CASE NO: 8:16-cv-00686-AG-DFM**

## CERTIFICATE OF SERVICE

Commonwealth of Massachusetts          ) ss.
County of Suffolk.                                     )

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action.  My business address is One Commercial Wharf West, Boston MA 02110

On August 22, 2016, I served the foregoing document described as:

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)**

**[X] BY ELECTRONIC MAIL via the ECF filing system on**:

Larry Rothman, Esq.
Larry Rothman and Associates
City Plaza
One City Boulevard West Suite 850
Orange, CA 92868
714-363-0220
Fax: 714-363-0229
Email: tocollect@aol.com

Lee H Durst, Esq.
The Durst Firm
220 Newport Center Drive, Suite 11285
Newport Beach, CA 92660
949-400-5068
Fax: 714-242-2096
Email: lee.durst@gmail.com

*Attorneys for Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi,*

27

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70) CASE NO: 8:16-cv-00686-AG-DFM**

1  *Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc., LIWA, N.A., Inc., and*
2  *Sentus Land Management, LLC*

3  Executed on August 22, 2016, in Boston, Massachusetts.

4
5  I declare under penalty of perjury under the laws of the United States and the State
   of California that the above is true and correct.

6

7
                                                  */s/ John J.E. Markham, II*
8                                                John J.E. Markham, II

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                           28
28  **MEMORANDUM IN SUPPORT OF PLAINTIFFS' AND ELEVEN ADDITIONAL**
    **COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED**
    **COUNTERCLAIM OF DEFENDANT PAUL EDALAT (DOC. #70)**
    **CASE NO: 8:16-cv-00686-AG-DFM**