John J. E. Markham, II (CA Bar No. 69623)
Email: jmarkham@markhamread.com
Elizabeth L. Read (CA Bar No. 87618)
Email: eread@markhamread.com
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604

Attorneys for Plaintiffs BRUCE CAHILL, GREG CULLEN,
SHANE SCOTT, RON FRANCO, and PHARMA PAK, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al., ) | **CASE NO: 8:16-cv-00686-AG-DFM** |
| ) | |
| Plaintiffs, ) | **COUNTERCLAIM DEFENDANTS'** |
| ) | **REPLY TO THE LATE-FILED** |
| -- vs. -- ) | **OPPOSITION OF DEFENDANT** |
| ) | **PAUL EDALAT TO THE** |
| PAUL PEJMAN EDALAT, an ) | **COUNTERCLAIM DEFENDANTS'** |
| individual, et al., ) | **MOTIONS TO DISMISS** |
| ) | |
| Defendants. ) | **Date:    September 19, 2016** |
| ) | **Time:   10:00 a.m.** |
| ) | **Place:   Courtroom 10D** |
| ) | |
| AND RELATED CROSS- ) | **Honorable Andrew J. Guilford** |
| CLAIMS/COUNTERCLAIMS. ) | **United States Courthouse** |
| ) | **411 West Fourth Street** |
| ) | **Santa Ana, CA 92701-4516** |

This Reply is submitted on behalf of Plaintiffs/Counterclaim Defendants Bruce Cahill, Gregory Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. and the later-added (by Paul Edalat), eleven additional Counterclaim Defendants Brent Cahill, Leslie Harold Wood, Ludwig Jan Weimann, Mark John Erfurt, Erton Aydinol, Kira Lindsay Cahill, Karen Jane Grobba-Cahill, Life Tech Global, LLC, Kira Investments, LLC, Cahill Family Trust, and Cahill Bruce E. Trust

All these parties respectfully submit this Reply to the "Opposition To The Motions To Dismiss 1 & 2 By The Cross-Complaints Of Paul Edalat," filed at Docket No. 81 and referred to herein in as "Edalat Opposition."

Edalat's Opposition is not only too late,[1] it is too little.

**As to the Motion to Strike**

Edalat concedes that his First Amended Counterclaims, referred to as "Cross-Claims" by Edalat (Docket No. 70), was filed late. He makes no showing of any excusable neglect. Under separate headings below the Counterclaim Defendants reply to all of the arguments made by Edalat.

---

[1]    The motion to strike Edalat's counterclaims (Docket No. 73) was filed on August 11, 2016. The motion to dismiss those claims (Docket No. 78) was filed on August 22, 2016. The hearing date on both motions was set for September 19, 2016. Thus, the Edalat oppositions to both motions were due to be filed by August 29, 2016. *See*, L.R. 7-9. They were filed on September 9, 2016. This Reply is being filed on the next business day, which is the soonest it could be prepared.

1

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS**
**CASE NO: 8:16-cv-00686-AG-DFM**

## As to the Two, Newly-Added Counterclaimants

Edalat's First Amended Counterclaim seeks to add two new counterclaimants, Medipatch, Inc. ("Medipatch") and Amir Asvadi. As to the first of these, Medipatch, its newly added claim (the Eighth Claim at Docket No. 70, pp. 81 and 82) is based upon allegations completely unrelated to the issues herein, that certain counterclaim defendants "broke into the Medipatch building . . . and then produced and manufactured more than 15,000 patches with a retail value of $300,000.00." (Edalat Counterclaim, Docket No. 70, ¶ 99). This has nothing at all to do with any other allegations in either the Plaintiffs' claims or those of either Edalat or Karpinski.

In his Opposition to the motion to dismiss, to which this Memorandum replies, Edalat argues to this Court in support of Medipatch's claim that "in doing research . . . we found other victims . . . ", nothing more.   He simply ignores the points raised in the Memorandum In Support of the Motion to Dismiss (Docket No. 78) to the effect that (1) new claimants must seek leave to join under Rule 24, Fed. R. Civ. P., and no such leave was sought, (2) there is no showing, nor can there be, that this entirely unrelated allegation of a "break-in" satisfies the test for supplemental jurisdiction under 28 U.S.C. §1367 (that it must part of the same

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS**
**CASE NO: 8:16-cv-00686-AG-DFM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

controversy as the federal claims), and, (3) there is no showing that Medipatch meets the similar test for joinder under Rule 20, Fed. R. Civ. P.

     As to the other newly-added counterclaimant, Amir Asvadi, deficiencies are likewise present. All the Edalat Counterclaim alleges is that Asvadi is a shareholder in plaintiff Pharma Pak, Inc. (Edalat Counterclaim, Docket No. 70, para. 4); that Asvadi "discovered" embezzlement (*id.,* para. 45); that a lease was sent to him by Plaintiff Cullen, (*id.*, para. 45(i)); that  "Cullen agreed with non-plaintiff shareholder Amir Asvadi that the Company and fellow shareholders would not be held liable for, nor be liable for defense against, any misdeeds by Cahill (*id.*, para. 47); that Asvadi discovered Cahill's alleged "duplicity;" (*id.*, para. 54(b)); and that Asvadi has been "damaged by the actions of cross-complainants." (*Id.,* paras. 84, 88 and 90.)  While the events alleged do relate to the federal claims, they fail to state anything like a cause of action and Asvadi simply has not complied with the requirements to be added as a party, namely, that he make a showing under a motion filed in accordance with Rule 24(b)(1)(B).

     Finally, on this point, failing to make the required showings for the addition of new parties simply is not excused by Edalat's bald assertion that these requirements should be disregarded because "[W]e were trying to make matters simpler for the Court." Edalat Opposition, p. 5. The Federal Rules cannot be

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS**
**CASE NO: 8:16-cv-00686-AG-DFM**

dispensed with by such a refuge even if it were a correct analysis of what "simpler" means, in these circumstances, which, we contend, it is not.

### As to Edalat's Claims

Edalat's Opposition to the points in the Motion to Dismiss made about his claims (Claims First through Seventh) is inadequate, to say the least. Mostly, all his response does is to quote *verbatim* the statutes involved. *See*, Edalat Opposition, pp. 5-13. He cites no cases, not one, much less does he attempt to address or distinguish any of the thirty-five cases cited in the Counterclaim Defendants' Memorandum in Support of the Motion to Dismiss (Docket No. 78-1). Moreover, his quotes of these statutes are without any reference to how they justify his claims.

Apart from quoting statutes, Edalat simply makes brief and bald assertions (Edalat Opposition, pp. 3-5) that his claims are adequate, ignoring the quite specific reasons advanced in the Memorandum supporting the Motion to Dismiss as to why they are not. Specifically, Edalat does not even attempt to show that any of his counterclaims meet the objections made in Counterclaim Defendants' opening papers moving to dismiss them. Specifically as to the RICO claim (Edalat's First Claim), it fails to:

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS**
**CASE NO: 8:16-cv-00686-AG-DFM**

(1)  adequately describe any "pattern of racketeering" or describe the role of any of the counterclaim defendants in it, where such a showing is required for his RICO claim. (*See*, Docket No. 78-1, Memorandum in Support of the Motion to Dismiss, p. 4.) In fact, the term "racketeering" is not even mentioned in Edalat's First Claim, nor elsewhere in his pleading;

(2) mention, much less adequately describe, the "enterprise" involved, who are its members, or what its purpose was (*Id.*, p. 4);

(3) specify any predicate acts as such (*Id.*, p. 5);

(4) specify that he was "injured in his business or property", as required. All Edalat alleges in this regard is that the company Pharma Pak, Inc. (a plaintiff) was the subject of alleged misappropriation, an injury that, had it occurred, would not be actionable by Edalat (*Id.,* p. 5);

(5) satisfy the well-known requirement of Rule 9(g), Fed. R. Civ. P., that fraud allegations must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Mostowfi v. I2 Telecon Int'l, Inc.,* 269 Fed. Appx. 621, 623 (9th Cir. 2008), cited by Counterclaim Defendants in their motion papers  (*Id.*, p. 6); and,

(6)  comply with the requirement that fraud allegations "must set forth what is false or misleading about a statement, and . . . an explanation as to why the

5

statement or omission complained of was false or misleading." *Oculus Innovative Sci., Inc. v. Nofil Corp.,* 2007 WL 2600746 at *3 (N.D.Cal.2007), quoting *Yourish v. Cal. Amplifier,* 191 F.3d 983, 993 n. 10 (9th Cir.1999), as was pointed out in Counterclaim Defendants' motion papers.  (*Id.*, pp. 6-10.)[2]

As to his Second Claim, Edalat fails to explain how he can make a claim of "theft," or "embezzlement" of assets that his pleading acknowledges belong to plaintiff Pharma Pak, Inc., not to him (*id.*, pp. 10-12).

As to his Third and Fifth claims sounding in contract, Edalat fails to adequately plead a contract, its terms, or how he was damaged by any breach. (*id.*, p. 13 and 16).

As to his Fourth and Sixth Claims, Edalat fails to adequately allege any breach of fiduciary duties, to whom they were owed, or why, or how any *alleged* sexual discrimination against co-defendant Karpinski can amount to such a breach of fiduciary duty (*id.*, p. 13-14 and 16).

---

[2]   Edalat's defective fraud allegations not only cause his RICO claim (based on fraud) to fail, they likewise cause his state fraud claim to fail. *See*, Edalat Seventh Claim, and Counterclaim Defendants' Memorandum in Support of Motion to Dismiss, pp. 16-18.

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS**
**CASE NO: 8:16-cv-00686-AG-DFM**

In the face of all the case law cited in the motion papers on the above failures, Edalat's Opposition simply states, in one sentence dedicated to each of his eight claims, that they do indeed satisfy the requirements involved. Apart from this completely unpersuasive, empty discussion, Edalat refers this Court to his Initial Disclosures (Edalat Opposition, p. 3), as if somehow they can be allowed to fill in the blanks. Yet, as has been clear for decades, in the context of Rule 12(b)(6) motions, the pleading stands or falls on its own,[3] without assistance from a list of witnesses contained in another document that is not referenced in the Counterclaim itself, or even attached to the Opposition. Moreover, a list of witnesses cannot cure pleading defects even less glaring that those served up in Edalat's Counterclaim. Even were this Court to consider Edalat's Initial Disclosures' list of fully 100 witnesses, they would be unavailing. Numerosity cannot cure pleading defects, even if all these witnesses were helpful to Edalat's view of the world, which there is no showing that they are, and indeed they are not.

As the Motion to Dismiss Edalat's Counterclaims (at pp. 19-25) also pointed out, Edalat's addition of eleven new Counterclaims Defendants is without any

---

[3]     As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS**
**CASE NO: 8:16-cv-00686-AG-DFM**

adequately alleged factual basis, even if this Court were to allow his pleading as to the initial Plaintiffs.  Edalat makes no attempt to confront the arguments made about the complete non-involvement of these eleven new parties, as shown by the dearth of allegations made against them in Edalat's counterclaim, allegations that in turn fail to adequately state any claims against them.

Finally, at the end of his entirely inadequate Opposition (at p. 13), Edalat makes the plea that he should be allowed, yet again, to amend. This should not be allowed. The claims he attempts to make are simply implausible. He cannot realize damages for contracts that do not exist (none are attached, nor does he plead that they are oral); for alleged theft of corporate assets that are not his; for RICO damages that have not been pleaded; for a RICO claim that has now twice been pleaded without any of the well-known pleading requirements; for vague suggestions of breach of fiduciary duty claims based on air or, alternatively, based on sex discrimination allegations that cannot give rise to such claims; or for claims by newly added claimants without meeting any of the requisite factual or procedural requirements.

Edalat has now had two attempts at adequate pleading.  Counterclaim Defendants assert that he has not succeeded because he cannot succeed. Moreover, after he filed his first attempt at counterclaims (Docket No. 44, on June 21, 2016),

8

Counterclaim Defendants made motions to dismiss (Docket No. 53, filed on July 14, 2016) containing the same arguments now made to dismiss his second attempt, filed two months after he read the objections to his first counterclaims and on that basis withdrew them. Even with all the shortcomings pointed out about his first attempt, his second attempt is a rehash, containing the same weaknesses as appeared in his first attempt. This clearly shows that he cannot cobble together a plausible counterclaim because if he could, his experienced counsel would have done so by now.

Finally, the case should not be bogged down by another futile pleading exercise.

## CONCLUSION

Based upon the foregoing, Edalat's First Amended Counterclaim should be dismissed pursuant to Rule 12(b)(1) or Rule 12(b)(6), Federal Rules of Civil Procedure, for the reasons set forth in Plaintiffs/Counterclaim Defendants' Motion to Dismiss (at Docket No. 78), and/or should be stricken under Rule 12(f) and Rule 15(a), Federal Rules of Civil Procedure, as set forth in the Motion to Strike (at Docket No. 73).

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS**
**CASE NO: 8:16-cv-00686-AG-DFM**

Dated: September 12, 2016                     Respectfully submitted,

                                              MARKHAM & READ

                                              By: */s/ John J. E. Markham, II*
                                                  John J. E. Markham, II
                                                  *Attorney for Plaintiffs and*
                                                  *Counterclaim Defendants*

**COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF
DEFENDANT PAUL EDALAT TO THE COUNTERCLAIM DEFENDANTS' MOTIONS TO
DISMISS
CASE NO: 8:16-cv-00686-AG-DFM**

## <u>CERTIFICATE OF SERVICE</u>

Commonwealth of Massachusetts        ) ss,
County of Suffolk.                                   )

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action.  My business address is One Commercial Wharf West, Boston MA 02110

On September 12, 2016, I served the foregoing document described as:

### COUNTERCLAIM DEFENDANTS' REPLY TO THE LATE-FILED OPPOSITION OF DEFENDANT PAUL EDALAT TO COUNTERCLAIM DEFENDANTS' MOTIONS TO DISMISS

**[X] BY ELECTRONIC MAIL via the ECF filing system on**:

Larry Rothman, Esq.
Larry Rothman and Associates
City Plaza
One City Boulevard West Suite 850
Orange, CA 92868
714-363-0220
Fax: 714-363-0229
Email: tocollect@aol.com

Lee H Durst, Esq.
The Durst Firm
220 Newport Center Drive, Suite 11285
Newport Beach, CA 92660
949-400-5068
Fax: 714-242-2096
Email: lee.durst@gmail.com

*Attorneys for Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi, Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc., LIWA, N.A., Inc., and*

1

*Sentus Land Management, LLC*

2

3

Executed on September 12, 2016, in Boston, Massachusetts.

4

I declare under penalty of perjury under the laws of United States and the State of California that the foregoing is true and correct.

5

6

7

                     */s/ John J. E. Markham, II*
                       John J. E. Markham, II

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28