UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REGARDING MOTIONS TO DISMISS AND MOTIONS TO STRIKE

It would be helpful to repeat the somewhat confusing procedural history of the case in this Order. This case started when Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, and Ronald Franco sued Defendants Paul Pejman Edalat, Olivia Karpinski, Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc., and LIWA, N.A., Inc., alleging Defendants had defrauded Plaintiffs in violations of Federal RICO and securities laws, and in violation of California fraud laws. (Dkt. No. 1.) Plaintiffs later filed a First Amended Complaint adding Pharma Pak, Inc. as a plaintiff and Farah Barghi and Sentus Land Management, LLC as defendants. (Dkt. No. 14.)

Next, Olivia Karpinski, one of the Defendants, filed a counterclaim against all Plaintiffs. (Dkt. No. 30.) Defendant Paul Edalat then filed a claim naming all Plaintiffs and a slew of others ("Counterclaim Defendants") as defendants. (Dkt. No. 44.) A few months ago, Plaintiffs and Counterclaim Defendants filed motions to dismiss both counterclaims. But Edalat and Karpinski told the Court that they would file first amended counterclaims ("FACC") instead of opposing, so this first set of motions to dismiss became moot. Karpinski and Edalat both filed FACCs near the beginning of August. (Dkt. Nos. 68 & 70.) For brevity's sake, the Plaintiffs and Counterclaim Defendants will collectively be referred to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

as "Plaintiffs" in this Order.

Now the Court faces some motions. First, there is a motion to strike Karpinski's FACC. (Dkt. Nos. 72.) Upon closer look, it appears that this motion is actually a motion to strike and in the alternative, a motion to dismiss under rule 12(b)(6). Next there is a motion to strike Edalat's FACC. (Dkt. Nos. 73.) And finally there is a motion to dismiss Edalat's FACC under rule 12(b)(6). (Dkt. No. 78.)

The Court orders the following:

> The Court GRANTS IN PART and DENIES IN PART the motion to dismiss Karpinski's FACC. (Dkt. No. 72.)
>
> The Court DENIES the motion to strike Edalat's FACC. (Dkt. No. 73.)
>
> The Court GRANTS the motion to dismiss Edalat's FACC. (Dkt. No. 78.)
>
> Any amended countercomplaints must be filed within **14 days** of this Order.

## 1. THE MOTIONS TO STRIKE

### 1.1 Legal Standard for a Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a court can "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court can "act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id.*

"Because of the limited importance of pleadings in federal practice," motions to strike under Rule 12(f) "are disfavored." *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (quotation marks omitted) (quoting *Bureerong v. Uvawas*, 922 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

Supp. 1450, 1478 (C.D. Cal. 1996)). Matter won't be stricken from a pleading "unless it is clear" that it "could have no possible bearing on the subject matter of the litigation." *Gallardo v. AT&T Mobility, LLC* , 937 F. Supp. 2d 1128, 1134 (N.D. Cal. 2013).

### 1.2 Analysis of the Motion to Strike Karpinski's FACC

Plaintiffs ask the Court to strike Karpinski's FACC because (1) it was not timely, and (2) it is futile since it adds nothing substantively new to the original counterclaim. (Dkt. No. 72-1 at 1–2.)

The timeliness is not an issue for the Court. The first motion to dismiss Karpinski's counterclaim was filed on July 11, 2016, and the Karpinski's FACC was filed 28 days later, on August 8, 2016. While it is true that Karpinski did not amend with either the Court's leave or opposing party's consent as required under Federal Rules of Civil Procedure 15(a), the Court would have granted the leave in the interest of justice if Karpinski had asked. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir.1995).

The futility argument is stronger but the Court is not convinced. Plaintiffs point out that it is not an abuse of discretion for a district court to not allow a party to amend "when the [party] present[s] no new facts but only 'new theories' and 'provide[s] no satisfactory explanation for his failure to fully develop his contentions originally.'" *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Plaintiffs argue that Karpinski's FACC does not cure any of the problems from the original counterclaim. But the FACC does resolve the jurisdiction issue for at least two of the original claims.

The new material in the FACC appear on page 3 and pages 35 through 45. On page 3, Karpinski states that all allegations that are "directly related to the violation of 28 U.S.C. 1961, 1963, and 1964" are part of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Then on page 35, Karpinski adds a new RICO violation claim. These new

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

additions now possibly establish jurisdiction for at least the second and third counterclaims. The second claim alleges that Karpinski was wrongfully terminated for notifying her "majority shareholder of illegal activities happening at the business." (Dkt. No. 68 at 46.) The third claim alleges a breach of the covenant of good faith and fair dealing and bases this breach on Karpinski's alleged "refus[al] to violate the law." (*Id.* at 47.) The Court will exercise its discretion, Plaintiffs' motion to strike Karpinski's FACC is DENIED.

### 1.3     Analysis of the Motion to Strike Edalat's FACC

Plaintiffs ask the Court to strike Edalat's FACC for similar and additional reasons that they had for asking the Court to strike Karpinski's FACC. The Court will exercise its discretion consistent with the Federal Rules of Civil Procedure's direction to "freely grant leave" to amend pleadings and allow this amended counterclaim to remain. Fed. R. Civ. P. 15(a)(2). The Court DENIES Plaintiffs' motion to strike Edalat's FACC. We can now move on to the motions to dismiss.

## 2.     THE MOTIONS TO DISMISS

### 2.1     Legal Standard for a 12(b)(6) Motion to Dismiss

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim for relief must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.2 Analysis of the Motion to Dismiss Karpinski's FACC

Karpinski brings the following counterclaims against Plaintiffs: (1) FICO violations, (2) wrongful termination, (3) breach of the covenant of good faith and fair dealings, (4) wrongful termination (again), (5) assault, and (6) battery. Plaintiffs ask the Court to dismiss all of them under Federal Rule of Civil Procedure 12(b)(6).

#### 2.2.1 The First Counterclaim: FICO Violations

Instead of alleging which RICO sections Plaintiffs have violated, Karpinski takes up many pages to just copy and paste the definition of "racketeering activity," presumably expecting the Court to figure it all out. The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). Karpinski might meet the first element but has not made the connections between the alleged facts and the other FICO elements.

The Court GRANTS Plaintiffs' motion to dismiss Karpinski's first counterclaim WITH LEAVE TO AMEND.

#### 2.2.2 The Second Counterclaim: Wrongful Termination

Plaintiffs point out that Karpinski's "allegations are so muddled that plaintiffs are not capable of discerning how they may defend. Federal law, state common law, and the state statutes that govern the broad arena of 'wrongful termination' each require different elements of proof, implicated different defenses, and indeed some are only triggered if the defendant company has over a minimum number of employees." (*Id.* at 17.)

The Court agrees. The complaint does not allege what law this counterclaim is based on. Karpinski should not merely copy and paste the law, but should have just stated the applicable law and then applied the alleged facts to the applicable provisions of that law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

The Court GRANTS Plaintiffs' motion to dismiss Karpinski's second counterclaim WITH LEAVE TO AMEND.

### 2.2.3 The Third Counterclaim: Breach of Covenant of Good Faith and Fair Dealings

As the FACC points out, there is an implied covenant of good faith and fair dealing in every contract. In California, "the covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made* . . . It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 325, 349–50 (2000) (internal citations omitted). But what contract's implied covenant is allegedly breached here? The FACC does not say so but presumably it's the employment contract that Karpinski signed with Pharma Pak. The FACC alleges that Cahill, Scott, Cullen, and Franco all breached the implied covenant, even though only Cahill signed the employment contract (as a representative of Pharma Pak). The FACC does not allege how the other individual defendants were a party to the employment contract.

This counterclaim has some other problems. For example, the FACC alleges that defendants breached this implied covenant by firing Karpinski. "When an at-will contract exists, there can be no implied covenant not to terminate without good cause and a termination without cause will not violate the implied covenant of good faith and fair dealing." *See Salsgiver v. America Online, Inc.*, 147 F. Supp. 2d 1022, 1028 (C.D.Cal 2000) (citing *Guz*, 24 Cal. 4th at 350–51). Karpinski does not allege whether or not the employment contract was an at-will contract.

The Court GRANTS Plaintiffs' motion to dismiss Karpinski's third counterclaim WITH LEAVE TO AMEND.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.2.4 The Fourth Counterclaim: Wrongful Termination

This time the wrongful termination counterclaim is only against Cahill, not the other Plaintiffs. Karpinski alleges that she was wrongfully fired for refusing Cahill's sexual advances and for calling the police to report the defendants' alleged criminal activities. Karpinski seems to be relying on a statute, but fails to allege which applicable law Cahill violated by his actions.

The Court GRANTS Plaintiffs' motion to dismiss Karpinski's fourth counterclaim WITH LEAVE TO AMEND.

### 2.2.5 The Fifth and Sixth Counterclaims: Assault and Battery

In California, the elements of battery are: "(1) defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 748 (E.D. Cal. 2008) (citing *Tekle ex. rel. Tekle v. U.S.*, 457 F.3d 1088, 1102 (9th Cir. 2006).

The elements of assault in California are: "demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present. The tort of assault is complete when the anticipation of harm occurs. Mere words, however threatening, will not amount to an assault." *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1178 (E.D. Cal. 2011), aff'd in part, 604 F. App'x 545 (9th Cir. 2015).

There is enough in the FACC to allege the elements of both assault and battery. But the Court is concerned about whether it has subject matter jurisdiction over these two claims. The parties are not diverse and these counterclaims are obviously not federal question claims, so the only basis for jurisdiction for these two state counterclaims would be supplemental jurisdiction. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332; 28 U.S.C. § 1367.

A party may "state as a counterclaim against an opposing party any claim that is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

compulsory." Fed. R. Civ. P. 13(b). Such counterclaims are called permissive counterclaims. Permissive counterclaims include any claim that do not "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Id.* The assault and battery counterclaims are permissive, not compulsive, counterclaims. But "the determination that a counterclaim is permissive . . . is not dispositive of the constituional question whether there is a federal jurisdiction over that counterclaim." *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 990 (3rd Cir. 1984). Instead, "[p]ermissive counterclaims require an independent basis for subject matter jurisdiction." *Otsuka v. Polo Ralph Lauren Corp.*, 2008 WL 2037621 *3 (N.D.Cal. 2008) (Citing *Iglesias v. Mutual Life Ins. Co. of New York*, 156 F.3d 237, 241 (1st Cir. 1998). So if a counterclaim is permissive, "the question is whether supplemental jurisdiction exists over those claims under § 1367(a). If yes, the next question is whether the court should exercise its discretion to decline to assert supplemental jurisdiction over those claims." *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1068 (E.D. Cal. 2005).

District courts have supplemental jurisdiction over claims that are "so related to claims" where a court has original jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A court may decline to exercise supplemental jurisdiction over a counterclaim if "(1) the counterclaim raises a novel or complex issue of state law; (2) the counterclaim substantially predominates over the original claims; (3) the original claims have been dismissed; or (4) where there are exceptional circumstances or other compelling reasons to decline jurisdiction." 28 U.S.C. § 1367(c).

For now it doesn't appear improper to exercise supplemental jurisdiction over these two claims because the wrongful termination claims mentions the sexual assault and battery. More specifically, the wrongful termination counterclaim alleges that Karpinski was fired because she refused Cahill's sexual advances. But if Karpinski fails to satisfactorily amend the wrongful termination counterclaim and Plaintiffs bring a successful 12(b)(6) motion against that counterclaim, the Court would be disinclined to exercise supplemental jurisdiction over counterclaims so unrelated to the Federal RICO counterclaim.

The Court DENIES Plaintiffs' motion to dismiss Karpinski's fifth and sixth counterclaims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.3 Analysis for the Motion to Dismiss Edalat's FACC

Edalat's FACC has the following counterclaims: (1) RICO violations; (2) Embezzlement; (3) Breach of Contract; (4) Breach of Fiduciary Duties; (5) Breach of the Covenant of Good Faith and Fair Dealings; (6) Breach of Fiduciary Duties (again); (7) Fraud; and, (8) Trespass to Real Property and Theft.

Plaintiffs' motion to dismiss asks the Court to dismiss all eight claims and also asks for certain Counterclaim Defendants to be dismissed because they had nothing to do with the case.

#### 2.3.1 The First Counterclaim: FICO Violations

Edalat's FICO violation counterclaim is very similar to Karpinski's first counterclaim and so fails for the same reasons. The Court GRANTS Plaintiffs' motion to dismiss Edalat's first counterclaim WITH LEAVE TO AMEND.

#### 2.3.2 The Second Counterclaim: Embezzlement

There is no civil claim for embezzlement in California and Edalat may even be aware of this because he cites the California Penal Code to support his embezzlement counterclaim in his opposition. The Court GRANTS Plaintiffs' motion to dismiss Edalat's second counterclaim WITHOUT LEAVE TO AMEND.

#### 2.3.3 The Third Counterclaim: Breach of Contract

Edalat alleges that Cahill and Edalat entered into a contract "to form the new corporation." Edalat also alleges that Cahill and the other defendants fired Edalat and stole from the company. But so much remains unclear here. How is firing employees and stealing from a company breaching this contract? What provisions of this contract were breached? How could the other defendants be liable for breach of this contract when it appears that they were not a party to the contract? How was Edalat damaged from this alleged breach?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

The Court GRANTS Plaintiffs' motion to dismiss Edalat's third counterclaim WITH LEAVE TO AMEND.

### 2.3.4 The Fourth Counterclaim: Breach of Fiduciary Duties

Edalat alleges that Plaintiffs breached their fiduciary duties as board members "by stealing company assets, attempting to steal EDALAT's patents, moving all of the company assets out of the Gillette Avenue office in Irvine California, and moving operations to two new locations." (Dkt. No. 70 at 79.) Plaintiffs argue that this counterclaim should be dismissed because it does not allege enough facts and and doesn't allege who owed Edalat a fiduciary duty or why. The elements of breach of fiduciary duty are: "1) the existence of a fiduciary duty; 2) a breach of the fiduciary duty; and 3) resulting damage." *Pellegrini v. Weiss*, 165 Cal.App.4th 515 (2008). Edalat just concludes that he was damaged. He does not allege how these actions caused him damage.

The Court GRANTS Plaintiffs' motion to dismiss Edalat's fourth counterclaim WITH LEAVE TO AMEND.

### 2.3.5 The Fifth Counterclaim: Breach of Covenant of Good Faith and Fair Dealing

This counterclaim fails for similar reasons that Karpinski's breach of covenant of good faith and fair dealing counterclaim failed. Edalat has not satisfactorily alleged that an actual contract existed between him and Cahill. And of course Edalat has also not established that a contract existed between him and the other defendants. Additionally, no bad faith is alleged in this counterclaim.

The Court GRANTS Plaintiffs' motion to dismiss Edalat's fifth counterclaim WITH LEAVE TO AMEND.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.3.6 The Sixth Counterclaim: Breach of Fiduciary Duties (again)

Edalat's fourth counterclaim alleged "breach of fiduciary duties by cross-complainants Edalat & Asvadi against cross-defendants." Edalat's sixth counterclaim alleges "breach of fiduciary duties by cross-complainants Paul Edalat & Amir Asvadi against cross-defendants." So these two counterclaims are alleged by the same parties and against the same parties. This time the breach of fiduciary duties was allegedly caused by Plaintiffs' "embezzlement" and "making illegal drugs." There is no reason why these allegations were not brought in Edalat's fourth counterclaim. This counterclaim fails for the same reason that Edalat's fourth counterclaim failed.

The Court GRANTS Plaintiffs' motion to dismiss Edalat's sixth counterclaim WITH LEAVE TO AMEND.

### 2.3.7 The Seventh Counterclaim: Fraud

Edalat's fraud counterclaim does not satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Edalat claims that Plaintiffs "fraudulently induced [Edalat] into these contracts . . . so that they could steal the company." (Dkt. No. 70 at 81.) Edalat also alleges that Plaintiffs "entered into a group of contracts with [Edalat] which [they] broke because they never intended to comply with the terms and conditions of the contract." (*Id.*) The Court agrees with Plaintiffs that "Edalat fails to specifically identify the 'group of contracts' and which counterclaim defendants were party to these contracts. He fails to specify any fraudulent statements made to induce him into entering a contract, who made each statement, when any statement was made, and how the statement was fraudulent." (Dkt. No. 78-1 at 25.)

The Court GRANTS Plaintiffs' motion to dismiss Edalat's seventh counterclaim WITH LEAVE TO AMEND.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.3.8 The Eighth Counterclaim: Trespass and Theft

This oddball of a counterclaim is asserted by "Medipatch." Plaintiffs allegedly "broke into the Medipatch building" without the owner's permission and then "produced and manufactured more than 15,000 patches with a retail value of $300,000." (Dkt. No. 70 at 81.) Even putting aside the Court's concern over whether it has subject matter jurisdiction over this seemingly unrelated claim, Edalat has not said how this new party could meet the permissive joinder requirement of Rule 20 of the Federal Rules of Civil Procedure.

The Court GRANTS Plaintiffs' motion to dismiss Edalat's eighth counterclaim WITHOUT LEAVE TO AMEND.

### 2.3.9 Dismissal of the Counterclaim Defendants

Plaintiffs ask that the claims against 11 newly added Counterclaim Defendants be dismissed because Edalat does not sufficiently allege wrongful conduct by them. Plaintiffs appear to make a valid point. But since the Court is granting leave to amend for some of the counterclaims, the Court will not dismiss these Counterclaim Defendants at this time. Plaintiffs are invited to file this motion again if the newly amended counterclaims again fails to sufficiently allege claims against the Counterclaim Defendants.

## 3. LEAVE TO AMEND

If the court decides to dismiss a complaint, it must also decide whether to grant leave to amend. "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

The Court will give Karpinski and Edalat one more chance to amend some of the dismissed counterclaims, consistent with the Federal Rules of Civil Procedure's direction to "freely grant leave" to amend pleadings. Fed. R. Civ. P. 15(a)(2). But these countercomplaints were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | October 4, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

not an easy read and the oppositions didn't help make them any clearer. For example, Edalat's opposition to the motion to dismiss quotes over seven pages of law and then just says "Cahill and company have violated all of these laws as part of their scheme and to defraud Edalat and other shareholders. The facts are set forth in the complaint." It seems as though Edalat and Karpinski expect the Court to dig through the excessively long countercomplaints and make the connections between the alleged violations and the facts for them. "Judges are not like pigs, hunting for truffles buried in briefs." *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The Court is not inclined to give Karpinski and Edalat another chance to amend their counterclaims after this. So the Court urges Karpinski and Edalat's counsel to make sure the amended countercomplaint is more concise, clear, and comprehensible.

### 4. DISPOSITION

The Court orders the following:

> The Court GRANTS IN PART and DENIES IN PART the motion to dismiss Karpinski's FACC. (Dkt. No. 72.)
>
> The Court DENIES the motion to strike Edalat's FACC. (Dkt. No. 73.)
>
> The Court GRANTS the motion to dismiss Edalat's FACC. (Dkt. No. 78.)
>
> Any amended countercomplaints must be filed within **14 days** of this Order.

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |