John J.E. Markham, II (CA Bar No. 69623)
Email: jmarkham@markhamread.com
Elizabeth L. Read (CA Bar No. 87618)
Email: eread@markhamread.com
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604

Attorneys for Plaintiffs BRUCE CAHILL, GREG CULLEN,
SHANE SCOTT, RON FRANCO, and PHARMA PAK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al., ) <br><br> Plaintiffs, ) <br><br> -- vs. -- ) <br><br> PAUL PEJMAN EDALAT, an individual, et al., ) <br><br> Defendants. ) <br><br> ———————————————— ) <br> AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. ) <br> ———————————————— ) | **CASE NO: 8:16-cv-00686-AG-DFM** <br><br> **PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTER-CLAIM  (DOCKET NO. 92)** <br><br> **Date:   November 28, 2016** <br> **Time:   10:00 a.m.** <br> **Place:  Courtroom 10D** <br><br> **Honorable Andrew J. Guilford** <br> **United States Courthouse** <br> **411 West Fourth Street** <br> **Santa Ana, CA 92701-4516** |

# **<u>TABLE OF CONTENTS</u>**

TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES......................iii

Relevant Procedural History..................................................................1

ARGUMENT.........................................................................................2

I.    EDALAT'S FIRST CLAIM "FOR RICO" FAILS TO STATE
      A CLAIM FOR MANY REASONS.........................................................3

      A.    Introduction.................................................................3
      B.    Edalat Does Not Plead "Injury to His Business or Property"...............3
      C.    There is No Adequate Allegation of a Pattern of Racketeering...........9
      D.    There Is No Adequate Allegation of any "Enterprise".....................11

II.   EDALAT'S SECOND CLAIM FAILS TO STATE AN ADEQUATE
      CLAIM FOR BREACH OF FIDUCIARY DUTY.....................................12

III.  EDALAT'S THIRD CLAIM FAILS TO STATE AN ADEQUATE
      CLAIM FOR AN ACCOUNTING...............................................15

IV.   EDALAT'S FOURTH CLAIM FAILS TO STATE AN ADEQUATE
      CLAIM FOR BREACH OF FIDUCIARY DUTY.....................................16

V.    EDALAT'S FIFTH CLAIM FAILS TO STATE AN ADEQUATE
      CLAIM FOR FRAUD..............................................................17

VI.   EDALAT'S NAMING OF ELEVEN NEW COUNTERCLAIM
      DEFENDANTS DOES NOT HELP HIS FAILED PLEADING.................20

CONCLUSION......................................................................24

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES

**CASES**                                                                 **PAGES**

Ahn v. Hanil Dev., Inc., 471 F. App'x 615 (9th Cir. 2012)....................................8

Anderson v. Deloitte & Touche, 56 Cal.App.4th 1468,
        66 Cal.Rptr.2d 512 (1997)........................................................................17

Ashcroft v. Iqbal, 556 U.S. 662(2009) ..............................................................22

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)......................................22

Cooper v. Pickett, 137 F.3d 616 (9th Cir.1997) ................................................19

Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.), 42 F.3d 1541
        (9th Cir.1994)..........................................................................................19

Desoto v. Condon, 371 F. App'x 822 (9th Cir. 2010) ......................................8-9

Forsyth v. Humana, Inc., 114 F.3d 1467 (9th Cir. 1997) ...................................9

Hamid v. Price Waterhouse, 51 F.3d 1411 (9th Cir. 1995)................................8

In re WellPoint, Inc. Out-of-Network UCR Rates Litig., 865 F. Supp. 2d 1002,
        (C.D. Cal. 2011)(Gutierrez, J.) ..............................................................10

Jones v. H.F. Ahmanson & Co., 1 Cal.3d 93, 81 Cal.Rptr. 592,
        460 P.2d 464 (1969).............................................................................8, 14

Keel v. Schwarzenegger, CV 08–7591 RMT (VBK), 2009 WL 1444644
        (C.D.Cal. May 19, 2009)(Kenton, J.) ......................................................10

Moore v. Kayport Package Express, Inc., 885 F.2d 531 (9th Cir.1989) ...............19

Nelson v. Anderson, 72 Cal.App.4th 111, 84 Cal.Rptr.2d 753 (1999)..............13-14

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

Pellegrini v. Weiss, 165 Cal.App.4th 515, 81 Cal.Rptr.3d 387
        (Cal.Ct.App.2008) ........................................................................12

Reves v. Ernst & Young, 507 U.S. 170 (1993) ...................................................11

Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005 (9th Cir. 2012) ..…………..4

Sogecable, SA v. NDS Grp. PLC, No. 04-56990, 2006 WL 3698713
        (9th Cir. Dec. 13, 2006) ..............................................................11

Sparling v. Hoffman Constr. Co., 864 F.2d 635 (9th Cir.1988) ..........................8

United States v. Persico, 832 F.2d 705 (2d Cir.1987), cert. denied,
        486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988) ........................10

Vega v. Jones, Day, Reavis & Pogue, 121 Cal. App. 4th 282,
        17 Cal. Rptr. 3d 26, (2004)........................................................13

Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097 (9th Cir.2003) ..........................19

Zinn v. Ex–Cell–O Corp., 148 Cal.App.2d 56, 306 P.2d 1017 (1957) .................17

**STATUTES**

18 United States Code § 1962 *et seq*........................................................................3

California Civil Code §1572  .................................................................................17

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

**This Memorandum**

Plaintiffs/Counterclaim Defendants Bruce Cahill, Gregory Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. ("Pharma Pak") respectfully submit this Memorandum in support of their Motion to Dismiss Defendant Paul Edalat's "Second Amended Counter-Claim and Cross-Complaint for Damages" (hereinafter referred to as the "SACC") filed at Docket No. 92. Plaintiffs are joined in this motion by the eleven additional Counterclaim Defendants named in the SACC.[1] Henceforth, both the Plaintiffs and the newly-added Counterclaim Defendants will be referred to collectively as the "Counterclaim Defendants."

**Relevant Procedural History**

This is the third time Edalat has attempted to file a viable counterclaim. As this Court noted in its Order dismissing his last attempt, which was his First Amended Counterclaim:

> This case started when Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, and Ronald Franco sued Defendants Paul Pejman Edalat, Olivia Karpinski, Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc.,

---

[1] These eleven new parties brought in by Edalat are a hodgepodge of unconnected entities and individuals including Brent Cahill, Leslie Harold Wood, Ludwig Weimann, Mark John Erfurt, Erton Ayerdol, Kira Lindsay Cahill, Karen Jane Grobba-Cahill, Life Tech Global LLC, Kira Investments LLC, Cahill Family Trust, and Cahill Bruce E Trust. Their lack of any legal liability under the allegations in the Edalat Counterclaims is addressed further below.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

and LIWA, N.A., Inc., alleging Defendants had defrauded Plaintiffs in violations of Federal RICO and securities laws, and in violation of California fraud laws. (Dkt. No. 1.) Plaintiffs later filed a First Amended Complaint adding Pharma Pak, Inc. as a plaintiff and Farah Barghi and Sentus Land Management, LLC as defendants. (Dkt. No. 14.) Next, Olivia Karpinski, one of the Defendants, filed a counterclaim against all Plaintiffs. (Dkt. No. 30.) Defendant Paul Edalat then filed a claim naming all Plaintiffs and a slew of others ("Counterclaim Defendants") as defendants. (Dkt. No. 44.) A few months ago, Plaintiffs and Counterclaim Defendants filed motions to dismiss both counterclaims. But Edalat and Karpinski told the Court that they would file first amended counterclaims ("FACC") instead of opposing, so this first set of motions to dismiss became moot. Karpinski and Edalat both filed FACCs near the beginning of August. (Dkt. Nos. 68 & 70.)

(Order, Dkt. No. 89, p. 1) The claims in Edalat's First Amended Counterclaim were (on motion) dismissed by this Court under Rule 12(b)(6) as part of the above-quoted Order. That Order pointed out Edalat's pleading's deficiencies in detail and indeed with what can be fairly described as paint-by-numbers clarity. (*Id.*, pp. 9-13). After doing so, this Court ruled (*Id.*, at 12, 13):

> The Court will give . . .  Edalat one more chance to amend some of the dismissed counterclaims, consistent with the Federal Rules of Civil Procedure's direction to "freely grant leave" to amend pleadings. Fed. R. Civ. P. 15(a)(2). . . . The Court is not inclined to give . . . Edalat another chance to amend their counterclaims after this.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

Edalat has now filed (Dkt. No. 92) his new counterclaims, the SACC, and Counterclaim Defendants all now move to dismiss them on essentially the same grounds as before. His SACC claims fail under Rule 12(b)(6).

## ARGUMENT

## I.     EDALAT'S FIRST CLAIM "FOR RICO" FAILS TO STATE A CLAIM FOR MANY REASONS

### A. Introduction

As this Court has explained the elements required in any RICO claim:

> The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's business or property." *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)).

(Dkt. No. 89, p. 5) Edalat's pleading fails to meet these requirements in many ways.

### B. Edalat Does Not Plead "Injury to His Business or Property"

Edalat has no standing under RICO to seek individual damages for injury allegedly done to Pharma Pak. Such injury under the law is not recognized as injury to his "business or property" within the meaning of 18 U.S.C. §1964.  Yet as his SACC shows, those are the only damages he seeks.

3

He starts by alleging that he is a Pharma Pak shareholder. Specifically he alleges that "Edalat is a shareholder in Pharma Pak, Inc. He presently owns 36.5% of the shares presently." (SACC ¶ 2) From there, Edalat proceeds to describe the alleged wrongdoing and all of it is aimed at Pharma Pak as a corporate entity, not him personally. His allegations[2] are:

- that he sold some of his Pharma Pak stock to others, including Counterclaim Defendants (*Id.,* ¶¶19- 24), and that one of those, Plaintiff and Counterclaim Defendant Cahill, "would run Pharma Pak" (SACC ¶2);

- that Plaintiff and Counterclaim Defendant Cahill gave certain patent rights to Pharma Pak and was appointed the CEO and sole director of Pharma Pak (*Id.,* ¶¶25 and 26);

---

[2]     At this stage, this Court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012). *See also*, this Court's Order dismissing the First Amended Counterclaim. (Dkt. No. 89, p. 2)  For the record, however, all of Edalat's allegations of wrongdoing are denied, an assertion particularly appropriate to his allegation that he owns shares of Pharma Pak stock. In his bankruptcy filed in this District (Case No. 14-14529-TA), after first pleading the Fifth Amendment when asked questions about his assets, Edalat then swore under oath that he had no stock in any company, except in one unrelated company. For now, however, his claimed share ownership of 36.5% of Pharma Pak stock must be assumed true, subject to later challenge.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

1  - that Cahill did not secure a manufacturing license for Pharma Pak

2  and as a result it could not secure sales orders (*Id.,* ¶¶29, 30);

3

4  - that Edalat was removed as Secretary of Pharma Pak and as a

5  signatory on its check book (*Id.,* ¶31, b and c);

6

7  - that Pharma Pak did not conduct shareholder meetings  (*Id.,* ¶31d);

8  - that people went on trips to Las Vegas using Pharma Pak money

9  (*Id.,* ¶32-32);

10

11  - that Cahill supposedly misappropriated money from Pharma Pak

12  (*Id.,* 34¶);

13

14  -that Cahill engaged in other misconduct in the operation of Pharma

15  Pak (*Id.,* ¶35a-f);

16

17  - that two other Plaintiff Counterclaim Defendant shareholders (Shane

18  Scott and Greg Cullen) initially sided with Edalat over "CEO and sole

19  director Cahill" when the disputes arose (*Id.,* ¶¶ 26, 36, and 37);

20

21  - that Cahill, Cullen and Scott manufactured tetrahydrocannabinol at

22  Pharma Pak and, when Edalat and co-defendant Karpinski supposedly

23  learned of this, they called the police and, as a result, Counterclaim

24  Defendants supposedly fired defendant Karpinski and other employees (*Id.,*

25  ¶38 - 41);

26

27

28

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

- that Counterclaim Defendants hired employees for Pharma Pak with "questionable backgrounds" (*Id.,* ¶42);

- that Counterclaim Defendants conspired to defraud Pharma Pak (*Id.,* ¶43); and moved assets of Pharma Pak into a successor corporation, Counterclaim Defendant Life Tech Global, LLC. (*Id.,* ¶45).

With the above described allegations having been stated, all of which complain of harm to the corporate entity Pharma Pak, Edalat's Counterclaim then proceeds to articulate his RICO claim, at SACC ¶¶46 to 57 in what he calls his "First Claim." In SACC ¶ 47 entitled "CONDUCT," Edalat specifically itemizes the supposed "illegal and criminal actions," and damages flowing from them, all of which allege injury to the corporate entity Pharma Pak, not to Edalat. Edalat alleges:

> a.  Unauthorized  removal of over $900,000 cash and over $1,000,000 worth of equipment  and intellectual  property *from Pharma Pak, Inc.,* thereby defrauding Pharma  Pak  Inc. shareholders and risking shareholders' investments,
>
> b.  Theft of trade secrets *from Pharma Pak, Inc.,* thereby defrauding Pharma Pak, Inc. shareholders,
>
> c.  Unlicensed  production of illegal  medical devices containing Schedule 1 Drugs on the Controlled Substance Act *thereby risking Pharma Pak, Inc.*, shareholders' investments,

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

d.  Unlicensed  production *utilizing  Pharma Pak, Inc. equipment* and assets, thereby *defrauding Pharma Pak, Inc.* shareholders,

e.  Transportation and distribution of said illegally  produced devices across state lines and international  borders,

f.  Assault and battery of a female employee [of Pharma Pak],

g.  Sexual harassment of female employee [of Pharma Pak],

h.  Forgery of documents for the purpose of removing unauthorized monies *from the Pharma Pak, Inc.* corporate bank account,

i.   Removal of other unauthorized  monies *from the Pharma Pak, Inc. bank account*,

j.  Wire of monies *from the Pharma Pak, Inc. bank account* to recipients in the Republic of Turkey,

k.  Wire of monies *from the Pharma Pak, Inc.* bank account from California to other States in the United States, including Colorado,

l.  Cross-Defendants  are  actively conspiring *to  move  Pharma  Pak, Inc. equipment  and  assets* across  State  lines without Pharma  Pak,  Inc. permission, thereby defrauding Pharma Pak, Inc. shareholders

(SACC ¶48) (emphasis added)

All of this is injury to Pharma Pak, not Edalat. It is the same conduct that is later said to be the basis of Edalat's "Injury," as alleged at SACC ¶¶ 52 – 58, in which allegations Edalat makes clear that he is seeking damage as a shareholder by specifying that the other shareholders were damaged in the same manner as was he:

7

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

> As a direct result of this conspiracy and illegal acts, the Cross-Defendants have damaged Cross-Complainant shareholder [Edalat] in an undetermined amount, but at least over $20,000,000. Pursuant to the RICO statutes Edalat, *Amir Asvadi,[3] and the other shareholders who are not part of this conspiracy would* be entitled to damages of three times that amount plus the actual amount of the damages, bringing these damages to a total of $60,000,000 . . . .

(SACC ¶ 58) (emphasis added).

Claims for such harm belong to the corporation itself, not its shareholders.

*Desoto v. Condon*, 371 F. App'x 822, 824 (9th Cir. 2010), citing *Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640–41 (9th Cir.1988). This is no less true in a RICO case. *Ahn v. Hanil Dev., Inc.,* 471 F. App'x 615, 616,17 (9th Cir. 2012).   As explained:

> Shareholders and limited partners typically lack standing to assert RICO claims where their harm is derivative of their corporation or partnership's harm. *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 640–41 (9th Cir.1988). Such plaintiffs can establish standing only by showing an injury "distinct from that to other shareholders" or a special duty between the shareholder and the defendant. *Id.* at 640–41. The gravamen of Desoto's complaint is injury to the Trago entities, so Desoto's injuries are derivative. *See Hamid v. Price Waterhouse,* 51 F.3d 1411, 1420 (9th Cir.1995) (noting that a creditor's injury is derivative); *see also Jones v. H.F. Ahmanson & Co.,* 1 Cal.3d 93, 81 Cal.Rptr. 592, 460 P.2d 464, 470 (1969). *Desoto concedes that other limited partners were similarly targeted, excluded, and deprived of their rights to Trago profits, and does not*

---

[3]    Amir Asvadi is alleged to be another Pharma Pak shareholder. (SACC ¶ 35)

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

*allege that Condon assumed any special duty through which Desoto can allege standing.*

*Desoto v. Condon*, 371 F. App'x 822, 824 (9th Cir. 2010)(emphasis added).

Edalat has only pleaded damages suffered by the corporation involved (Pharma Pak) just as did the Plaintiff in *Desoto*. The results should be the same.

This Court on this basis alone should rule that Edalat has no standing under RICO since he has not pleaded "injury to his business or property" within the meaning of the RICO damage statute, 18 U.S.C. § 1964.

**C. There is No Adequate Allegation of a Pattern of Racketeering**

A RICO claimant must allege "(1) the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity."  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1481 (9th Cir.1997). Edalat fails to adequately do so. His entire allegation concerning a supposed "pattern of racketeering" is found at SACC ¶¶ 49 – 51:

A PATTERN OF RACKETEERING ACTIVITY (KNOWN AS 'PREDICATE ACTS'):

49. CROSS-COMPLAINANT is     informed    and believes and based upon that information and belief alleges that Cross-Defendants  entered  in  a pattern of conduct for the creation and sales and distribution of Schedule 1 Drug products, which are illegal under 18 USC 1961 et. etc. Cross-Defendants  have manufactured

9

unregistered  medical devices containing Schedule 1 Drugs in an unlicensed facility, and transported these devices across State lines.

50. CROSS-DEFENDANTS have conspired to move unauthorized monies across State lines and International borders.

51. CROSS-DEFENDANTS attempted to have Karpinski join their conspiracy to sell illegal medical devices containing Schedule 1 Drugs.

These are hardly well-pleaded predicate acts forming a pattern. The second two abjectly fail because neither "moving unauthorized monies" nor attempting to have someone else join an alleged conspiracy, qualify as predicate acts. And while narcotics trafficking (as vaguely alleged in ¶ 49) is a predicate act if pleaded correctly, there is a complete lack of specifics about this alleged activity, when it supposedly occurred, to whom sales were made, or, most importantly how it resulted in injury to Edalat's business or property.

Even if these pleading shortcomings could be overlooked,  Edalat's predicate act allegations also fail because where, as here, RICO is asserted against multiple defendants, a plaintiff must allege at least two predicate acts by each defendant. *See*, *In re WellPoint, Inc. Out-of-Network UCR Rates Litig*., 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011)(Gutierrez, J.) (citing *United States v. Persico*, 832 F.2d 705, 714 (2d Cir.1987), cert. denied, 486 U.S. 1022, 108 S.Ct. 1995, 100 L.Ed.2d 227 (1988)); *Keel v. Schwarzenegger*, CV 08–7591 RMT

10

(VBK), 2009 WL 1444644, at *6 (C.D.Cal. May 19, 2009)(Kenton, J.). Edalat fails

to even attempt to do so.

### D.  There Is No Adequate Allegation of any "Enterprise"

The only mention of any RICO "enterprise" is at SACC ¶48, which is as

follows:

ENTERPRISE:

CROSS-DEFENDANTS have all entered into an agreement to take
over the company founded by majority shareholder Paul Edalat.
Cross-Defendants conspired to remove the equipment and assets of
Pharma Pak, Inc., without shareholder approval, in order to defraud
Edalat and other Shareholders, and deprive these individuals of their
rights.

This does not allege an enterprise. There is no description of the enterprise,

who its members are, its purpose, or how it is linked to any of the predicate acts

described by Edalat. Moreover, to allege a RICO conspiracy, while significant

control of the enterprise by each Counterclaim Defendant is not required, "some

part in directing the enterprise's affairs is required." *Sogecable, SA v. NDS Grp.

PLC*, No. 04-56990, 2006 WL 3698713, at *2 (9th Cir. Dec. 13, 2006) (quoting

*Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)).  Edalat fails to allege that each

Counterclaim Defendant had any part in directing the affairs of the alleged

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

"enterprise," something that is impossible to do in light of his failure to adequately describe the enterprise.

## II.   EDALAT'S SECOND CLAIM FAILS TO STATE AN ADEQUATE CLAIM FOR BREACH OF FIDUCIARY DUTY

To state a claim for breach of fiduciary duty under California law a plaintiff must show (1) the existence of a fiduciary duty; (2) a breach of the fiduciary duty; and (3) resulting damage. *Pellegrini v. Weiss,* 165 Cal.App.4th 515, 81 Cal.Rptr.3d 387, 397 (Cal.Ct.App. 2008). In the context of corporations in California, a corporate officer with management powers is a fiduciary of a corporation and its shareholders. This duty is owed by corporate officers with management authority (*Id.*). Edalat confuses who precisely owes this fiduciary duty. In SACC ¶ 61, he claims that:

> As an officer and Director Cahill had a fiduciary duty to ALL OF THE SHAREHOLDERS, including EDALAT. This would also include shareholder Amir Asvadi, who will be filing his own counter claim against the Cross-Defendants, and John Crowther, who is not a party to this case and has decided to stay neutral.

Yet in paragraph 66 he expands this duty to be owed three other Counterclaim Defendants:

> All of these actions by Cahill, Wood, Weimann, and Aydinol are a breach of their fiduciary duties to Pharma Pak, Inc., and its Shareholders.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

Yet whoever owes the fiduciary duty here, both the law and indeed Edalat's pleading make clear it is owed to the corporation and to shareholders collectively. *See*, SACC ¶¶ 61 and 69 quoted just above. Shareholders have no individual standing to sue for its breach. Any individual shareholder must either bring a derivative action through the corporation (here, Pharma Pak) against managing officers, or must allege an individual harm to himself as distinct from alleging that he suffered a general harm as a shareholder as did all other shareholders:

> A derivative suit is a suit brought on behalf of a corporation for injury to the corporation, often for breach of fiduciary duty, mismanagement or other wrongdoing by corporate officers or directors . . . (See Friedman, Cal. Practice Guide: Corporations (The Rutter Group 2004) ¶¶ 6:602 & 6:603, pp. 6–128.1 to 6–128.2.) An action is derivative " *'if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual holders, or it seeks to recover assets for the corporation or to prevent the dissipation of its assets.'* " (*Jones v. H.F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 106, 81 Cal.Rptr. 592, 460 P.2d 464, citing *Gagnon Co., Inc. v. Nevada Desert Inn, Inc.* (1955) 45 Cal.2d 448, 453, 289 P.2d 466.)

*Vega v. Jones, Day, Reavis & Pogue*, 121 Cal. App. 4th 282, 296–97, 17 Cal. Rptr. 3d 26, 36–37 (2004).

*Jones Day*, clearly the applicable law, relies on *Nelson v. Anderson,* 72 Cal.App.4th 111, 117, 124, 84 Cal.Rptr.2d 753 (1999) and explains *Nelson* as follows:

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

> *. . . Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 117, 124, 84 Cal.Rptr.2d 753, . . . held that the plaintiff—the minority shareholder in a two-shareholder corporation—had no standing as an individual to bring an action for breach of fiduciary duty against the majority shareholder. The plaintiff had no standing as an individual because the obligations allegedly violated—which amounted to negligence and misfeasance in managing the corporation's business—were "duties owed directly and immediately to the corporation." (Id. at p. 125, 84 Cal.Rptr.2d 753.) In this case, by contrast, the "duty"—not to defraud another person—is not a duty owed only to the corporation. Indeed, Nelson expressly states that "the same facts regarding injury to the corporation may underlie a personal cause of action, such as ... fraud ... [but] Nelson has not alleged or proved the elements" of a fraud cause of action. (*Id.* at pp. 124–125 & fn. 6, 84 Cal.Rptr.2d 753.)

(2004). *Nelson* itself explains this law further in discussing why it did not matter that there were only two shareholders, who were Plaintiff Nelson and the other shareholder who was the defendant alleged to have engaged in the harm to Nelson. Nelson claimed that this circumstance made his damage "unique" since the other shareholder, the defendant, was the majority shareholder:

> The test is not whether Nelson's damages were unique, as Nelson's argument suggests; an individual cause of action exists only if the damages were not *incidental* to an injury to the corporation. (*See Jones v. H.F. Ahmanson & Co., supra,* 1 Cal.3d at p. 107, 81 Cal.Rptr. 592, 460 P.2d 464.) The cause of action is individual, not derivative, only " 'where it appears that the injury resulted from the violation of some special duty owed the stockholder by the wrongdoer and having its origin in circumstances independent of the plaintiff's status as a shareholder.' " *** (citation omitted)

*Nelson, supra*, 72 Cal. App. 4th 111, 123–28, 84 Cal. Rptr. 2d 753, 761–64.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

In our case, the above-quoted law prohibits the fiduciary duty claim made by

Edalat, given that his allegations are explicitly claiming shareholder damages, not

some other special damage to him. Indeed, as indicated above, he even alleges that

all the other shareholders not participating in the wrongdoing suffered as did he

from the alleged conduct. He has no individual standing to make a claim for those

damages and he has failed to alleged any individual damages.

His Second Claim, alleging breach of fiduciary duty, thus fails.

## III.   EDALAT'S THIRD CLAIM FAILS TO STATE AN ADEQUATE CLAIM FOR AN ACCOUNTING

Edalat's Third Claim seeks an accounting from Counterclaim Defendants

Cahill and Wood.  (SACC ¶¶ 68-71) Yet this is just as derivative a claim as is the

breach of fiduciary duty claim discussed just above. It is equally applicable to all

shareholders as Edalat himself acknowledges when he alleges that: " Edalat is

entitled *like every other shareholder of Pharma Pak, Inc.* to a proper and audited

accounting of all monies from the inception of Pharma Pak, Inc. (SACC

¶70)(emphasis added).

Edalat has no individual standing to sue for such an accounting, and thus his

Third Claim should therefore be dismissed.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

## IV.   EDALAT'S FOURTH CLAIM FAILS TO STATE AN ADEQUATE  CLAIM FOR BREACH OF FIDUCIARY DUTY

This breach of fiduciary duty claim has two parts crammed into its three paragraphs. It is in part a summary repeat of Edalat's Second Claim (alleging breach of a fiduciary duty) and simply adopts the prior allegations made in that Second Claim. It is in its other part an anemic request for injunctive relief, asking for return of property, specifically asking " that the Court order the return of all Pharma Pak, Inc. assets and monies to the 17809 Gillette Avenue property and restore all assets and monies, including intellectual property." (SACC ¶75)

To the extent it repeats the earlier breach of fiduciary duty claim (Second Claim) it fails for the same reasons set forth above under the discussion of the Second Claim. To the extent it seeks an order mandating return of "all Pharma Pak assets and monies" to Pharma Pak, it is woefully inadequate in two respects. It fails to itemize the property involved with any particularity and fails to even attempt to explain why equitable relief is needed or why damages would not be adequate. All it alleges in this regard is that equitable relief is needed "since there is no adequate remedy at law." (SACC ¶77) That is hardly a proper showing even at the pleading stage.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

## V.   EDALAT'S FIFTH CLAIM FAILS TO STATE AN ADEQUATE  CLAIM FOR FRAUD

Edalat's fraud claim fails. Under California law, the elements of fraud are: (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (*i.e.,* to induce reliance); (4) justifiable reliance; and (5) resulting damage. *Anderson v. Deloitte & Touche,* 56 Cal.App.4th 1468, 1474, 66 Cal.Rptr.2d 512 (1997). The elements of fraud in inducement of a contract are the same elements as actual fraud. *See*, Cal. Civ.Code § 1572; *Zinn v. Ex–Cell–O Corp.,* 148 Cal.App.2d 56, 68, 306 P.2d 1017 (1957).

Edalat's SACC does not even attempt to state all these elements. In its entirety, his fraud claim reads as follows:

> 77. CROSS-COMPLAINANT entered into a group of oral agreements/contracts with these Cross-Defendant CAHILL which the  Cross-Defendant  CAHILL broke because he never intended to comply with the terms and conditions of the contract.

> 78. Cross-Defendant Cahill fraudulently induced CROSS-COMPLAINANT Edalat into these contracts so that he could gain control of Edalat's company, his patents and his contacts so that they could steal the company.

> 79. Cahill was to bring money to the company, which he did.  He was to manage the company and was to receive 20% of Edalat's personal stock for that management. However,  Cahill breached  the  agreement by  moving all  of  the  assets  to Oceanside, not paying  the rent on the Gillette  property, the insurance on the property, medical insurance  for employees, car payments for the employees pursuant to

17

their agreements with the company, taking Edalat's personal patents and the company's assets and selling it to a company he and his partners who were part of Pharma Pak have now moved to Life Tech Global, LLC.

These cursory allegations do not even mention all of the elements required under California law to state a fraud claim. There is no mention of any specific misstatements. There is no mention of any justifiable reliance, and only a very general statement about a contract, which morphs from one contract in paragraph 76 to "these contracts" in paragraph 78. There is also no mention of whether these contracts were oral or written or specifically what their terms were. Moreover, halfway through SACC ¶ 79, the notion being advanced by Edalat changes from fraud to breach of contract. These brief and vague allegations would not suffice under more lax rules of pleading. They certainly do not come close under Rule 9(b).

In this Court's Order (Dkt. No. 89, p. 11) dismissing Edalat's very-similar fraud claim alleged in the Seventh Claim of his First Amended Counterclaim, this Court stated the heightened pleading requirements for any fraud claim:

> Edalat's fraud counterclaim does not satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Edalat claims that Plaintiffs "fraudulently induced [Edalat] into these contracts . . . so that they could steal the company." (Dkt. No. 70 at 81.) Edalat also alleges that Plaintiffs "entered into a group of contracts with [Edalat]

which [they] broke because they never intended to comply with the terms and conditions of the contract." (*Id.*)

. . . "Edalat fails to specifically identify the 'group of contracts' and which counterclaim defendants were party to these contracts. He fails to specify any fraudulent statements made to induce him into entering a contract, who made each statement, when any statement was made, and how the statement was fraudulent."

Because the above-quoted ruling was made in this case, it is the law of this case. It is also the settled law in the Ninth Circuit.  "Rule 9(b)'s particularity requirement applies to state-law causes of action." *Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir.2003). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997)). " '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.' " *Id.* at 1106 (quoting *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.*), 42 F.3d 1541, 1548 (9th Cir.1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 540 (9th Cir.1989).

The fraud claims is not adequately pleaded.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

## VI.   EDALAT'S NAMING OF ELEVEN NEW COUNTERCLAIM DEFENDANTS DOES NOT HELP HIS FAILED PLEADING

None of the newly-added, eleven Counterclaim Defendants are adequately charged in Edalat's SACC. These Counterclaim Defendants can be divided into two groups, those who are alleged to have harmed Pharma Pak, and those added only because, frankly, they are family members of Plaintiff and Counterclaim Defendant Bruce Cahill.[4]

Starting with the first group, Counterclaim Defendant Ludwig Weimann is alleged to have brought illegal drugs into the Pharma Pak premises and to be "involved in the conspiracy to defraud Pharma Pak" (SACC ¶¶ 6, 36, 38 and 42a); he is alleged to have been hired to develop certain patents belonging to Edalat and Pharma Pak (SACC ¶¶65 and 42a.i); and to be conspiring with Cahill to reassign

---

[4]     Much of the newly added parties is part of name-calling, which is Edalat's stock in trade. *See*, Plaintiffs' "Motion to Restrain Unlawful Conduct" (Dkt. No. 94) which seeks relief from this Court to restrain false allegations of criminal misconduct and showing in detail threats by Edalat and false statements made to the media in furtherance of those threats. It further shows that "ever since October 4, 2016, when this Court dismissed Edalat's and most of Karpinski's second attempts to state valid counterclaims, they have engaged in a sustained effort to obstruct justice in this case by making threats against the Plaintiffs in an attempt to intimidate them, and by publishing false and highly damaging matters on the internet in order to dissuade these Plaintiffs from continuing with this case." (*Id*. at Dkt. No. 94-1, p. 4) The threats are detailed in that Motion as are the false allegations of criminal conduct spread on the internet by Karpinski and Edalat.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

patents and other equipment away from Pharma Pak. All of these actions allege injury to Pharma Pak, not individually to Edalat, and thus even were they well enough pleaded to actually state a claim, which they are not, it would be a claim of Pharma Pak, which is in fact a corporation suing Edalat.

Counterclaim Defendant Mark John Erfurt is alleged to have illegally attempted to access "non-Pharma Pak" computers (SACC ¶7) and was hired allegedly despite a criminal history, was paid a high salary by Pharma Pak, and "destroyed vital company records" (SACC ¶42b). These are, if anything, inadequately pleaded claims belonging to Pharma Pak.

Counterclaim Defendant Erton Aydinol is similarly alleged to have defrauded Pharma Pak and to have embezzled cash from Pharma Pak (SACC ¶¶8 and 38); he is alleged to have spent the majority of his time traveling to Turkey (SACC ¶42c); he allegedly was paid a high salary and made fraudulent statements about that salary, and is alleged to have been arrested in Colorado for drunk driving and supposed possession of amphetamines (*Id.*); he is also supposed to have been paid by Pharma Pak for "illicit production of THC" (SACC ¶¶ 43f.i and 43g.ii); he is supposed to have received wire transfers for shipment of machines to Counterclaim Defendant Life Tech Global (SACC ¶¶ 43g.iii); he is supposedly conspiring to move equipment and assets across state lines (in order to defraud

21

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

Edalat and Pharma Pak) (SACC ¶ 64); and is allegedly actively utilizing patents belonging to Edalat and Pharma Pak when "Pharma Pak, Inc.'s shareholders should be receiving the profits and royalties from these sales." (SACC ¶65) Once again, these allegations, even were they true and they are denied, do not state any viable claim in favor of Edalat.

Counterclaim Defendant Lindsey Cahill, Bruce Cahill's daughter, is said to be a trustee of the Cahill Family Trust and the Cahill Bruce E. Trust, both themselves newly-named Counterclaim Defendants, and she is supposedly conspiring with these trusts to move equipment and assets across state lines to Oregon (SACC ¶64). She supposedly receives money "surreptitiously" funded through yet another Counterclaim Defendant, Kira Investments, LLC. (SACC ¶35a.v.) Edalat shows no damages to him from any of this vaguely-worded, alleged misconduct. Nor do these allegations come close to presenting a plausible theory of liability. *See, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal* , 556 U.S. 662, 678 (2009). The same is true for all the other newly-added defendants, particularly the Cahill family members and their family trusts.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

Counterclaim Defendant Cahill Family Trust along with Cahill Bruce E. Family Trust allegedly used a "forged" lease [between Scilabs Pharma Inc. and Kira Investments] in or about March 2015 as part of a loan application with First Foundation Bank for $5,000,000 against the property located at 1330 Moorea Way in Laguna Beach, California (SACC ¶35a.ii.) None of this is even alleged to have resulted in injury to Edalat.

Cross Defendant Kira Investments allegedly took payments of over $31,000 in 7 rent payments from Pharma Pak, Inc., in addition to over $35,000 in security deposits and payments that are unaccounted for. (*Id*., ¶35a.iii.), and is alleged to be the vehicle through which Cahill funnels monies to his daughter, Kira Cahill, "who frequently called Cross-defendant Cahill asking for money." (*Id*., ¶35a.v.)  Kira Investments is alleged to be a convenient way to "surreptitiously provide funding for Kira Cahill's lifestyle." (*Id*.) None of this states any claim in favor of Edalat even were any of it true; and it is denied.

Counterclaim Defendant Kara Jane Grobba-Cahill, wife of Bruce Cahill, is alleged to be a beneficiary of the Cahill Family Trust and Cahill Bruce E. Trust, the controlling shareholder of Kira Investments, LLC. (SACC ¶10) She is alleged in a very conclusory way to be a beneficiary of monies received by Kira

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

Investments, LLC from Pharma Pak, Inc. (*Id.*) This is not close to being a viable claim against her.

Last of the newly-named Counterclaim Defendants is Life Tech Global, LLC, which is alleged to be the corporation holding most of Pharma Pak assets. (SACC ¶14 and ¶45a-b) It is alleged to have a web site showing its operations (*Id.*, ¶45f and ¶45f.i.) and to have utilized stock photography in an attempt to defraud potential clients and investors. (*Id.*, ¶45f.ii and ¶45g) Along with everyone else, it is now allegedly actively conspiring to move equipment and assets across State lines to Oregon, in order to defraud Edalat and Pharma Pak, Inc. shareholders. (*Id.*, ¶64) There is no viable claim here for Edalat.

## CONCLUSION

Based on the foregoing, Edalat's Second Amended Counterclaim should be dismissed, pursuant to Rule 12(b)(6), with prejudice.

Dated: October 24, 2016                    Respectfully submitted,

MARKHAM & READ

By: */s/ John J.E. Markham, II*
John J.E. Markham, II
Attorney for Plaintiffs
*Attorney for all Plaintiffs*

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM
(DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**

## <u>CERTIFICATE OF SERVICE</u>

Commonwealth of Massachusetts, County of Suffolk.

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action.  My business address is One Commercial Wharf West, Boston MA 02110

On October 24, 2016, I served the foregoing document described as:

**PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)**

**[X] BY ELECTRONIC MAIL via the ECF filing system on**:

Larry Rothman, Esq.
Larry Rothman and Associates
City Plaza
One City Boulevard West Suite 850
Orange, CA 92868
714-363-0220
Fax: 714-363-0229
Email: tocollect@aol.com

Lee H Durst, Esq.
The Durst Firm
220 Newport Center Drive, Suite 11285
Newport Beach, CA 92660
949-400-5068
Fax: 714-242-2096
Email: lee.durst@gmail.com

*Attorneys for Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi, Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc., LIWA, N.A., Inc., and Sentus Land Management, LLC*

Executed on October 24, 2016 in Boston, Massachusetts.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

*/s/ John J.E. Markham, II*

John J.E. Markham, II

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS DEFENDANT PAUL EDALAT'S SECOND AMENDED COUNTERCLAIM (DOCKET NO. 92)
**CASE NO: 8:16-cv-00686-AG-DFM**