UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 2, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER

The case involves a complicated set of facts that revolve around a company—Pharma Pak, Inc. ("Pharma Pak"). Bruce Cahill and Greg Cullen are shareholders of Pharma Pak. Cahill is the company's CEO and Cullen is the company's CFO. Cahill, Cullen, and others (collectively, "Plaintiffs") sued shareholder Paul Edalat, vice president of sales and marketing Olivia Karpinski, and others (collectively, "Defendants"). Plaintiffs alleged that Edalat and other Defendants made fraudulent statements to induce some of the Plaintiffs to invest in Pharma Pak. Defendants then filed a countercomplaint against the original Plaintiffs and a slew of others, including Life Tech Global, LLC ("Life Tech"), which is another company allegedly controlled by Cahill and Cullen. Defendants alleged that Edalat and others were fired for informing the police that illegal substances were present on company property.

Now Edalat and other Defendants have filed an emergency ex parte application asking the Court to issue a temporary restraining order prohibiting Life Tech, Cahill, and other Plaintiffs from removing a Pharma Pak asset out of San Diego County or California. Defendants also ask the Court to issue an Order to Show Cause as to whether the Court should issue a preliminary injunction prohibiting Plaintiffs from removing a Pharma Pak

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | November 2, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

asset from San Diego County or California.

### 1. RELEVANT FACTS

The asset that Defendants wish to keep in San Diego is a Transdermal Patch Machine ("Machine"). Defendants state that they became aware during a deposition that Cullen had first sold the Machine through Pharma Pak to Life Tech, and then through Pharma Pak to B & M Holdings, Inc. ("B & M"). (Dkt. No. 98 at 4.) According to Defendants, the Machine's sale to Life Tech was "illegal" because the majority of Pharma Pak shareholders didn't approve the sale as required by California Corporations Code § 1001. Defendants believe that the Machine is being moved in response to Edalat and Asvadi's (another shareholder) demand for its return and it's being moved to remove it from this Court's jurisdiction.

The reason why this application is an "emergency," according to Defendants, is that the Machine produces liquids containing Tetrahydrocannabinol and Cannabinol, which are illegal substances in Oregon and thus subject to forfeiture. So if the Court doesn't grant this application, the assets may be forfeited in Oregon and Pharma Pak may be damaged.

### 2. LEGAL STANDARD

Because they raise due process and other concerns, "[e]x parte motions are rarely justified." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The considerations present when deciding whether to grant ex parte relief reflect legitimate concerns about a court taking significant action after a limited and rushed review. There is also concern about one litigant "cutting in line" in front of all the other litigants who previously filed noticed motions. *Id.*

These concerns are heightened when the ex parte matter is a temporary restraining order. Typically, a temporary restraining order ("TRO") can only issue if the party to be restrained has a chance to make its case in court. *See* Fed. R. Civ. P. 65(b). The standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n. 7 (9th Cir.2001). A plaintiff seeking a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | November 2, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (applying the *Winter* four-element test). A TRO is an extraordinary remedy that may only be awarded after a clear showing that the plaintiff is entitled to such relief. *Winter,* 555 U.S. at 22.

### 3.   ANALYSIS

Plaintiffs argue that this application should be denied because it fails procedurally and because it fails on the merits. Plaintiffs first point out that there are no verified complaints or properly signed and sworn affidavits filed with this ex parte application. This argument has become moot because Defendants have now filed properly sworn and signed affidavits in their reply papers. Plaintiffs also argue that Edalat's affidavit should especially not be relied upon because he refused to participate in a deposition.

But some of Plaintiffs' arguments on the merits are convincing to the Court. The Machine was sold to a purchaser who is not a party to this case—B & M. Defendants don't deny this and in fact they state, "Defendants have discovered that Plaintiffs have recently sold said machine to a third party purchaser in Oregon." (Dkt. No. 98 at 14.) So there is confusion about whether Defendants want the Court to order non-party purchasers of the Machine to not remove their own asset from San Diego County or California.

Further, the Machine was sold by Life Tech for $125,000 and it is not a unique machine, so it can be replaced by another similar machine. The word "unique" appears in at least one of the affidavits from Defendants. (Dkt. No. 103-2 at 2). But Defendants haven't shown why they would be irreparably injured if this Machine were not returned, since other similar machines and other monetary relief are both available.

In the alternative, and only in their reply papers, Defendants request the Court to order Life

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 2, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

Tech to give to Defendants the $125,000 that Life Tech received as proceeds of the Machine's sale. (Dkt. No. 103 at 5:25–27.) For many reasons, including an obvious adequate remedy at law, this request is untenable and inappropriate, and any related requests are DENIED. (Dkt. No. 106.)

**4.    DISPOSITION**

The Court DENIES Defendants' ex parte application. (Dkt. No. 99.)

Because of the confusion this application has caused, the Court also DENIES Defendants' request for an Order to Show Cause as to whether the Court should issue a preliminary injunction prohibiting Plaintiffs from removing Pharma Pak assets from San Diego County or California. If they wish, Defendants may clarify this confusion and make any necessary arguments during the November 28, 2016 hearing already scheduled for this case.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |