UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 16, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REGARDING MOTIONS TO DISMISS

This procedurally complicated yet substantively simple case involves a complaint, counterclaims, and crossclaims. To sum up the relevant procedural history, Defendants Edalat and Karpinski each filed second amended counterclaims ("SACC") after the Court granted a motion to dismiss their first amended counterclaims with leave to amend. Plaintiffs and crosscomplainants (collectively, "Plaintiffs") have filed three separate motions that are now before the Court. First, there's a motion to dismiss Edalat's SACC. Second, there's a motion to dismiss Karpinski's SACC. And third, there's a motion asking the Court to restrain "unlawful conduct" by Defendants and to advance the trial date ("Motion to Advance").

## 1.     PRELIMINARY MATTER: LOCAL RULE 7-3

Local Rule 7-3 states that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion" L.R. 7-3. Defendants have filed an objection to the motions to dismiss, claiming that Plaintiffs' counsel didn't follow this rule before filing the two motions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 16, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

Apparently there was a brief conference on October 24, 2016, the day the motions to dismiss were filed, when Plaintiffs' counsel stated his intent to file the two motions to dismiss. There had also been a conference on October 17, 2016, where the parties discussed the Motion to Advance, but this wasn't a proper meet-and-confer for the motions to dismiss because the SACCs were filed on October 18, 2016. Plaintiffs' counsel states that the spirit of Local Rule 7-3 was met for a few reasons. First, Plaintiffs' counsel argues these two motions to dismiss are similar to the previous motions to dismiss, where there were proper meet-and-confers. Next, Platinffs' counsel argues that the October 17, 2016, meeting was "in the spirit" of Local Rule 7-3 because Plaintiffs' counsel "conferred with [Defendants' attorney] about the motions [he] was contemplating filing." (Dkt. No. 102-1 at 4.)

During this October 17, 2016 "meeting," the attorneys discussed whether Defendants would be filing their SACCs. Plaintiffs' counsel brought up a Rule 11 motion that he had sent to Defendants' counsel and urged Defendants' counsel to consider that motion before filing the SACCs. But Plaintiffs' counsel admits that he didn't discuss the two motions to dismiss until the day he filed the two motions. (Dkt. No. 102-1 at 5.) Further, Local Rule 7-3 applies, whether or not a new motion is substantially similar to an old motion.

The Court takes its local rules seriously. Courts and parties have an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Unnecessary motion practice can be an impediment to that end and Local Rule 7-3 helps avoid unnecessary motions by requiring attorneys to "thoroughly" discuss a contemplated motion's substance with their opponents before they file the motion. L.R. 7-3.

A thorough discussion will be especially helpful in this case because Defendants have recently retained new counsel. In the opposition for the motion to dismiss, Defendants' new counsel asks for "*one* opportunity to correct any remaining inadequacies, to tidy [the] allegations, and to present an organized counterclaim." (*Id.*) So the parties might want to consider discussing the practicability of a motion to amend rather than a motion to dismiss at this point. Additionally, the parties should exchange binding legal authority to determine whether some of the claims in the SACCs are appropriate. After a thorough discussion,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 16, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

Plaintiffs may file their motions to dismiss if necessary.

**2.   DISPOSITION**

The two motions to dismiss are VACATED and ORDERED off the November 28, 2016 calendar. The parties are ORDERED to comply with Local Rule 7-3 before filing other motions.

The hearing for the Motion to Advance REMAINS on calendar for November 28, 2016, at 10:00 a.m.

                                                                                                    :    0

                                                            Initials of Preparer    lmb