UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND ADVANCEMENT OF TRIAL DATE

It would be helpful to repeat the relevant complex procedural history of this case here. This case started when Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, and Ronald Franco sued Defendants Paul Pejman Edalat, Olivia Karpinski, Sentar Pharmaceuticals, Inc., Blue Torch Ventures, Inc., and LIWA, N.A., Inc., alleging Defendants had defrauded Plaintiffs in violations of Federal RICO and securities laws, and in violation of California fraud laws. (Dkt. No. 1.) Plaintiffs later filed a First Amended Complaint adding Pharma Pak, Inc. as a plaintiff and Farah Barghi and Sentus Land Management, LLC as defendants. (Dkt. No. 14.) Next, Olivia Karpinski, one of the Defendants, filed a counterclaim against all Plaintiffs. (Dkt. No. 30.) Defendant Paul Edalat then filed a claim naming all Plaintiffs and a slew of others ("Counterclaim Defendants") as defendants. (Dkt. No. 44.)

Plaintiffs and crosscomplainants (collectively, "Plaintiffs") have now filed a motion asking the Court to restrain "unlawful conduct" by Defendants and to advance the trial date.

The Court DENIES Plaintiffs' motion. (Dkt. No. 94.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

## 1.     THE "UNLAWFUL" CONDUCT

Plaintiffs state that Edalat and Karpinski have engaged in conduct since October 4, 2016, in an effort to obstruct justice in this case by making threats against Plaintiffs. Edalat and Karpinski posted public statements on the internet alleging one of the Plaintiffs committed sexual assault against Karpinski and that two Plaintiffs committed narcotics trafficking and tax evasion. Edalat and Karpinski published Plaintiffs' counsel's credit report, including his Social Security Number and date of birth, and have made threats against all Plaintiffs to "expose" them publicly too. Edalat has stated that the purpose of these publications is to intimidate Plaintiffs and retaliate against them for filing this lawsuit.

Plaintiffs' exhibits show examples of some distasteful conduct by Edalat. There are text messages filled with derogatory terms and threats, emails spewing allegations and rude sarcasm, and disrespectful social media posts. Karpinski has posted public accusations of sexual assault by Cahill on her Instagram profile and on other public websites. Plaintiffs state that these allegations are false because Karpinski stated during a deposition while under oath that Cahill never committed any of the conduct listed in the definition for "Sexual Assault" under the California Civil Code.

Plaintiffs seek the following injunctive relief:

> (1) an order directing Defendant Karpinski to remove from all internet sites over which she has control any statement alleging that Plaintiff Cahill sexually assaulted her or otherwise engaged in any sexual crime against her;
>
> (2) an order that, in place of those accusations, Karpinski should, for a period of 45 days, run on the same sites the following statement: "On October 7, 2016, and later, I posted statements on the internet that Mr. Bruce Cahill had sexually assaulted me. Those statements were not true. What I actually claim is that he once attempted to kiss me and would occasionally pat me on the shoulder. He has denied this physical conduct and it is now in litigation, along

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-686 AG (DFMx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

with claims made against me, which Mr. Cahill and other shareholders of the company filed against me before I filed assault and battery claims against Mr. Cahill. My actual assault and battery claims stem from my allegation that Mr. Cahill would pat me on the shoulder occasionally and kissed me on the cheek once, claims he denies;

(3) Issue an order directing Defendants Karpinski and Edalat to remove from all internet sites over which they have control any statement alleging that any Plaintiff engaged in any manufacture of illegal drugs or fired any employee of Pharma Pak for having cooperated with law enforcement personnel in any drug investigation;

(4) Issue an order directing that Defendants Karpinski and Edalat are prohibited from posting on any public website or in any other form of publication any statement that any of the Plaintiffs have engaged in any illegal activity;

(5) Issue an order prohibiting Defendants Karpinski and Edalat from threatening any Plaintiff or witness with adverse public statements by reason of their being a witness or a party in this lawsuit; and

(6) Issue an order prohibiting Defendants Karpinski and Edalat from making public any private information, including financial account information, birthdates, social security numbers, or residence addresses.

2. **LEGAL STANDARDS**

   2.1 **Preliminary Injunction**

Plaintiffs ask the Court to restrain some of Edalat and Karpinski's speech through a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* (quoting *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). Before a court may grant a preliminary injunction, the moving party must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm if no preliminary injunction is granted, (3) the balance of the equities tips in its favor, and (4) an injunction is in the public interest. *Winter,* 555 U.S. at 20.

### 2.2    Rule 16(b)

Federal Rule of Civil Procedure 16(b) governs when a court's scheduling order may be modified. Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification.'" *In re Western States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1993) (alteration in original)).

### 3.    ANALYSIS

The preliminary injunction Plaintiffs seek is largely a prior restraint of speech. Prior restraints come with a "heavy presumption" against constitutional validity and a "heavy burden" of justification. *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971). Plaintiffs argue that Karpinski's and Edalat's speech isn't protected by the first amendment because it's fraudulent speech. The "irreparable harm" that Plaintiffs believe they will suffer if no preliminary injunction is granted is a harm to their reputation. Defendants argue these public statements were mere personal opinions and that Plaintiffs haven't even tried applying the elements of fraud to the speech.

The Court is not convinced that Plaintiffs have established they're entitled to preliminary injunction. The biggest weakness of this preliminary injunction motion is in meeting the first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-686 AG (DFMx) | Date | November 29, 2016 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

prong because it's not likely that Plaintiffs would succeed on the merits of a prior restraint request. At the risk of inviting more claims, which is the last thing this case needs, Plaintiffs do have other recourse if they believe their reputations have been harmed through defamatory speech. Preliminary injunction is not an appropriate relief here. Although Plaintiffs aren't entitled to preliminary injunction, the Court will take Defendants' conduct into consideration during jury selection, peremptory challenges, and arguments on evidence to be presented at trial, if this case goes to trial.

As for the request to advance the trial date, the motion practice in this case, including Plaintiffs' own motions to dismiss and a motion for discovery sanctions, convince the Court that the trial date should not be advanced for this case. The parties still disagree about whether the counterclaims meet pleading requirements and no written discovery has yet occurred. Plaintiffs' reason for seeking to advance the trial date is to vindicate his clients' good names and reputations. In light of the circumstances surrounding the lawsuit, this is not sufficient good cause to modify the Court's scheduling order.

## 4.      DISPOSITION

The Court is concerned that some of these internet communications impede the resolution of this case on the merits and may be unprofessional. In the fitting words of Chief Judge Alex Kozinski, "[t]he parties are advised to chill." *Mattel, Inc. v. MCA Records, Inc.*, 296 F.3d 894, 908 (9th Cir. 2002). The Court likewise admonishes the parties to focus on substantive matters and to stop all the bickering. Counsel should advise their clients to uphold the integrity of proceedings before this Court through more professional behavior outside of Court.

The Court DENIES Plaintiffs' motion. (Dkt. No. 94.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |