John J.E. Markham, II (CA Bar No. 69623)
Email: jmarkham@markhamread.com
Elizabeth L. Read (CA Bar No. 87618)
Email: eread@markhamread.com
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604

Attorneys for Plaintiffs BRUCE CAHILL, GREG CULLEN, SHANE SCOTT, RON FRANCO, and PHARMA PAK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al.,<br><br>Plaintiffs,<br><br>-- vs. --<br><br>PAUL PEJMAN EDALAT, an individual, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. | **CASE NO: 8:16-cv-00686-AG-DFM**<br><br>**PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT PAUL EDALAT'S THIRD AMENDED COUNTERCLAIM**<br>**(DKT. NO. 147)** |

Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. along with Counterclaim Defendants Life Tech Global, LLC, Leslie Harold Wood, Ludwig Jan Weimann, and Ertan Aydinol (sued herein under the improper spelling "Ertan Ayidnol") (sometimes referred to herein collectively as "Answering Parties") hereby answer Paul Edalat's Third Amended Counterclaim (Docket No. 147 and hereinafter referred to as "Edalat's Counterclaim.") When used herein the term "DKI" means that these Answering Parties lack knowledge or information sufficient to form a belief about the truth of an allegation, within the meaning of federal Rule of Civil Procedure 8(b)(5).

## ADMISSIONS AND DENIALS

1. Denied.

2. Denied that the allegations are based on Edalat's personal knowledge.

3. Denied that Edalat founded Pharma Pak, otherwise admitted.

4. Denied.

5. Denied except that Edalat had, on occasion, come to social gatherings at the home of Bruce Cahill.

6. Denied.

7. Denied except that Cahill became the CEO and President of Pharma Pak.

8. Denied.

9. Denied.

10. Denied.

11. Denied that Edalat originally founded Pharma Pak, but otherwise admitted.

12. Denied except that further investors into Pharma Pak were being pursued in September of 2015.

13. Denied.

14. Denied except that Cullen became an investor.

15. Denied except that Plaintiff Franco purchased shares from Pharma Pak and obtained ownership of 7.5% of Pharma Pak shares.

16. Denied that any shell corporations were involved, otherwise admitted.

17. Admitted.

18. Denied except that Cahill owns approximately 37% of Pharma Pak.

19. Denied.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied except that in or around early March, Pharma Pak employees were terminated because Pharma Pak did not have the assets to continue their employment, nor the business activity to justify that employment.

29. Denied.

30. Admitted.

31. Denied.

32. Denied.

33. Denied.

34. Denied except Cahill's domicile and ownership of Pharma Pak, which are admitted.

35. Denied.

36. Denied except admits Plaintiff Scott's domicile and share ownership.

37. Denied except admits Plaintiff Franco's domicile and share ownership.

38. Denied except Wood's domicile and his part time role, which are admitted.

39. Denied except Counterclaim Defendant's domicile, which is admitted.

40. Denied.

41. Denied except that Counterclaim Defendant Life Tech Global, LLC operates in the cities of Irvine and Oceanside, California.

42. Admitted.

43. Admitted.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

    (a) Admitted except the allegations of illegality, unregistered medical devices and THC.

    (b) Denied that Weimann made fraudulent statements or that the patents Weimann proposed using are registered to Medipatch, otherwise admitted.

(c) Denied.

(d) Admit that Counterclaim Defendant Weimann obtained certain patents for Pharma Pak, but otherwise denied.

(e) Denied that there was any failure to disclose the background of Mark Erfurt and the allegations about his access, but otherwise admitted.

(f) Denied.

(g) Denied.

(h) Denied.

(i) DKI as to Aydinol prior salary, denied as to Cahill's lack of due diligence, admitted as to Aydinol's arrest, denied as to his residence, denied as to work performed, and denied as to prior statements about salary.

(j) Denied.

54. Denied.

55. Denied.

56. Denied that Wood controls the accounting for ten Cahill entities and shell corporations, or their books and records, but admitted that Wood was hired to work for Pharma Pak.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT
PAUL EDALAT'S THIRD AMENDED COUNTERCLAIM (DKT. NO. 147)
CASE NO: 8:16-cv-00686-AG-DFM

6

57. Denied that Counterclaim Defendant Wood's salary was excessive.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Admitted that Cahill could transfer Pharma Pak funds, but otherwise denied.

64. Denied.

65. Denied.

66. Denied.

67. Admitted as to Doctor Kleine's credentials, but otherwise denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted that Counterclaim Defendant Cullen was to assume a role as financial officer and admit the quoted content his email and its date, but otherwise denied.

72. Denied except as admitted in answer to paragraph 71.

73. Denied.

74. Denied.

75. Denied that any such production was ordered, that it was illicit or in violation of any federal or state law, but admitted that the word clandestine was used.

76. Admitted.

77. Denied.

78. Denied that Cahill paid to Aydinol any sum, or that there was any "illicit production," but otherwise admitted.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied that these manufacturing employees were told that Edalat's actions caused the firing of any employees. One employee, Luis Navarro, was told separately after he refused to leave a Pharma Pak facility after being asked to do so; otherwise denied. It is true, however, that Edalat's actions, along with those of Karpinski, resulted in the financial distress of Pharma Pak as alleged in Count Six of Plaintiffs' Second Amended Complaint which was

the reason why the employees were terminated, along with the discovery that they were not working on behalf of Pharma Pak, but rather were working for Edalat in other ventures despite being paid by Pharma Pak.

85. Denied.

86. Denied.

87. Denied.

88. Denied that there were any "controlling shareholders," and denied that there was any improper reason for filing Life Tech Global in Delaware, otherwise admitted.

89. Denied that there were any controlling shareholders, otherwise admitted.

90. Denied.

91. Denied except admitted that certain assets were sold by Pharma Pak to Life Tech Global.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied that there is any intent to defraud.

97. Denied.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT
PAUL EDALAT'S THIRD AMENDED COUNTERCLAIM (DKT. NO. 147)
CASE NO: 8:16-cv-00686-AG-DFM

98. Admitted that Plaintiff Cahill was the only director of Pharma Pak, but otherwise denied.

99. Denied.

100. This re-allegation is answered as previously in this Answer.

101. Denied for the reasons stated in the Second Affirmative Defense and because this is a legal conclusion, not a factual assertion.

102. This is a legal conclusion, not a factual assertion, but is answered by the assertion that those named in this paragraph acted at all times within the bounds of the law and their legal duty.

103. This is a legal conclusion, not a factual assertion, but is answered by the assertion that those named in this paragraph acted at all times within the bounds of the law and their legal duty.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Admit that the transcribed testimony of John Crowther reflects his testimony, but denies any breach and denies the factual assertions stated in subparagraphs (a), (b), (d), and (e).

109. Denied.

110. Denied.

111. This re-allegation is answered as previously in this Answer.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. This re-allegation is answered as previously in this Answer.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. This re-allegation is answered as previously in this Answer.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT
PAUL EDALAT'S THIRD AMENDED COUNTERCLAIM (DKT. NO. 147)
CASE NO: 8:16-cv-00686-AG-DFM

11

128. Denied.

129. This re-allegation is answered as previously in this Answer.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. This re-allegation is answered as previously in this Answer.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

## FIRST AFFIRMATIVE DEFENSE

143. The Edalat Counterclaim and each purported cause of action therein fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

144. Any fiduciary duty owed normally to shareholders was fully performed and Edalat excused any further duty or action expected by him because he acted in a sustained and calculated manner to harm Pharma Pak by the following, among other actions:

 (a) All the actions set forth in Count Six of Plaintiffs' Second Amended Complaint, each of which are re-alleged and incorporated by reference herein as if fully set forth herein;

 (b) Edalat never intended to work to advance Pharma Pak; instead, once he had sold all of its shares and pocketed approximately two million dollars, he misused Pharma Pak assets, lied to its shareholders, officer and director, and spent his time and employee time working on matters not related to Pharma Pak even though said employees were paid for by Pharma Pak.

## THIRD AFFIRMATIVE DEFENSE

145. Any equitable relief sought by Edalat in his Counterclaim is excused under the doctrine of unclean hands for the reasons stated in paragraphs 143 and 144 of this Answer.

## FOURTH AFFIRMATIVE DEFENSE

146. By reason of the allegations of paragraphs 143 and 144 of this Answer, Edalat is estopped from obtaining any relief against Plaintiffs or Counterclaim Defendants.

## FIFTH AFFIRMATIVE DEFENSE

147. By reason of the allegations of paragraphs 143 and 144 of this Answer, Edalat is barred from obtaining any relief against Plaintiffs or Counterclaim Defendants under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

148. Any duty arising in favor of any shareholder cannot be asserted by Edalat against any of the Plaintiffs or Counterclaim Defendants because his fraudulent activity which fraudulently induced said Plaintiffs and Counterclaim Defendants into entering into a relationship with Edalat that might otherwise have given rise to such a duty; and therefore there was fraudulent inducement voiding any such obligation for all the reasons stated in the Plaintiffs' Second Amended Complaint, all of which allegations are adopted herein as if fully re-pleaded.

WHEREFORE, Plaintiffs and Counterclaim Defendants ask that Counterclaimant/Defendant Paul Edalat take nothing on the Edalat Counterclaim, that judgment be entered against him and in favor of all Plaintiffs and Counterclaim Defendants on said Counterclaim, that Plaintiffs and Counterclaim Defendants be awarded all taxable costs incurred by defending the Edalat Counterclaim, and that this Court grant to Plaintiffs and Counterclaim Defendants such other and further relief as it deems just in the circumstances.

Dated: January 6, 2017     Respectfully submitted,

MARKHAM & READ

By: /s/ John J.E. Markham, II
John J.E. Markham, II
Attorney for Plaintiffs
*Attorney for all Plaintiffs*
*and Counterclaim Defendants*

# CERTIFICATE OF SERVICE

Commonwealth of Massachusetts, County of Suffolk.

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action. My business address is One Commercial Wharf West, Boston MA 02110

On January 6, 2017, I served the foregoing document described as:

**PLAINTIFFS' AND COUNTERCLAIM DEFENDANTS' ANSWER TO DEFENDANT PAUL EDALAT'S THIRD AMENDED COUNTERCLAIM (DKT. NO. 147)**

[**X**] **BY ELECTRONIC MAIL via the ECF filing system on**:

Kristopher Price Diulio, Esq.
Brendan M. Ford
FORD & DIULIO, PC
695 Town Center Drive, Ste 700
Costa Mesa, CA 92626
(714) 384-5542
Email: kdiulio@forddiulio.com
       bford@forddiulio.com

*Attorneys for Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi, Blue Torch Ventures, Inc., LIWA, N.A., Inc., Sentus Land Management, LLC, Sentar Pharmaceuticals, Inc., EFT Global Holdings, Inc.*

Executed on January 6, 2017 in Boston, Massachusetts.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

            */s/ John J.E. Markham, II*
             John J.E. Markham, II