UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REGARDING MOTIONS TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. have filed a 79 page second amended complaint ("SAC") against Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi, Sentar Pharmaceuticals, Inc., EFT Global Holdings, Inc. ("EFT"), Blue Torch Ventures, Inc. ("BTV"), and LIWA, N.A., Inc. ("LIWA"). (Dkt. No. 142.) The SAC seeks relief for claims related to allegedly fraudulent business-related activities and libelous statements. Three motions to dismiss have been filed against the SAC. The first is from Edalat, the second is from EFT, and the third is from Karpinski, Barghi, BTV, and LIWA. This is Defendants' first attempt at dismissing Plaintiffs' complaint for failure to state a claim.

## 1. LEGAL STANDARD

A court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claim for relief must be plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In analyzing the complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

Claims that are "grounded in fraud" or "sound in fraud" are subject to the heightened pleading standards of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). Rule 9(b) "requires particularized allegations of the circumstances constituting fraud, including identifying the statements at issue and setting forth what is false or misleading . . . about the statement and why the statements were false or misleading at the time they were made." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012). To satisfy Rule 9(b), a plaintiff must allege "the who, what, when, where, and how" of the misconduct. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997).

2.   ANALYSIS

   2.1   EFT's Motion to Dismiss

EFT argues that all claims against it should be dismissed because (1) the SAC relies on the doctrine of reverse piercing of the corporate veil, which California doesn't recognize, and (2) the SAC doesn't establish alter ego liability even under the traditional alter ego theory. Plaintiffs argue that the SAC alleges alternative theories of EFT's liability such as the *respondeat superior* doctrine, the alter ego doctrine, the agency doctrine, and the single enterprise doctrine. (Dkt. No. 170 at 7.)

The complaint alleges the following relevant facts. EFT was formed in 2013 by Barghi and originally operated by doing business as "Scilabs Pharmaceuticals." (SAC, Dkt. No. 142 ¶ 17) Later, EFT started doing business as "Sentar pharmaceuticals" to avoid bad publicity and investment deterrance, because another entity owned by Edalat—Sclibabs Nutraceuticals, Inc.—was shut down in late 2014 through a federal court order obtained by the FDA. (*Id.*) Edalat and Barghi made numerous specific false statements to Plaintiffs about the status of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

EFT, to induce Plaintiffs to invest. (*Id.* ¶¶ 29–32, 58, 42–46, 49–52.) Edalat and Barghi also posted a false statement on behalf of EFT on the internet. (*Id.* ¶ 29(q).) EFT "has no separate existence apart from Edalat and instead it acts as Edalat tells it to act and exists and acts solely as Edalat's alter ego, doing only what he commands, either directly or through Farah Barghi, to further Edalat's fraudulent activities. It is a mere shell and does not observe any of the corporate formalities." (*Id.* ¶ 18.)

"Ordinarily, a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000). "Under the standard alter ego doctrine, in appropriate circumstances the corporate form may be disregarded and the corporate veil pierced so that an individual shareholder may be held personally liable for claims against the corporation." *Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1513 (2008). Some courts recognize the reverse piercing of the corporate veil, where "the corporate veil is pierced to permit a third party creditor to reach corporate assets to satisfy claims against an individual shareholder." *Id.* The California Supreme Court hasn't addressed the doctrine of reverse corporate piercing, but at least one California court of appeals court has rejected the doctrine. *See id.*

But it's not necessary to address whether reverse piercing of the corporate veil is applicable here because the SAC alleges sufficient facts to establish EFT's liability under the agency theory, where "the corporate identity is preserved but the principal is held liable for the acts of its agent." *N. Nat. Gas Co. v. Superior Court*, 64 Cal. App. 3d 983, 994 (1976). "An agent is one who represents another, called the principal, in dealings with third persons." Cal. Civ. Code § 2295. And "[a] principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof." *Id.* § 2334. "Ostensible authority" is the power that the principal "causes or allows a third person to believe the agent . . . possess[es]." *Id.* § 2317. There are sufficient factual allegations in the SAC to establish liability for EFT, the principal, for misconduct by EFT's agent, Edalat.

The Court DENIES the motion to dismiss these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.2 Edalat's Motion to Dismiss

As an initial point, Edalat's motion states reasons for dismissal of claims against Edalat *and* other Defendants even though this motion is presented only on Edalat's behalf. Only arguments for dismissal of claims against Edalat will be considered from this motion.

#### 2.2.1 Securities Fraud Claims

Counts one through four allege violations of federal securities laws under Section 10(b) of the Exchange Act and SEC Rule 10b-5. "[A] Section 10(b) action can be brought by a purchaser or seller of '*any* security' against '*any* person' who has used '*any* manipulative or deceptive device or contrivance' in connection with the purchase or sale of a security." *Herman & MacLean v. Huddleston*, 459 U.S. 375, 382 (1983) (emphasis in original). The elements for a Section 10(b) violation are "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011).

All six elements are sufficiently alleged against Edalat in the SAC. Among other relevant facts, the SAC alleges that Edalat inducted individual Plaintiffs to buy Pharma Pak shares by knowingly making false and fraudulent material statements. (*See, e.g.*, SAC, Dkt. No. 142 ¶¶ 31, 5, 29(h), (n), and (o)). The SAC also alleges the connection between these false statements and the purchase of Pharma Pak sales throughout the SAC. *See Madden v. Cowen & Co.*, 576 F.3d 957, 966 (9th Cir. 2009) (defining the connection element of a Section 10(b) claim as "a relationship in which the fraud and the stock sale coincide or are more than tangentially related.").

The Court DENIES the motion to dismiss this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.2.2  1933 Securities Act Claim

Count five alleges a violation of section 12(a)(2) of the 1933 Securities Act. Edalat argues that this count should be dismissed because it only applies to public stock offerings. Plaintiffs concede that point and have withdrawn this count. (Dkt. No 167 at 30.) Count five is thus DISMISSED WITHOUT LEAVE TO AMEND as to all Defendants.

### 2.2.3 Racketeer Influenced and Corrupt Organizations Act Claim

Count six alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Edalat argues that this claim fails because Plaintiffs use the same allegedly fraudulent conduct underlying their securities fraud claim to support their RICO violations claim and this isn't allowed under Section 107 of the Reform Act. Plaintiffs assert that Edalat's argument fails because their RICO claims, which are only alleged by Plaintiffs Pharma Pak and Cahill for injury to their business and property, are totally separate from their securities fraud claim. Plaintiffs' assertion is correct.

The RICO claims are based on allegations of the following crimes: wire fraud, distribution of controlled substance, money laundering, and obstruction of justice. (SAC ¶ 75.) The conduct alleged under these crimes is separate from the conduct alleged under the securities fraud claim. For example, specific instances of wire fraud are alleged throughout the SAC. Paragraphs 80, 86, and 87 are some examples of bank wiring for payments of allegedly fraudulently reported employment activities. The SAC sufficiently alleges that Edalat and other Defendants made interbank electronic deposits, using Pharma Pak funds, to pay salaries to employees who were supposed to be working for Pharma Pak but were actually working for another company.

The Court DENIES the motion to dismiss this claim.

### 2.2.4  State Law Fraud Claims

Counts nine and ten allege claims for fraud under California law. Edalat argues that these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

claims should be dismissed for lack of specificity but Edalat's argument is unconvincing. All elements of fraud are sufficiently pled with specificity in the SAC. In California, the elements of fraud are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). All of these elements are also elements of a federal securities fraud claim that, as previously stated, are sufficiently alleged in the SAC.

Edalat also argue that claim ten for fraud by concealment fails because the SAC doesn't allege a duty to disclose. The SAC states in part, "Defendants Edalat, Karpinski, and Barghi repeatedly and intentionally concealed and/or suppressed material facts, as alleged in paragraphs 29 through 38 of this [SAC], which Defendants had a duty to disclose to the individual plaintiffs when offering sale of stock in Pharma Pak." (SAC, Dkt. No. 142 ¶ 139.) "[A] duty to disclose may arise from the relationship between seller and buyer . . . or parties entering into any kind of contractual agreement." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997). Edalat's argument thus fails since Plaintiffs have alleged a seller-buyer relationship between Edalat and the individual plaintiffs.

The Court DENIES the motion to dismiss these claims.

### 2.2.5 Franco and Cullen's Defamation by Libel claims

Edalat argues that both Cullen and Franco's libel claims should be dismissed. This argument fails because there are sufficient allegations of libel by Franco and Cullen in the SAC. According to the SAC, Edalat wrote this twitter post: "Bruce Cahill Greg Cullen Shane Scott of Utah and self proclaimed fake 'church priest and healer' (tax evader) & lastly Ron Franco: it's on!" (SAC, Dkt. No. 142 ¶ 162(a).) Then Edalat wrote "You stole my comp while I was travelling. You fired my employees for turning all of you in for Manuf class1drugs. You will all face justice." (*Id.* ¶ 162(b).) This is a statement accusing both Cullen and Franco of crimes, which is libel per se. *Barnes-Hind, Inc. v. Superior Court*, 181 Cal. App. 3d 377, 385 (1986) ("Perhaps the clearest example of libel per se is an accusation of crime.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

The Court DENIES the motion to dismiss these claims.

### 2.3 Karpinski, Barghi, BTV, and LIWA's Motion to Dismiss

#### 2.3.1 Securities Fraud Claims

Barghi argues that the securities fraud claims against her should be dismissed and Karpinski argues that Plaintiffs Cullen and Franco's securities fraud claims against her should be dismissed.

First, Barghi's argument that Plaintiffs don't state a "single, specific misrepresentation allegedly made by Ms. Barghi in connection with Plaintiffs' investment in Pharma Pak" is unconvincing. (Dkt. No. 163 at 11.) The SAC states, "Barghi drafted and published" multiple Private Placement Memorandum and sent them to the individual plaintiffs. (SAC, Dkt. No. 142 ¶ 299(h).) This memorandum contained allegedly false material information and specifically fraudulent statements made by Barghi are listed in the SAC. (*Id.*) And the SAC states why these statements were material and how they induced Plaintiffs to invest in Pharma Pak. (*Id.* ¶ 299(i).)

Karpinski's argument also fails. According to the SAC, "in repeated conversations held in and around the Los Angeles area, Karpinski fraudulently told Cullen that she had valuable sales orders for Pharma Pak which would result in substantial profits by the end of its first year of operation and this was material because this promised profitability made the purchase of Pharma Pak stock more attractive to Cullen." (SAC, Dkt. No. 142 ¶ 43(f).) The falsity of this statement is alleged at the beginning of paragraph 43. Karpinski has also allegedly made various fraudulent statements to Franco, some examples of which are stated in paragraphs 58(a) to (h) and (j) in the SAC.

The Court DENIES the motion to dismiss these claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.3.2 RICO

Defendants ask the Court to dismiss the RICO claim alleged against all of them. There are sufficient allegations of at least one crime, namely wire fraud, against both Karpinski and Barghi for the same reason that there were sufficient RICO allegations against Edalat. But the allegations against Blue Torch and LIWA aren't sufficient to hold these companies liable under an agency theory. The SAC does sufficiently allege that Edalat and Barghi were Blue Torch and LIWA's agents but that isn't enough. "[A]n employer that is benefited [sic] by its employee or agent's violations of section 1962(c) may be held liable under the doctrines of respondeat superior and agency when the employer is distinct from the enterprise." *Brady v. Dairy Fresh Prod. Co.*, 974 F.2d 1149, 1154 (9th Cir. 1992). The SAC doesn't allege how Blue Torch and LIWA benefitted from Edalat and Barghi's violations.

The Court DENIES the motion to dismiss the RICO claims alleged against Karpinski and Barghi but GRANTS the motion to dismiss the RICO claims alleged against Blue Torch and LIWA, WITH LEAVE TO AMEND.

### 2.3.3 State Law Claim for Violation of California Corporations Code

Barghi next ask the Court to dismiss the California Corporations Code violation claims asserted against her. The SAC alleges violations of Section 25504.1 of the California Corporations Code, which is California's equivalent of an SEC Rule 10b-5 violation. In California, "[i]t is unlawful for any person to offer or sell a security in this state, or to buy or offer to buy a security in this state, by means of any written or oral communication that includes an untrue statement of a material fact or omits to state a material fact necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading." Cal. Corp. Code § 25401. And "[a]ny person who materially assists in violation of Section . . . 25401 . . . is jointly and severally liable." Cal. Corp. Code § 25504.1. The SAC alleges sufficient facts against Barghi to state a claim that she violated the California Corporations Code by materially assisting Edalat in selling Pharma Pak stock.

The Court DENIES the motion to dismiss this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 16-00686 AG (DFMx) | Date | February 15, 2017 |
|---|---|---|---|
| Title | BRUCE CAHILL ET AL. v. PAUL PEJMAN EDALAT ET AL. | | |

### 2.3.4 Fraud Claims

Lastly, Defendants ask the Court to dismiss the state fraud claims alleged against Barghi and Karpinski. Sufficient allegations of fraud have been stated against Karpinski and Barghi similar to how they were alleged against Edalat as discussed in section 2.2.4 of this Order. Thus the Court DENIES the motion to dismiss these claims.

### 3. DISPOSITION

The Court GRANTS IN PART and DENIES IN PART the motions to dismiss. (Dkt. Nos. 162, 163, & 166.)

Plaintiffs may file an amended complaint within 14 days of this Order for claims where leave to amend has been granted

: 0

Initials of Preparer   lmb