1  Kristopher P. Diulio (SBN 229399)
   kdiulio@FordDiulio.com
2  Brendan M. Ford (SBN 224333)
   bford@FordDiulio.com
3  Tyler E. Sanchez (SBN 299131)
   tsanchez@FordDiulio.com
4  Eric V. Ta (SBN 311600)
   eta@FordDiulio.com
5  FORD & DIULIO PC
   695 Town Center Drive, Suite 700
6  Costa Mesa, California 92626
   Telephone: (714) 384-5540
7  Facsimile: (844) 437-7201

8  Attorneys for Defendants
   PAUL PEJMAN EDALAT; OLIVIA
9  KARPINSKI; FARAH BARGHI; SENTAR
   PHARMACEUTICALS, INC.; and EFT
10 GLOBAL HOLDINGS, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al., | Case No. 8:16-cv-00686-AG-DFM |
| Plaintiffs, | **PAUL PEJMAN EDALAT'S ANSWER TO SECOND AMENDED COMPLAINT** |
| v. | Courtroom: 10D |
| PAUL PEJMAN EDALAT, an individual, et al., | Judge: Hon. Andrew J. Guilford |
| Defendants. | |
| AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. | |

**PAUL PEJMAN EDALAT'S ANSWER TO SECOND AMENDED COMPLAINT**

# ANSWER OF DEFENDANT PAUL PEJMAN EDALAT TO SECOND AMENDED COMPLAINT FOR DAMAGES

Defendant Paul Pejman Edalat ("Defendant" or "EDALAT"), in answering Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc.'s (herein, collectively "Plaintiffs") Second Amended Complaint ("Complaint"), admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 contains Plaintiffs' characterization of their action and not allegations of fact for which an answer is necessary. To the extent an answer is required, EDALAT denies the allegations contained in paragraph 1.

2. EDALAT denies the allegations contained in paragraph 2.

3. EDALAT denies the allegations contained in paragraph 3.

## INTRODUCTION

4. EDALAT denies the allegations contained in paragraph 4.

5. Paragraph 5 of the Complaint contains Defendant's characterization of their actions and not allegations of fact for which an answer is necessary. To the extent an answer is required, EDALAT denies the allegations of paragraph 5.

6. EDALAT denies the allegations of paragraph 6.

7. EDALAT denies the allegations of paragraph 7.

## PARTIES

8. EDALAT admits the allegations contained in paragraph 8.

9. EDALAT admits the allegations contained in paragraph 9.

10. EDALAT admits the allegations contained in paragraph 10.

11. EDALAT admits the allegations contained in paragraph 11.

12. EDALAT admits the allegations contained in paragraph 12.

13. EDALAT admits the allegations contained in paragraph 13.

14. EDALAT admits that Karpinski is a citizen of California. EDALAT denies the remaining allegations contained in paragraph 14.

15. EDALAT admits that Barghi is a citizen of California. EDALAT denies the remaining allegations contained in paragraph 15.

16. EDALAT denies all allegations except that BLUE TORCH VENTURES, INC is lawfully organized in the State of Wyoming.

17. EDALAT denies all allegations except that EDALAT is a Nevada corporation with its principal place of business in Las Vegas, Nevada and dba "Sentar Pharmaceuticals" and "Scilabs Pharmaceuticals."

18. EDALAT denies the allegations in paragraph 18.

19. EDALAT denies all allegations except that Defendant Sentar Pharmaceuticals, Inc. is lawfully organized in the State of Nevada.

20. EDALAT denies the allegations of paragraph 20.

21. EDALAT denies all allegations except that LIWA, N.A., Inc. is lawfully organized in the state of Wyoming.

22. EDALAT denies the allegations in paragraph 22.

## COUNT I

23. EDALAT incorporates its answers to paragraphs 1 through 22, as if fully set forth herein.

24. Paragraph 24 contains a statement of the law and not allegations of fact for which an answer is required. To the extent an answer is required, EDALAT denies the allegations of paragraph 24.

25. EDALAT admits that Cahill, Cullen, Scott, and Franco are sophisticated investors who make investments in ventures. EDALAT denies all other allegations of paragraph 25.

26. EDALAT denies the allegations of paragraph 26.

27. EDALAT admits that Cahill, along with others, formed Pharma Pak. EDALAT denies all other allegation in paragraph 27.

28. EDALAT denies the allegations in paragraph 28.

29. EDALAT denies the allegations in paragraph 29.

30. EDALAT denies the allegations in paragraph 30.
31. EDALAT denies the allegations in paragraph 31.
32. EDALAT denies the allegations in paragraph 32.
33. EDALAT denies the allegations in paragraph 33.
34. EDALAT denies the allegations in paragraph 34.
35. EDALAT denies the allegations in paragraph 35.
36. EDALAT denies the allegations in paragraph 36.
37. EDALAT denies the allegations in paragraph 37.
38. EDALAT denies the allegations in paragraph 38.
39. EDALAT denies the allegations in paragraph 39.

**COUNT II**

40. EDALAT incorporates its answers to paragraphs 1 through 39, as if fully set forth herein.
41. EDALAT admits that Cahill ran Pharma Pak as its CEO, and was responsible for its operation and success, or lack thereof. EDALAT denies all other allegations in paragraph 41.
42. EDALAT denies the allegations in paragraph 42.
43. EDALAT denies the allegations in paragraph 43.
44. EDALAT denies the allegations in paragraph 44.
45. EDALAT denies the allegations in paragraph 45.
46. EDALAT denies the allegations in paragraph 46.
47. EDALAT denies the allegations in paragraph 47.

**COUNT III**

48. EDALAT incorporates its answers to paragraphs 1 through 47, as if fully set forth herein.
49. EDALAT denies the allegations in paragraph 49.
50. EDALAT denies the allegations in paragraph 50.
51. EDALAT denies the allegations in paragraph 51.

**PAUL PEJMAN EDALAT'S ANSWER TO SECOND AMENDED COMPLAINT**

52. EDALAT denies the allegations in paragraph 52.

53. EDALAT denies the allegations in paragraph 53.

54. EDALAT denies the allegations in paragraph 54.

55. EDALAT denies the allegations in paragraph 55.

## COUNT IV

56. EDALAT incorporates its answers to paragraphs 1 through 55, as if fully set forth herein.

57. EDALAT denies the allegations in paragraph 57.

58. EDALAT denies the allegations in paragraph 58.

59. EDALAT denies the allegations in paragraph 59.

60. EDALAT denies the allegations in paragraph 60.

61. EDALAT denies the allegations in paragraph 61.

62. EDALAT denies the allegations in paragraph 62.

63. EDALAT denies the allegations in paragraph 63.

## COUNT V

64. EDALAT incorporates its answers to paragraphs 1 through 63, as if fully set forth herein.

65. EDALAT denies the allegations in paragraph 65.

66. EDALAT denies the allegations in paragraph 66.

67. EDALAT denies the allegations in paragraph 67.

68. EDALAT denies the allegations in paragraph 68.

69. EDALAT denies the allegations in paragraph 69.

70. EDALAT denies the allegations in paragraph 70.

71. EDALAT denies the allegations in paragraph 71.

72. EDALAT denies the allegations in paragraph 72.

## COUNT VI

73. EDALAT incorporates its answers to paragraphs 1 through 72, as if fully set forth herein.

| | | |
|---|---|---|
| 1 | 74. | EDALAT denies the allegations in paragraph 74. |
| 2 | 75. | EDALAT denies the allegations in paragraph 75. |
| 3 | 76. | EDALAT denies the allegations in paragraph 76. |
| 4 | 77. | EDALAT denies the allegations in paragraph 77. |
| 5 | 78. | EDALAT denies the allegations in paragraph 78. |
| 6 | 79. | EDALAT denies the allegations in paragraph 79. |
| 7 | 80. | EDALAT denies the allegations in paragraph 80. |
| 8 | 81. | EDALAT denies the allegations in paragraph 81. |
| 9 | 82. | EDALAT denies the allegations in paragraph 82. |
| 10 | 83. | EDALAT denies the allegations in paragraph 83. |
| 11 | 84. | EDALAT denies the allegations in paragraph 84. |
| 12 | 85. | EDALAT denies the allegations in paragraph 85. |
| 13 | 86. | EDALAT denies the allegations in paragraph 86. |
| 14 | 87. | EDALAT denies the allegations in paragraph 87. |
| 15 | 88. | EDALAT denies the allegations in paragraph 88. |
| 16 | 89. | EDALAT denies the allegations in paragraph 89. |
| 17 | 90. | EDALAT denies the allegations in paragraph 90. |
| 18 | 91. | EDALAT denies the allegations in paragraph 91. |
| 19 | 92. | EDALAT denies the allegations in paragraph 92. |
| 20 | 93. | EDALAT denies the allegations in paragraph 93. |
| 21 | 94. | EDALAT denies the allegations in paragraph 94. |
| 22 | 95. | EDALAT denies the allegations in paragraph 95. |
| 23 | 96. | EDALAT denies the allegations in paragraph 96. |
| 24 | 97. | EDALAT denies the allegations in paragraph 97. |
| 25 | 98. | EDALAT denies the allegations in paragraph 98. |
| 26 | 99. | EDALAT denies the allegations in paragraph 99. |
| 27 | 100. | EDALAT denies the allegations in paragraph 100. |
| 28 | 101. | EDALAT denies the allegations in paragraph 101. |

102. EDALAT denies the allegations in paragraph 102.

103. EDALAT denies the allegations in paragraph 103.

104. EDALAT denies the allegations in paragraph 104.

105. EDALAT denies the allegations in paragraph 105.

106. EDALAT denies the allegations in paragraph 106.

107. EDALAT denies the allegations in paragraph 107.

108. EDALAT denies the allegations in paragraph 108.

109. EDALAT denies the allegations in paragraph 109.

110. EDALAT denies the allegations in paragraph 110.

111. EDALAT denies the allegations in paragraph 111.

112. EDALAT denies the allegations in paragraph 112.

113. EDALAT denies the allegations in paragraph 113.

114. EDALAT denies the allegations in paragraph 114.

115. EDALAT denies the allegations in paragraph 115.

116. EDALAT denies the allegations in paragraph 116.

117. EDALAT denies the allegations in paragraph 117.

## COUNT VII

118. EDALAT incorporates its answers to paragraphs 1 through 117, as if fully set forth herein.

119. EDALAT denies the allegations in paragraph 119.

120. EDALAT denies the allegations in paragraph 120.

121. EDALAT denies the allegations in paragraph 121.

122. EDALAT denies the allegations in paragraph 122.

123. EDALAT denies the allegations in paragraph 123.

124. EDALAT denies the allegations in paragraph 124.

## COUNT VIII

125. EDALAT incorporates its answers to paragraphs 1 through 124, as if fully set forth herein.

126. EDALAT denies the allegations in paragraph 126.

127. EDALAT denies the allegations in paragraph 127.

128. EDALAT denies the allegations in paragraph 128.

129. EDALAT denies the allegations in paragraph 129.

130. EDALAT denies the allegations in paragraph 130.

131. EDALAT denies the allegations in paragraph 131.

## COUNT IX

132. EDALAT incorporates its answers to paragraphs 1 through 131, as if fully set forth herein.

133. EDALAT denies the allegations in paragraph 133.

134. EDALAT denies the allegations in paragraph 134.

135. EDALAT denies the allegations in paragraph 135.

136. EDALAT denies the allegations in paragraph 136.

137. EDALAT denies the allegations in paragraph 137.

## COUNT X

138. EDALAT incorporates its answers to paragraphs 1 through 137, as if fully set forth herein.

139. EDALAT denies the allegations in paragraph 139.

140. EDALAT denies the allegations in paragraph 140.

141. EDALAT denies the allegations in paragraph 141.

142. EDALAT denies the allegations in paragraph 142.

143. EDALAT denies the allegations in paragraph 143.

144. EDALAT denies the allegations in paragraph 144.

## COUNT XI

145. EDALAT incorporates its answers to paragraphs 1 through 144, as if fully set forth herein.

146. EDALAT denies the allegations in paragraph 146.

147. EDALAT denies the allegations in paragraph 147.

148. EDALAT denies the allegations in paragraph 148.

149. EDALAT denies the allegations in paragraph 149.

150. EDALAT denies the allegations in paragraph 150.

151. EDALAT denies the allegations in paragraph 151.

152. EDALAT denies the allegations in paragraph 152.

## COUNT XII

153. EDALAT incorporates its answers to paragraphs 1 through 152, as if fully set forth herein.

154. EDALAT denies the allegations in paragraph 154.

155. EDALAT denies the allegations in paragraph 155.

156. EDALAT denies the allegations in paragraph 156.

157. EDALAT denies the allegations in paragraph 157.

158. EDALAT denies the allegations in paragraph 158.

## COUNT XIII

159. EDALAT incorporates its answers to paragraphs 1 through 158, as if fully set forth herein.

160. EDALAT denies the allegations in paragraph 160.

161. EDALAT denies the allegations in paragraph 161.

162. EDALAT denies the allegations in paragraph 162.

163. EDALAT denies the allegations in paragraph 163.

164. EDALAT denies the allegations in paragraph 164.

## COUNT XIV

165. Count XIV contains no claims against EDALAT and no response is required.

166. Count XIV contains no claims against EDALAT and no response is required.

167. Count XIV contains no claims against EDALAT and no response is required.

168. Count XIV contains no claims against EDALAT and no response is required.

169. Count XIV contains no claims against EDALAT and no response is required.

## PRAYER FOR RELIEF

170. EDALAT further denies each and every allegation contained in the Complaint that was not specifically admitted or denies in this Answer.

171. EDALAT denies that Plaintiffs are entitled to any relief of judgment whatsoever, either as prayed for in the Complaint or otherwise.

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

172. Plaintiffs' complaint in each alleged cause of action thereof fails to state a cause of action against these answering defendants.

## SECOND AFFIRMATIVE DEFENSE

173. That any and all events and happenings in connection with the allegations contained in Plaintiffs' Complaint and resulting injuries and damages, if any, referred to therein, were proximately caused and/or contributed by the negligence of the plaintiff and by or were proximately caused and/or contributed to or were proximately caused and/or contributed by the negligence of the plaintiff and by others for whom these answering defendants are not responsible, and as such said complaint is barred herein to the extent of the application of the doctrine of comparative negligence.

## THIRD AFFIRMATIVE DEFENSE

174. If in fact plaintiff was damaged in any manner whatsoever, these defendants are entitled to a right to indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the incidents or alleged injuries.

## FOURTH AFFIRMATIVE DEFENSE

175. Plaintiffs' complaint is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

176. Plaintiffs' complaint is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

177. Plaintiffs' complaint is barred by all appropriate statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

178. Plaintiffs' complaint is barred by the doctrine of assumption of risk.

## EIGHTH AFFIRMATIVE DEFENSE

179. EDALAT, answering incorporates by reference each and every other affirmative defense plead by each and every defendants and cross-defendants.

## NINTH AFFIRMATIVE DEFENSE

180. Plaintiffs' complaint is barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

181. EDALAT has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter. EDALAT further reserves the right to amend its Answer and/or Affirmative Defenses accordingly and/or delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

**PAUL PEJMAN EDALAT'S ANSWER TO SECOND AMENDED COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

182. Plaintiffs' claims may be barred or limited in whole or in part to the extent Defendants' conduct related to protected litigation activity and was therefore privileged, including but not limited to the privilege protections provided pursuant to California Civil Code § 47.

## TWELFTH AFFIRMATIVE DEFENSE

183. Plaintiff's claims may be barred or limited in whole or in part to the extent Defendants acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to Defendants at the time Defendants acted. By asserting this defense, Defendants do not intend to waive any applicable privileges or protections, but assert this defense to the extent it is applicable to non-privileged information or Defendants later determine it would be appropriate to waive an applicable privilege or protection in order to support this defense.

## THIRTEENTH AFFIRMATIVE DEFENSE

184. Plaintiffs' claims may be barred or limited in whole or in part to the extent the conduct complained of, to the extent it took place at all, was justified because Defendants were relying on information they had available to them. By asserting this defense, Defendants do not intend to waive any applicable privileges or protections, but assert this defense to the extent it is applicable to non-privileged information or Defendants later determine it would be appropriate to waive an applicable privilege or protection in order to support this defense.

## FOURTEENTH AFFIRMATIVE DEFENSE

185. Plaintiffs did not and could not have reasonably relied on alleged misrepresentation or omissions, as alleged in the Complaint, by Defendants. Instead, Plaintiffs relief exclusively upon their own independent investigations, analysis, and advise of persons other than Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

186. Plaintiffs' claims are barred in whole or in part because Defendants are

entitled to indemnification from Defendants, including from Pharma Pak and Cahill, to the extent any conduct alleged in the Complaint was undertaken for the benefit or at the direction of Pharma Pak and its CEO Cahill.

### SIXTEENTH AFFIRMATIVE DEFENSE

187. The portions of the Complaint that seek damages above and beyond actual damages violate the Fifth and Eighth Amendments to the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

188. Plaintiffs have failed to mitigate, in whole or in part, losses sustained as a result of the allegations in the Complaint.

WHEREFORE, Defendant prays for judgment as follows:

1. Dismiss the Complaint with prejudice and enter judgment in favor of EDALAT;

2. That in the event that Plaintiff does recover damages from Defendants, that Defendants have a determination by Court as to an apportionment of fault and declaration of the right of indemnity from all other defendants and cross-defendants;

3. That Defendants be award costs, including reasonable attorneys' fees;

4. Order such other relief as the Court deems just and proper

Dated: March 1, 2017        **FORD & DIULIO PC**

By: /s/ *Kristopher P. Diulio*
    Kristopher P. Diulio

Attorneys for Defendants PAUL PEJMAN EDALAT; OLIVIA KARPINSKI; FARAH BARGHI; SENTAR PHARMACEUTICALS, INC.; and EFT GLOBAL HOLDINGS, INC.

**PAUL PEJMAN EDALAT'S ANSWER TO SECOND AMENDED COMPLAINT**

# CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2017, I electronically served via email the foregoing **PAUL PEJMAN EDALAT'S ANSWER TO SECOND AMENDED COMPLAINT** from the email address kdiulio@forddiulio.com to the following counsel of record:

John J.E. Markham, II
Elizabeth L. Read
Markham & Read
One Commercial Wharf West
Boston, MA 02110
jmarkham@markhamread.com
eread@markhamread.com

Counsel for Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc.

                                          /s/ *Kristopher P. Diulio*
                                          Kristopher P. Diulio