John J.E. Markham, II (CA Bar No. 69623)
Email: jmarkham@markhamread.com
Elizabeth L. Read (CA Bar No. 87618)
Email: eread@markhamread.com
MARKHAM & READ
One Commercial Wharf West
Boston, Massachusetts 02110
Tel: (617) 523-6329
Fax: (617) 742-8604

Attorneys for Plaintiffs BRUCE CAHILL, GREG CULLEN, SHANE SCOTT, RON FRANCO, and PHARMA PAK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al.,<br><br>Plaintiffs,<br><br>-- vs. --<br><br>PAUL PEJMAN EDALAT, an individual, et al.,<br><br>Defendants. | **CASE NO: 8:16-cv-00686-AG-DFM**<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO "CROSS-COMPLAINTANTS EFT GLOBAL HOLDINGS, INC. AND SENTAR PHARMACEUTICALS' COUNTER-CLAIM" (DKT. NO. 187)** |
| AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. | |

Plaintiffs/Counterclaim Defendants Bruce Cahill, Greg Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc. (sometimes referred to herein collectively as "Answering Parties") hereby answer Counterclaimants EFT Global Holdings, Inc. and Sentar Pharmaceuticals, Inc.'s Counterclaim (Docket No. 187 (hereinafter referred to as "EFT/Sentar Counterclaim.") When used herein the term "DKI" means that these Answering Parties lack knowledge or information sufficient to form a belief about the truth of an allegation, within the meaning of federal Rule of Civil Procedure 8(b)(5).

## ADMISSIONS AND DENIALS

## INTRODUCTION

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.

## PARTIES

6. Admitted.
7. Admitted.

8. Admitted.

9. Admitted, except the allegation of agency is denied.

10. Admitted, except the allegation of agency is denied.

11. Admitted, except the allegation of agency is denied.

12. Admitted.

13. Denied.

14. DKI.

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

## GENERAL ALLEGATIONS

15. Admitted.

16. DKI.

17. DKI.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

**FIRST CAUSE OF ACTION**

**(Intentional Interference with Contractual Relations)**

27. Answering Parties hereby reincorporate by reference all above responses to paragraphs 1 through 26 of this Answer as if fully set forth here.

28. DKI.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**SECOND CAUSE OF ACTION**

**(Intentional Interference with Prospective Economic Advantage)**

35. Answering Parties hereby reincorporate by reference all above responses to paragraphs 1 through 34 of this Answer as if fully set forth here.

36. DKI.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## THIRD CAUSE OF ACTION

### (Negligent Interference with Prospective Business Advantage)

44. Answering Parties hereby reincorporate by reference all above responses to paragraphs 1 through 43 of this Answer as if fully set forth here.

45. DKI.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## FOURTH CAUSE OF ACTION

**(Defamation – Libel)**

53. Answering Parties hereby reincorporate by reference all above responses to paragraphs 1 through 52 of this Answer as if fully set forth here.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## PRAYER FOR RELIEF

Denied.

**FIRST AFFIRMATIVE DEFENSE**

62. The EFT/Sentar Counterclaim and each purported cause of action therein fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

63. The Answering parties owe no fiduciary duty to Counterclaimants.

**THIRD AFFIRMATIVE DEFENSE**

64. Any equitable relief sought by this Counterclaim is excused under the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

65. The EFT/Sentar Counterclaim, and each claim for relief alleged therein, is barred because EFT and Sentar are estopped by their own conduct to claim any right to damages or any relief against the Answering Parties.

**FIFTH AFFIRMATIVE DEFENSE**

66. By reason of the allegations in the Plaintiffs' Second Amended Complaint (at Dkt. No. 142, all of which allegations are adopted herein as if fully re-pleaded), Counterclaimants are barred from obtaining any relief against the Answering Parties under the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

67. Any conduct of the Answering Parties is protected by the privilege of competition.

**SEVENTH AFFIRMATIVE DEFENSE**

68. The Answering Parties assert that EFT and/or Sentar caused or contributed to the matters alleged, thereby causing and/or contributing to EFT/Sentar's alleged injury or damage, if any.

**EIGHTH AFFIRMATIVE DEFENSE**

69. The EFT/Sentar Counterclaim, and each purported claim for relief alleged therein, is barred because any and all actions taken by the Answering Parties was/were justified, fair, privileged, lawful and truthful and taken in good faith for legitimate business reasons and interests.

**NINTH AFFIRMATIVE DEFENSE**

70. The Answering Parties assert they did not engage in any unlawful conduct towards EFT or Sentar. However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of the Answering Parties occurred, such conduct was outside the course and scope of employment and was neither authorized nor ratified by the Answering Parties.

**TENTH AFFIRMATIVE DEFENSE**

71. Any and all events and happenings in connection with the allegations contained in the EFT/Sentar Counterclaim and resulting injuries and damages, if any, referred to therein, were proximately caused and/or contributed by the negligence of the Counterclaimants and by or were proximately caused and/or contributed to or were proximately caused and/or contributed by the negligence of the Counterclaimants and by others for whom these Answering Parties are not responsible, and as such said Counterclaim is barred herein to the extent of the application of the doctrine of comparative negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

72. If in fact Counterclaimants were damaged in any manner whatsoever, the Answering Parties are entitled to a right to indemnification by apportionment against all other parties and persons whose negligence contributed proximately to the happening of the incidents or alleged injuries.

**TWELFTH AFFIRMATIVE DEFENSE**

73. The EFT/Sentar Counterclaim is barred by the doctrine of assumption of risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

74. Counterclaimants have failed to mitigate, in whole or in part, losses sustained as a result of the allegations in the Counterclaim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

75. To the extent that the Answering Parties published any statements concerning EFT and/or Sentar, such statements are protected as truth, privileged, and/or fair, barring any recovery by Counterclaimants.

WHEREFORE, the Answering Parties ask that Counterclaimants/ Defendants EFT Global Holdings, Inc. and Sentar Pharmaceuticals, Inc. take nothing on the EFT/Sentar Counterclaim, that judgment be entered against them and in favor of all the Answering Parties on said Counterclaim, that the Answering Parties be awarded all taxable costs incurred by defending the EFT/Sentar Counterclaim, and that this Court grant to the Answering Parties such other and further relief as it deems just in the circumstances.

**JURY DEMAND**

Plaintiffs demand jury trial on all issues so triable.

Dated: March 5, 2017

Respectfully submitted,

MARKHAM & READ

By: */s/ John J.E. Markham, II*
John J.E. Markham, II
Attorney for Plaintiffs
*Attorney for all Plaintiffs and Counterclaim Defendants*

# CERTIFICATE OF SERVICE

Commonwealth of Massachusetts, County of Suffolk.

I am employed in the county and state aforesaid. I am over the age of 18 and not a party to the within action. My business address is One Commercial Wharf West, Boston MA 02110

On March 5, 2017, I served the foregoing document described as:

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO "COMPLAINTANTS EFT GLOBAL HOLDINGS, INC. AND SENTAR PHARMACEUTICALS' COUNTER-CLAIM" (DKT. NO. 187)**

[X] **BY ELECTRONIC MAIL via the ECF filing system on**:

Kristopher Price Diulio, Esq.
Brendan M. Ford
FORD & DIULIO, PC
695 Town Center Drive, Ste 700
Costa Mesa, CA 92626
(714) 384-5542
Email: kdiulio@forddiulio.com
bford@forddiulio.com

*Attorneys for Defendants Paul Pejman Edalat, Olivia Karpinski, Farah Barghi, Blue Torch Ventures, Inc., LIWA, N.A., Inc., Sentus Land Management, LLC, Sentar Pharmaceuticals, Inc., EFT Global Holdings, Inc.*

Executed on March 5, 2017 in Boston, Massachusetts.

I declare under penalty of perjury under the laws of United States and the State of California that the above is true and correct.

*/s/ John J.E. Markham, II*
John J.E. Markham, II