Kristopher P. Diulio (SBN 229399)
kdiulio@FordDiulio.com
Brendan M. Ford (SBN 224333)
bford@FordDiulio.com
Tyler E. Sanchez (SBN 299131)
tsanchez@FordDiulio.com
Eric V. Ta (SBN 311600)
eta@FordDiulio.com
FORD & DIULIO PC
695 Town Center Drive, Suite 700
Costa Mesa, California 92626
Telephone: (714) 384-5540
Facsimile: (844) 437-7201

Attorneys for Defendants
PAUL PEJMAN EDALAT; OLIVIA KARPINSKI; FARAH BARGHI; SENTAR PHARMACEUTICALS, INC.; and EFT GLOBAL HOLDINGS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| BRUCE CAHILL, an individual, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAUL PEJMAN EDALAT, an individual, et al., <br><br> Defendants. <br><br> AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. | Case No. 8:16-cv-00686-AG-DFM <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION FOR ORDER SHORTENING TIME ON MOTION TO COMPEL AND ON MOTION TO COMPEL ITSELF** <br><br> Discovery Cut-Off: 3/24/2017 <br> Pretrial Conference: 5/22/2017 <br> Jury Trial: 6/13/2017 <br><br> Date: March 14, 2017 <br> Time: 10:00 a.m. <br> Place: Courtroom 6B <br> Honorable Douglas F. McCormick |

Defendants Paul Pejman Edalat, Olivia Karpinksi, Farah Barghi, Sentar Pharmaceuticals, Inc., and EFT Global Holdings, Inc. oppose Plaintiffs' *Ex Parte* Application For Order Shortening Time on Motion to Compel and on Motion to Compel Itself on the following grounds:

## I. INTRODUCTION

Plaintiffs request that this Court rule on the merits of their motion to compel the production of documents, or shorten time on the briefing and hearing motion. Plaintiffs' request effectively deprives Defendants of and ability to respond to Plaintiffs' Motion. To grant *ex parte* relief – especially where it deprives Defendants of a meaningful chance to respond – the Court must find that Plaintiffs have established good cause. Plaintiffs have not done so. Accordingly, the Court should deny the *ex parte* application, hear the motion on regular briefing, and afford Defendants the opportunity to review and respond to Plaintiffs' Motion.

## II. DEFENDANTS ARE PARTICIPATING IN AN ONGOING GOOD FAITH ATTEMPT TO RESOLVE VARIOUS DISCOVERY ISSUES

Plaintiffs contend that they have sought to resolve this discovery dispute with Defendants. Further, Plaintiffs insinuate that Defendants have failed to meet and confer in good faith, thus requiring Plaintiffs to file this motion. This is not the case.

Plaintiffs' own facts show that Defendants have attempted to resolve the multiple discovery disputes without the need for the Court's intervention. Plaintiffs mischaracterizes Defendants conduct as obstructionist. Defendants have, in good faith, attempted to have a meaningful conversation with Plaintiffs' counsel regarding the issue now before the Court.

Further, there are other various outstanding discovery issues in this case requiring the Court's attention. First, Plaintiffs' witnesses have refused to answer questions at deposition. Second, Plaintiffs failed to produce documents requested by Defendants.

**OPPOSITION TO PLAINTIFFS' EX PARTE NOTICE FOR ORDER SHORTENING TIME ON MOTION TO COMPEL AND ON MOTION TO COMPEL ITSELF**

Third, Plaintiffs have failed to respond fully to interrogatories. Despite Plaintiffs' numerous discovery abuses, Defendants have steadfastly attempted to resolve these disputes without the need for judicial intervention. Defendants have not brought any discovery motions before this Court to date because, as contemplated by Local Rule 37-1, Defendants believe that nearly all discovery disputes should be handled informally, and only brought before the Court as a last resort.

Defendants remain optimistic that these issues should be resolved without court's intervention.

### III. THE COURT SHOULD DENY PLAINTIFFS' REQUEST TO HEAR THE MOTION TO COMPEL ON THE MERITS WITHOUT GIVING DEFENDANTS PROPER TIME TO RESPOND

A party seeking ex parte relief must show good cause, must show that it will be irreparably prejudiced if the underlying motion is heard on an ex parte basis, and it must establish that it is "without fault" in creating the crisis requiring ex parte relief. See, e.g., *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (CD CA 1995).

Here, no good cause exists for the Court to hear the Motion to Compel *ex parte* with one day's notice. Discovery does not close until March 24, 2017. Additionally, Plaintiffs' counsel's convenience is not good cause for at least three reasons. First, Plaintiffs' selection of a Boston-based attorney for an Orange County dispute does not trump Defendants' right to respond to this motion. Second, the parties can confer to find a date for Mr. Markham to attend the hearing in person. Third, the Court could allow Mr. Markham to appear telephonically.

Further, Defendants will be prejudiced if the Court decides *ex parte* Plaintiffs' Motion to Compel on the merits without a chance to properly brief the opposition and address the issues. Indeed, Plaintiffs provide no authority to do so.

Defendants do not oppose a shortened briefing schedule and a hearing, provided it is reasonable and reciprocal.

### IV. PLAINTIFFS' DISCOVERY REQUEST ARE OVERLY BROAD

Plaintiffs' requests are overbroad. Their requests seek "any and all" emails, texts, or documents referencing Sentar or Scilabs. Plaintiffs proposed limitations on the requests to only those made by narrowing the identity of the sender to Edalat, Barghi and Kaprinski. These requests are overbroad even considering Plaintiffs' proposed limitations. (*See* Dkt. No. 193, Exhibit D).

The requests should be limited to emails from the individual Defendants regarding Sentar or Scilabs made to Plaintiffs, or other Pharma Pak investors, only. Emails and documents from Defendant Edalat, Barghi or Karpinski to outside investors, manufacturers, suppliers, personal contacts, or other persons not affiliated with this litigation are not relevant to the narrow issue of whether Edalat, Barghi or Karpinksi were acting as agents of Defendant EFT Global Holdings, Inc. and trying to induce Plaintiffs' investment to Plaintiff Pharma Pak, Inc.

That EFT Global Holdings' Motion to Dismiss was denied by the Court does not have bearing on this discovery issue. The Court's order, however, supports a finding that the issue tethering EFT to this litigation is whether its agents made fraudulent statements to induce Plaintiffs to invest in Pharma Pak. Thus, any discovery subject to Federal Rules of Civil Procedure Rule 26 should be relevant and proportional to the needs of the case. Requesting *all* emails from Defendants Edalat, Barghi and Karpinski regarding Sentar or Scilabs is neither relevant nor proportional to the needs of the case. As such, the Court should deny Plaintiff's Motion to Compel.

### V. CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' *ex parte* application to rule on the merits of Plaintiffs' Motion to Compel and Plaintiffs' request

- 3 -

1 | for an order shortening time. Further, if the Court grants the application to shorten time,
2 | Defendants' respectfully request that the Court grant adequate time for Defendants' to
3 | respond properly to Plaintiffs' Motion to Compel.

Dated: March 13, 2017           **FORD & DIULIO PC**

By: /s/ *Eric V. Ta*
    Eric V. Ta

Attorneys for Defendants PAUL PEJMAN EDALAT; OLIVIA KARPINSKI; FARAH BARGHI; SENTAR PHARMACEUTICALS, INC.; and EFT GLOBAL HOLDINGS, INC.

# CERTIFICATE OF SERVICE

I am employed in the county of Orange and state of California. I am over the age of 18 and not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, CA 92626.

On March 13, 2017, I served the foregoing documents described as: **OPPOSITION TO PLAINTIFFS' EX PARTE NOTICE FOR ORDER SHORTENING TIME ON MOTION TO COMPEL AND ON MOTION TO COMPEL ITSELF**

☒ **BY ELECTRONIC MAIL via the ECF filing system on:**

John J.E. Markham, II
Elizabeth L. Read
Markham & Read
One Commercial Wharf West
Boston, MA 02110
jmarkham@markhamread.com
eread@markhamread.com
Counsel for Plaintiffs Bruce Cahill, Greg Cullen, Shane Scott, Ron Franco, and Pharma Pak, Inc.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

    /s/ *Eric V. Ta*
    Eric V. Ta