Kristopher P. Diulio (SBN 229399)
kdiulio@FordDiulio.com
Brendan M. Ford (SBN 224333)
bford@FordDiulio.com
Tyler E. Sanchez (SBN 299131)
tsanchez@FordDiulio.com
Eric V. Ta (SBN 311600)
eta@FordDiulio.com
FORD & DIULIO PC
695 Town Center Drive, Suite 700
Costa Mesa, California 92626
Telephone: (714) 384-5540
Facsimile: (844) 437-7201

Attorneys for Defendants
PAUL PEJMAN EDALAT; OLIVIA KARPINSKI; FARAH BARGHI; SENTAR PHARMACEUTICALS, INC.; and EFT GLOBAL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| BRUCE CAHILL, an individual, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PAUL PEJMAN EDALAT, an individual, et al., <br><br> Defendants. <br><br> AND RELATED CROSS-CLAIMS/COUNTERCLAIMS. | Case No. 8:16-cv-00686-AG-DFM <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL TO PRODUCE DOCUMENTS** <br><br> Discovery Cut-Off: 3/24/2017 <br> Pretrial Conference: 5/22/2017 <br> Jury Trial: 6/13/2017 <br><br> Date: March 14, 2017 <br> Time: 10:00 a.m. <br> Place: Courtroom 6B <br> Honorable Douglas F. McCormick |

PLEASE TAKE NOTICE that Defendants Paul Pejman Edalat, Olivia Karpinksi, Farah Barghi, Sentar Pharmaceuticals, Inc., and EFT Global Holdings, Inc. respectfully submit the following memorandum of points and authorities in support of its Opposition to Plaintiffs' motion to compel.

**Procedural History:**

The Parties met and conferred on the issues discussed herein pursuant to Local Rule 37 via email on February 28, 2017, March 6, 2017, and March 8, 2017. The parties also discussed the issues on March 6, 2017 and March 7, 2017 in person. The Parties were unable to resolve their differences.

I. **INTRODUCTION**

In this motion, Plaintiffs request that Defendants be compelled to produce documents containing an overbroad scope of emails that essentially eviscerate the most important privilege recognized by the Federal Rules of Evidence. The attorney-client privilege is essential to the effective practice of law and a cornerstone of American jurisprudence. Improper usurpation of the privilege undermines the attorney-client relationship that is at the center of the adversarial system. There must be a compelling showing to disregard this central privilege.

While Plaintiffs' have offered to limit their request, it is still overly broad, burdensome, and infringes on Defendants' attorney-client privilege. Additionally, in compliance with Federal Rules of Civil Procedure Rule 26(a)(1), all non-privileged communications have been produced in the initial disclosures. Defendants have all non-privileged documents pertaining to this issue, rendering this motion to compel a non-issue and a misuse of judicial resources.

Therefore, Defendants respectfully request the Court to deny Plaintiff's motion to compel.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Legal Standard

Federal Rules of Civil Procedure 26 defines the scope of permissible discovery.

> Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Fed. R. Civ. Proc. 26(b)(1)* (emphasis added). In bringing a motion to compel, the party seeking the motion to compel discovery has the burden of establishing that it is entitled to the requested discovery and it complies with the proportionality and relevance requirements of Rule 26. *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, No. CV F 09-0560 LJO BAM, 2012 U.S. Dist. LEXIS 74000, at *12 (E.D. Cal. May 29, 2012); (*see also Rodriguez v. Barrita, Inc., No. 09-04057 RS-PSG, 2011 U.S. Dist. LEXIS 134079, at *4 (N.D. Cal. Nov. 21, 2011)*). Further, the moving party must establish why the defendant's objections are not justified. *Bryant v. Thomas*, No. 09cv1334-WQH (MDD), 2012 U.S. Dist. LEXIS 77176, at *4 (S.D. Cal. June 1, 2012).

The attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The party asserting the privilege has the burden of establishing the relationship and privileged nature of the communication. *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997).

///
///
///

### III. PLAINTIFFS' DISCOVERY REQUEST ARE OVERLY BROAD

Courts have the duty to pare down overbroad discovery requests under Rule 26(b)(2), which provides that information may sometimes be withheld, even if relevant. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Circ. 1990). Plaintiffs' requests are overbroad. Their requests seek "any and all" emails, texts, or documents referencing Sentar or Scilabs. Plaintiffs proposed limitations on the requests to only those made by narrowing the identity of the sender to Edalat, Barghi and Kaprinski. These requests are overbroad even considering Plaintiffs' proposed limitations. (*See,* Docket No. 193, Exhibit D).

The requests should be limited to emails from the individual Defendants regarding Sentar or Scilabs made to Plaintiffs, or other Pharma Pak investors, only. Emails and documents from Defendant Edalat, Barghi or Karpinski to outside investors, manufacturers, suppliers, personal contacts, or other persons not affiliated with this litigation are not relevant to the narrow issue of whether Edalat, Barghi or Karpinksi were acting as agents of Defendant EFT Global Holdings, Inc. and trying to induce Plaintiffs' investment to Plaintiff Pharma Pak, Inc.

That EFT Global Holdings' Motion to Dismiss was denied by the Court does not have bearing on this discovery issue. The Court's order, however, supports a finding that the issue tethering EFT to this litigation is whether its agents made fraudulent statements to induce Plaintiffs to invest in Pharma Pak. Thus, any discovery subject to Federal Rules of Civil Procedure Rule 26 should be relevant and proportional to the needs of the case. Requesting *all* emails from Defendants Edalat, Barghi and Karpinski regarding Sentar or Scilabs is neither relevant nor proportional to the needs of the case. As such, the Court should deny Plaintiff's Motion to Compel.

///

///

///

///

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL TO PRODUCE DOCUMENTS**

## IV. PLAINTIFFS HAVE ALL NON-PRIVILEGED DOCUMENTS

Under FRCP Rule 26(a)(1)(A)(ii), Defendants have produced a copy of all documents and tangible things that they have in their possession, custody, or control that may be used to support their claims or defenses. Defendants' have produced all non-privileged communications subject to this discovery dispute.

## V. PROPOSAL

Plaintiffs' request is overbroad in seeking all communications in their requests. Most of the communications are protected by the attorney-client privilege. The other documents have been produced in the initial disclosures. However, Defendants propose:

All emails between 6/01/15 through 2/15/16, between Olivia Karpinksi and Plaintiffs, sent or received from the email address "Olivia@sentarpharma.com"

All emails between 1/01/15 through 2/15/16, between Farah Barghi and Plaintiffs, sent or received from the email address of "Farah@sentarpharma.com"

All emails between 1/01/15 through 2/15/16, between Paul Edalat and Plaintiffs, sent or received from the email address of "Paul@sentarpharma.com"

## VI. CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel to Produce Documents.

Dated: March 17, 2017          **FORD & DIULIO PC**

By: /s/ *Eric V. Ta*
    Kristopher P. Diulio
    Brendan M. Ford
    Tyler E. Sanchez.
    Eric V. Ta

Attorneys for Defendants PAUL PEJMAN EDALAT; OLIVIA KARPINSKI; FARAH BARGHI; SENTAR PHARMACEUTICALS, INC.; and EFT GLOBAL HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2017, I electronically filed the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL TO PRODUCE DOCUMENTS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

 */s/ Kristopher P. Diulio*
Kristopher P. Diulio